IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SANDRA MONTOYA,
on behalf of SM, a minor child, et al.,

        Plaintiffs,

vs.                                       CIVIL NO.  10-651 WJ/LFG

ESPANOLA PUBLIC SCHOOL
DISTRICT BOARD OF EDUCATION, et al.

        Defendants.

## ORDER GRANTING DEFENDANTS' MOTION
## TO STAY DISCOVERY

THIS MATTER is before the Court on Defendants' opposed Motion to Stay Discovery on the Basis of Qualified Immunity [Doc. 42].  The Court considered the motion and response.  No reply is necessary.

Defendants note that they filed various motions to dismiss asserting, *inter alia*, qualified immunity.  Plaintiffs oppose the motion to stay discovery [Doc. 47], arguing that Plaintiffs have also asserted various state tort claims against Defendants and that discovery should proceed on the state tort claims and, especially, as to those Defendants who cannot assert qualified immunity.

### Analysis

Qualified immunity defenses not only protect government employees who perform discretionary functions from liability, but also protect them from the burdens of trial, including discovery.  Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004); Workman v. Jordan, 958 F.2d 332, 336 (10th Cir. 1992) ("we reiterate that qualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation," *citing* Siegert v. Gilley, 500 U.S. 226 (1991)).

Based on non-binding decisions from the federal District Court of the District of Colorado, Plaintiffs argue that while discovery may be stayed as to defendants who are entitled to raise a defense of qualified immunity, discovery should proceed with respect to other defendants. *See, e.g.,* Rome v. Romero, 225 F.R.D. 640, 643-45 (D. Colo. 2004) (limited discovery allowed); Bustos v. United States, 2009 WL 416511 (D. Colo. Feb. 18, 2009). The Colorado federal court decisions are unpersuasive and inapposite.

In Rome, the defendants did not seek a ruling on the qualified immunity defense until discovery had already been opened. Rome, 225 F.R.D. at 643. The district court held that an assertion of qualified immunity did not automatically bar all discovery, limited discovery could continue as to other claims unrelated to the defense and, in some circumstances, discovery was allowed to elicit facts pertinent to the defense. Id. at 643-44.

Rome, and similar cases relied upon by Plaintiffs, are examples of the unsettled status of law that existed prior to the United States Supreme Court's decision in Ashcroft v. Iqbal, __ U.S. __ 129 S. Ct. 1937 (2009). Like Rome, some courts previously allowed discovery to proceed as to defendants who were not entitled to assert qualified immunity, while other courts stayed all discovery. *See, e.g.,* Sorrells v. City of Dallas, 192 F.R.D. 203, 210 (N.D. Tex. 2000) (limited discovery allowed on issue of municipal liability).

Before Iqbal, there had long been a question as to what discovery to stay or allow when several defendants were sued but only some of whom were entitled to assert qualified immunity. For example, if an individual police officer was sued and the officer's employer, a municipality, was sued based on municipal liability, the officer could assert qualified immunity, but the municipality could not. It was not always clear how requests for a stay of discovery as to all defendants should be handled under such circumstances.

However, the uncertainty was laid to rest by the Supreme Court's ruling in Iqbal. In that case, the Supreme Court rejected the argument that discovery should only be stayed as to defendants entitled to raise the defense of qualified.

> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

Iqbal at 1953.

The same principle applies here. If the Court were to permit Plaintiffs to proceed on discovery on the state tort claims or to proceed on discovery against those individuals who cannot assert qualified immunity, the individuals who did assert qualified immunity would be dragged back into the fray. They and their attorneys would have to monitor ongoing discovery; participate in depositions; and keep abreast of all discovery developments to ensure that "the case does not develop in a misleading or slanted way that causes prejudice to their position." Id. at 1953. In having to participate in that discovery, the qualified immunity defendants would lose the very benefit of their immunity defense.

Discovery will be necessary at some point in the proceedings after the Court determines whether the individuals are or are not entitled to the defense. However, the law is clear that when a defendant files a motion for qualified immunity, the defendant is entitled to a stay of discovery.

> Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). The privilege "is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Id.

> Accordingly, qualified immunity questions should be resolved at the earliest possible stage in litigation. Saucier v. Katz, 533 U.S. 194, 201 (2001). "[E]ven such pretrial matters as discovery are to be avoided if possible, as inquiries of this kind can be peculiarly disruptive of effective government." Mitchell, 472 U.S. at 526 (internal quotations omitted).

Jiron, 392 F.3d at 414 (emphasis in original).

In Iqbal, the Supreme Court further clarified the importance of staying discovery for all parties, once a defense of qualified immunity is raised.

> The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including "avoidance of disruptive discovery." Siegert v. Gilley, 500 U.S. 226, 236 (1991) (Kennedy J. concurring in judgment). There are serious and legitimate reasons for this. If a government official is free to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the government . . . .

Iqbal, 129 S. Ct. at 1953.

For the foregoing reasons, the Court determines that Defendants' motion to stay discovery is well-taken and will be granted. All discovery is stayed in this case pending the Court's consideration and disposition of Defendants' motions to dismiss based on qualified immunity.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge