IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SANDRA MONTOYA,
on behalf of SM, a minor child, et al.,

      Plaintiffs,

      vs.                                                          No.  10-cv-651 WJ/LFG

ESPANOLA PUBLIC SCHOOL
DISTRICT BOARD OF EDUCATION, et al.

      Defendants.

### MEMORANDUM OPINION AND ORDER FOLLOWING HEARING ON MAGISTRATE JUDGE'S ORDER GRANTING STAY OF DISCOVERY
### and
### RULING ON ISSUE OF STAY OF DISCOVERY FOR INJUNCTIVE RELIEF CLAIMS

THIS MATTER comes before the Court upon Plaintiffs' Objections to Magistrate Judge's Order Granting Stay of Discovery, filed January 10, 2011 (**Doc. 49**).  On December 22, 2010, Magistrate Judge Lorenzo Garcia's granted a stay in the above-captioned case, pending the Court's resolution of motions based on qualified immunity (**Doc. 48**). However, Judge Garcia's order did not specifically address the appropriateness of a stay with regard to Plaintiffs' claims for injunctive relief.  The Court overruled Plaintiffs' objections in part and set a hearing on the question on this issue (**Doc. 72**).  The Court heard oral argument on the issue of whether a stay based on qualified immunity applies to claims for injunctive relief.  The Court decides that it does not, as long as discovery that is allowed is narrowly tailored for discovery on those claims.

Judge Garcia based his decision to stay the case on *Ashcroft v. Iqbal*, __ U.S. ___, 129 S.Ct. 1937 (2009). The United States Supreme Court in *Iqbal* did not address a stay in the context of injunctive and declaratory relief.  However, there is support for Plaintiffs' position that a stay of discovery is not appropriate for Plaintiffs' injunctive relief claims, particularly in

light of the nature of the requested discovery.

Plaintiffs in this case allege that the system which is in place at the Defendant school system is either nonexistent or ineffective in securing a safe environment for the students who attend the schools. Plaintiffs are in the process of identifying the provisions of the security contract in place and formulating a permanent plan for requested injunctive relief to address those perceived problems. At this point, they seek discovery to preserve documents, including electronic documents, and interrogatories to the school district and other defendants who are not entitled to assert a qualified immunity defense. Plaintiffs' counsel represented that they are not requesting depositions at this time.

## I.   Qualified Immunity is Not Material to Injunctive Relief Claims

Case law from the United States Supreme Court, from this circuit and from other circuits, supports a finding that qualified immunity does not apply to claims for injunctive relief. *See Morse v. Frederick*, 551 U.S. 393, 429 (U.S. 2007) (A "qualified immunity" defense applies in respect to damages actions, but not to injunctive relief.); *Hammons v. Saffle*, 348 F.3d 1250, 1258 (10th Cir. 2003) (qualified immunity applies only to claims for damages (citing *Anderson v. Creighton*, 483 U.S. 635, 646 (1987) and *Kikumura v. Hurley*, 242 F.3d 950, 962-63 (10th Cir.2001)); *Meiners v. University of Kansas*, 359 F.3d 1222, 1233 (10th Cir. 2004) ("Qualified immunity applies to claims for monetary relief against government officials in their individual capacities, but it is not a defense against claims for injunctive relief against officials in their official capacities."); *Tubbesing v. Arnold*, 742 F.2d 401, 404 (8th Cir.1984) (the defense of qualified immunity is "totally immaterial" to claims for injunctive relief).

In *Lugo v. Alvarado*, the First Circuit held that equitable claims stand on a different footing than damage claims, and thus a district court could permit discovery as to those claims.

819 F.2d 5 (1st Cir. 1987). In that case, the First Circuit found that the defendant (a public official) was not entitled to stay a stay of discovery pending resolution of claim of qualified immunity where plaintiff had also requested injunctive relief, making defense of qualified immunity immaterial. The court reasoned that a blanket stay of all discovery could curtail a civil rights plaintiff's opportunity "to present an adequate opposition to the [qualified immunity] motion itself or to even gather and present evidence at a preliminary injunction hearing while the typical defendant in this case will greatly enjoy the advantage of a greater access and control over the evidence. . . ." *Id*. The court also noted that the district court had left open the possibility for a protective order if plaintiff engaged in any discovery that was "oppressive, unnecessary or disruptive of the public official's functions" (citing *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). The First Circuit continued to follow *Lugo* in a more recent case, *Hegarty v. Somerset County*, in which the court noted that the case at bar was "one for money damages only and does not request injunctive relief, as to which a defense of qualified immunity is immaterial." 25 F.3d 17, 18 & n.2 (1st Cir. 1994) (citing *Lugo*, 819 F.2d at 5).

The very nature of the qualified immunity defense is to protect government officials from civil damages, and not from claims seeking injunctive relief. *See, e.g., Gomes v. Wood*, 451 F.3d 1122, 1134 (10th Cir.2006) (Qualified immunity generally shields from liability *for civil damages* government officials performing discretionary functions insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known) (emphasis added); *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009) (Qualified immunity "protects governmental officials from liability *for civil damages* insofar as their conduct does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'") (emphasis added).

Defendants acknowledge that qualified immunity is not a defense for claims against officials in their official capacities, *see Meiners*, 359 F.3d at 1232 n.3, but argue that a claim for injunctive relief is the same as a claim for municipal liability where a plaintiff must still show a violation of a constitutional right. *See also Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (an action filed against a state official in his or her official capacity "is simply another way of pleading an action against an entity of which an officer is an agent."). The Court is not persuaded by this argument, and finds that Defendants' analogy only strengthens Plaintiffs' position under the circumstances. Plaintiffs are seeking discovery only as to the entities – which are not entitled to the qualified immunity defense – and not against the individual Defendants, who are entitled to the defense. Further, by definition, qualified immunity protects an official's conduct if the law is not clearly established, or where a reasonable official would not understand that his conduct violated clearly established law. As Plaintiffs points out, this standard is immaterial to the injunctive relief standard, where the analysis is based on what the law actually is rather than what a defendant might at one point reasonably have thought the law to be.

## II.     Discovery Should be Limited

The Court will therefore allow discovery which will be limited both as to scope and participation. For this purpose, the Court refers the parties to the Magistrate Judge for a more detailed discovery plan which will comport with the following requirements and limitations:

- Plaintiffs may engage in discovery through interrogatories and document requests pertaining to the preservation of documents which may be relevant to this case;
- Such discovery may be directed only to those defendants who are in this case solely for injunctive relief purposes and have knowledge of facts in this case which are relevant to Plaintiffs' claims for injunctive relief;

- Further, discovery not be propounded to the individual defendants who are entitled to the qualified immunity defense.

The limitations on discovery which the Court is imposing will afford Plaintiffs an opportunity to pursue the necessary discovery for their claims for injunctive relief, and at the same time allow the individual defendants who are entitled to assert qualified immunity to avoid the burdens of discovery. *See Iqbal* at 1953.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE