**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

Sandra Montoya, on Behalf of her Minor Child,
S.M., Rebecca Archuleta, on behalf of her
Minor Child, E.S., Bernadette Gallegos on behalf of
her Minor Child R.P., Charlene Guinn, on behalf
of her Minor Child S.V., Andrea Serna on behalf of
her Minor Child C.G., Jerry and Michelle Trujillo
on behalf of their Minor Child, G.T., Elizabeth McCall-Guinn on
behalf of her Minor Child, S.M.G., and, Rosa Contreras, on
behalf of her Minor Children, M.P., and E.P.,
all others similarly situated,

       Plaintiffs,

  vs.                                                                                          No. CV 10-651 WPJ/LFG

Española Public School District Board of Education,
Española School Board Members Joann V. Salazar,
Floyd Archuleta, Andrew J. Chavez, Leonard J. Valerio,
and Jose I. Archuleta, in their individual capacities;
Superintendent Dr. David Crockerham, in his individual and official capacity;
Superintendent Janette Archuleta, Associate Superintendent
Dorothy Sanchez, Española Valley High School Principal
Bruce Hopmeier, Española Valley High School Assistant
Principal Devanna Ortega, Española Valley High School
Assistant Principal Dolores Guzman, Carlos Vigil Middle
School Principal Ben Gurule, Carlos Vigil Middle School
Seventh Grade Principal Lewis Johnson, Carlos Vigil Middle
School Assistant Principal Dennis Gallegos, in their individual capacities;
City of Española Police Officers Brian Martinez and Danny Pacheco,
in their individual capacities; Elias Coriz and Cheryl Montoya,
individually and as owners of Big Ross, Inc. d/b/a ProSec Services;
Big Ross Security Guards Geraldine Martinez, Jason Archuleta,
Marty Valero, John Does 1-6; and,
all similarly situated Big Ross Security Guards,

       Defendants.

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS and EXTENDING TIME FOR SERVICE**

THIS MATTER comes before the Court upon a Motion to Dismiss for Insufficient Service of Process, filed February 3, 2011 by City of Espanola Police Officers Brian Martinez and Danny Pacheco (**Doc. 70**).[1]  Having considered the parties' briefs and the applicable law, I find that Defendants' motion is not well-taken and is, therefore, denied.

## Background

Plaintiffs in this case bring claims on behalf of their children and similarly situated children challenging the violations of their children's substantive due process rights, free speech, equal protection rights, and inherent rights, including the right to be free from unreasonable search and seizure and the right to bodily integrity.  Plaintiffs allege that Defendants have created a dangerous environment for its students and that they have taken little or no action to prevent attacks on students by other students.  The Amended Complaint (Doc. 5) asserts violations of the New Mexico and United State Constitutions, federal statutory law and state common law.  Plaintiffs seek declaratory and injunctive relief, compensatory and punitive damages, and also seek to certify this action as a class action pursuant to New Mexico Rule of Civil Procedure 23(b)(2).

The Complaint was filed on July 9, 2010.  Summons was issued for Defendant Pacheco on July 12, 2010, and for Defendant Martinez on August 24, 2010).  The 120-day period for effecting service on Defendant Pacheco was November 9, 2010, and for Defendant Martinez was

---

[1] Notice of Completion of Briefing was filed on March 17, 2011 (Doc. 85).

on December 22, 2010. Fed.R.Civ. P. 4(m).[2] Both Defendants are police officers with the Espanola Police Department. Am. Compl., ¶ 9. On October 25, 2010, summonses for Defendants, were delivered to the Espanola Police Department in Espanola, New Mexico and left in the possession of a receptionist for the Police Department, Ms. Trinnie Velasquez. Docs. 7 & 8 (Returns of Service).[3] Defendants contend that service on Ms. Velasquez does not satisfy service requirements under Fed.R.Civ.P.4(e).

## Discussion

In this motion, Officers Martinez and Pacheco ("Defendants" for purposes of this motion) seek dismissal of the complaint based on Plaintiffs' failure to properly serve them with a summons and complaint within the 120-day period after summons was issued by the Court. Valid service of process is a prerequisite to district court's assertion of personal jurisdiction over a defendant. *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987); *Peay v. BellSouth Medical Assistance Plan* 205 F.3d 1206, 1209 (10th Cir. 2000). Thus, a challenge to the sufficiency of service is a challenge to the Court's exercise of personal jurisdiction over a defendant. Rule 4(e) of the Federal Rules of Civil Procedure further requires that the summons be served together with a copy of the Complaint by either personal service upon the individual, or by leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or by delivering a copy to

---

[2] The 120-day period expires on different dates because Defendant Martinez was named in the Amended Complaint, but not the first. While the first summons was issued around the filing of the original complaint, and the second was issued on the day the amended complaint was filed, both summonses were served with copies of the amended complaint.

[3] In the response brief, Plaintiffs state that the summonses were served upon Ms. Velasquez on September 25, 2010. Doc. 75 at 6. However, the actual date on the summonses is "10/28/10."

an agent "authorized by appointment or by law" to receive service of process. *See* Fed.R.Civ.P. 4(e)(2).[4] Under the federal rules, service may also be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Rule 4(e)(1).

Plaintiffs concede that service was not effected within the 120-day period, but they contend that a permissive extension under Rule 4(m) is warranted. Under Rule 4(m), upon a showing of good cause by a plaintiff, a court is required to extend time for service. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir.1995) (quoted in *Sanders v. Southwestern Bell Telephone, L.P.*, 544 F.3d 1101, 1111 (10th Cir. 2008)). Good cause requires at least a showing of good faith and a reasonable basis, beyond the plaintiff's control, for failing to comply with the time specified for service under the federal rules. *See Lepone-Dempsey v. Carroll County Com'rs* 476 F.3d 1277, 1281 (11th Cir. 2007) (good cause exists "only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service."). Good faith does not exist here. It should have been clear to Plaintiffs' counsel that service would not be valid upon Defendants by serving Ms. Velasquez under a plain reading of the federal rules governing service.

However, even where good cause is not shown, and where a plaintiff demonstrates excusable neglect, a court may exercise its discretion in allowing an extension of time for service, or dismissing the case without prejudice. *Espinoza*, 52 F.3d at 841.

In this case, Plaintiffs served the summons and complaint upon Ms. Velasquez before the

---

[4] Defendants Martinez and Pacheco have been sued in their individual capacities only. Thus, service is still required for service to be effected on them in their individual capacities. *McCaslin v Cornhusker State Indus.*, 952 F.Supp. 652, 658-59 (D.Neb. 1996).

120-period expired. On December 2, 2010, Plaintiffs' counsel contacted Espanola City Attorney Frank Coppler by e-mail, stating that they would refrain from seeking a default judgment against Defendants Pacheco and Martinez in order to allow more time for Defendants to file answers. Mr. Coppler responded to Plaintiffs on December 6, 2010 and explained that Defendants had only recently turned in their summonses to the City of Espanola, and thus the City's legal dept only recently turned over the complaints to the City's insurance provider. On December 17, 2010 and January 12, 2011, Plaintiffs again contacted Mr. Coppler to check on the status of their answers being filed. There was no response to these e-mails. Instead, on February 3, 2011, Defendants filed this motion.

Considering all the circumstances, the Court finds that granting an extension of time for service is an appropriate use of its discretion under Rule 4(m). Plaintiffs's attempt at service was within the 120-day period. Plaintiffs note that Ms. Velasquez accepted service of the Summons for both Defendants and did not indicate to the process server that she was not authorized to accept service for either of the Defendants. Further, Plaintiffs' counsel was diligent in contacting legal counsel for Defendants to determine when an answer would be filed prior to the expiration of the deadline (at least with regard to Defendant Martinez). Defendants' explanation for the delay in the filing of the answer could be viewed as providing some assurance regarding the receipt of notice. Defendants argue that actual notice of the summonses and complaint is not a substitute for written notice. *See Love v. Hayden*, 757 F.Supp. 1209, 1211 (D.Kan.,1991) ("Neither actual notice nor simply naming the person in the caption of the complaint will subject defendant to personal jurisdiction if service was not made in substantial compliance with Rule 4."). Even so, because it appears that Defendants Martinez and Pacheco received actual notice, the Court finds that Defendants have not been prejudiced by Plaintiffs' failure to comply with

the requirements for service within the time allowed under Rule 4(m).  Thus, they would not be prejudiced by the Court granting an extension of time to Plaintiffs in which to effect proper service.

**THEREFORE, IT IS ORDERED** that the motion to Dismiss for Insufficient Service of Process filed by City of Espanola Police Officers Brian Martinez and Danny Pacheco **(Doc. 70)** is hereby DENIED for reasons described in this Memorandum Opinion and Order;

**IT IS FURTHER ORDERED** Plaintiffs are granted an extension of time until *Wednesday, April 13, 2011* in which to effect service on Defendants Martinez and Pacheco according to the federal rules governing service on an individual.

_____
UNITED STATES DISTRICT JUDGE