# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

Sandra Montoya, on Behalf of her Minor Child,
S.M., Rebecca Archuleta, on behalf of her
Minor Child, E.S., Bernadette Gallegos on behalf of
her Minor Child R.P., Charlene Guinn, on behalf
of her Minor Child S.V., Andrea Serna on behalf of
her Minor Child C.G., Jerry and Michelle Trujillo
on behalf of their Minor Child, G.T., Elizabeth McCall-Guinn on
behalf of her Minor Child, S.M.G., and, Rosa Contreras, on
behalf of her Minor Children, M.P., and E.P.,
all others similarly situated,

       Plaintiffs,

  vs.                                                                                        No. CV 10-651 WPJ/LFG

Española Public School District Board of Education,
Española School Board Members Joann V. Salazar,
Floyd Archuleta, Andrew J. Chavez, Leonard J. Valerio,
and Jose I. Archuleta, in their individual capacities;
Superintendent Dr. David Crockerham, in his individual and official capacity;
Superintendent Janette Archuleta, Associate Superintendent
Dorothy Sanchez, Española Valley High School Principal
Bruce Hopmeier, Española Valley High School Assistant
Principal Devanna Ortega, Española Valley High School
Assistant Principal Dolores Guzman, Carlos Vigil Middle
School Principal Ben Gurule, Carlos Vigil Middle School
Seventh Grade Principal Lewis Johnson, Carlos Vigil Middle
School Assistant Principal Dennis Gallegos, in their individual capacities;
City of Española Police Officers Brian Martinez and Danny Pacheco,
in their individual capacities; Elias Coriz and Cheryl Montoya,
individually and as owners of Big Ross, Inc. d/b/a ProSec Services;
Big Ross Security Guards Geraldine Martinez, Jason Archuleta,
Marty Valero, John Does 1-6; and,
all similarly situated Big Ross Security Guards,

       Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO CLARIFY WITH RESPECT TO THE DISMISSAL OF COUNTS VI AND VII OF AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATIVE RELIEF**

THIS MATTER comes before the Court upon Plaintiffs' Motion to Clarify Court's Order

Striking Amended Complaint in Part, filed May 31, 2011 **(Doc. 136)**.  Having considered the

parties' briefs and the applicable law, I find that Plaintiffs' motion is well-taken and will be granted. In light of the Court's ruling on this motion in favor of Plaintiffs, no reply is necessary.

## Background

This is a civil rights case brought on behalf of nine student-plaintiffs who were enrolled at either Española Valley High School or Carlos Vigil Middle School in northern-central New Mexico. Plaintiffs allege negligence, third-party beneficiary claims of breach of contract and breach of implied contract, and violations of various rights under the New Mexico and U.S. Constitutions. They assert that the school administration is apathetic about school safety, and that the Defendants have created a dangerous environment for its students and have taken little or no action to prevent attacks on students by other students. Plaintiffs also allege that Big Ross Security has profited economically by providing security officers who lack training and experience and engage in behavior that endangers students, faculty and staff.

The Court recently granted the School Defendants' motion to dismiss Plaintiff E.P.'s Amended Complaint, dismissing all claims brought by Rosa Contreras on behalf of her son E.P. against those Defendants.[1] Doc. 123. The Court subsequently noted that other Plaintiffs had the same legal issues in common with certain claims which had been dismissed. For that reason, the Court dismissed Counts II (Breach of Contract and Breach of Implied Contract and Third Party Beneficiary Claim); Counts VI and VII (Violations of State Constitutional Rights seeking declaratory and injunctive relief). Those claims were dismissed from all dispositive motions

---

[1] Although E.P. is one of the students on whose behalf this lawsuit was filed, the Court refers to E.P. as "Plaintiff" herein for ease of reference.

The "School Defendants" are: Defendants Española Public School District Board of Education, Joann V. Salazar, Floyd Archuleta, Andrew J. Chavez, Leonard J. Valerio, Jose I. Archuleta Janette Archuleta, Dorothy Sanchez, Bruce Hopmeier, Devanna Ortega, Dolores Guzman and Ben Gurule, Lewis Johnson, Dennis Gallegos and Dr. David Cockerham ("School Defendants" or "Defendants"for purposes of this motion).

which were then pending. Doc. 124 (dismissing Counts II, VI and VII of the Amended Complaint in Docs. 24, 26, 27, 28, 29, 30, 31 and 32).

The Court also found pleading deficiencies on the part of Plaintiffs' counsel particularly with regard to the assertion of federal claims. The Court entered an Order striking those portions of the Amended Complaint which were not relied on by the Court in ruling on the School Defendants' motion to dismiss with regard to Plaintiff E.P. , and ordered Plaintiffs to re-file the Amended Complaint. Doc. 125. The instant motion requests clarification of that Order with respect to the dismissal of Plaintiffs' injunctive relief claims brought under the New Mexico Constitution as pled in Counts VI and VII of the Amended Complaint.

## Discussion

Plaintiffs acknowledge the requirement of an express waiver of sovereign immunity in order to bring suit for damages against Defendants for violations of the state constitution under the New Mexico Tort Claims Act ("Tort Claims Act"). However, they contend that Defendants may be sued for violations of the state constitution as long as money damages are not sought, regardless of whether a waiver exist under the Tort Claims Act. *See, e.g.,* Doc. 62 at 6. Thus, because they intend to pursue injunctive relief in Counts VI and VII, and those claims are not barred by the Tort Claims Act, Counts VI and VII should not have been dismissed in their entirety.

**I.  Legal Standard**

Plaintiffs based their request on Fed. R. Civ. P. 60, which allows a court to relieve a party from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or

3

misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated;  or  applying it prospectively is no longer equitable;

or

(6) any other reason that justifies relief. . . .

## II.     Analysis

In opposing Plaintiffs' motion, Defendants make several arguments.  First, Defendants contend that the language in the Court's Orders was plain and clear, dismissing with prejudice Counts II, VI and VII of the Amended Complaint as to all Plaintiffs.  Thus, Defendants argue, the Court's Orders require no clarification.

The reason for the Court's dismissal of Counts VI and VII was Plaintiff's failure to respond to Defendants' argument, and failure to identify a provision in the Tort Claims Act that waives sovereign immunity for the state constitutional claims Doc. 123 at 11.  The basis for the Court's dismissal of Counts VI and VII did not concern the issue of whether claims for injunctive relief under the Tort Claims Act may proceed without a specific waiver of sovereign immunity. Because the Court never addressed that issue, Plaintiffs' request for clarification is not untenable.

Next, Defendants contend that the Court should not allow Plaintiffs a second chance to respond to any of Defendants' arguments supporting dismissal of Counts VI and VII of the Amended Complaint, relying on this Court's local rule which states that a failure to respond to a motion "constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b).  This argument does not apply in these circumstances. Defendants sought dismissal of Plaintiff E.P.'s state constitutional claims based on a lack of Article III standing, and a failure to identify a specific

4

waiver of sovereign immunity in the Tort Claims Act for those claims. Doc. 25 at 8. Defendants' briefs offered no legal argument concerning whether a specific waiver was necessary for claims requesting injunctive relief only.  *See* Docs. 25 or 95.   Plaintiffs cannot be penalized for failure to address an issue that Defendants did not raise.  *See* Doc. 60 (Response). Nor can Plaintiffs reargue an issue that has never been argued.[2]

Finally, the Court disagrees with Defendants' claim that there is no basis for relief under Rule 60(b)(6), at least in part. Plaintiffs request relief under Rule 60's "catch-all" category, subsection (b)(6), which includes "any other reason that justifies relief."  This "catch-all" category and the preceding five categories are mutually exclusive.  If the reason for which relief is sought fits within one of the five specific categories (even though the facts fail to meet the prerequisites for that relief), the "catch-all" category will not permit relief.  *See Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863-864 (1988).  The Court finds that relief is more appropriately available under Rule 60(b)(1).  Relief under this category may be granted for mistakes by any person, not just a party, and even legal errors by the court.  *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009).  Thus, relief may not be available under Rule 60(b)(6), but Defendants are incorrect that relief is not available under Rule 60(b) at all.

Relief would also be available in a motion to reconsider. The Federal Rules of Civil Procedure do not provide a mechanism pursuant to which a party may file a "motion to reconsider."  *United States v. Emmons*, 107 F.3d 762, 764 (10th Cir.1997).  When reconsideration is sought from an interlocutory order such as a summary judgment, that motion

---

[2]  The Court notes that Defendants did raise the Tort Claims Act / injunctive relief issue in other pending motions regarding other student/plaintiffs. *See, e.g.*, Doc. 24 (motion seeking dismissal of Counts VI and VII with regard to Plaintiff C.G.). The Court has not ruled on any of these motions because the motions were denied without prejudice subject to re-filing, following the re-filing of a revised Amended Complaint.  Doc. 125.

5

is treated as a request for the district court to revisit its earlier ruling. *See Jones v. Bernanke*, 557 F.3d 670, 678 (C.A.D.C.,2009). Based on Plaintiffs' intention, with the Court's permission, to include state constitutional claims seeking injunctive relief only, the motion can fairly be characterized also as a motion to reconsider.

A motion to reconsider is appropriate where a "court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning, but of apprehension." *Huff v. UARCO, Inc.*, 925 F.Supp. 550, 561 (N.D.Ill. 1996).[3] In this case, the Court's dismissal of Plaintiffs' state constitutional claims in Counts VI and VII of the Amended Complaint was proper with regard to claims for money damages. Extending this ruling to claims seeking injunctive relief would be premature because the issue was not briefed by the parties or addressed by the Court.

## Conclusion

In sum, the Court finds and concludes that Plaintiffs' motion shalll be granted because the Court's dismissal of Counts VI and VII in the Amended Complaint was premature with regard to claims seeking injunctive relief. However, counsel for both sides are advised that the Court's granting of this motion in no way passes on the merits of Plaintiffs' claims for injunctive or declaratory relief in Counts VI and VII in a future amended complaint.

Plaintiffs' motion requests clarification of the dismissal of Counts VI and VII. Parties should not infer from the Court's ruling on this motion anything more than a finding that dismissal of Counts VI and VII was premature if Plaintiffs seek injunctive relief only, nor should the Court's ruling be construed as a finding that dismissal of such claims would be legally

---

[3] Motions to reconsider are rejected if they simply revisit issues already addressed by the Court. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992). Such is not the case here, where the Court has not addressed the issue related to injunctive relief claims under the Tort Claims Act.

unfounded.  In the instant motion, Plaintiffs offer legal argument to support their position that Counts VI and VII may proceed without a specific waiver in the Tort Claims Act.  I make no findings here as to the merits of this argument and leave consideration of that argument for a time when the parties brief the issue in a motion properly before the Court.

    **THEREFORE,**

    **IT IS ORDERED** that  Plaintiffs' Motion to Clarify Court's Order Striking Amended Complaint in Part **(Doc. 136)** is hereby GRANTED for reasons described in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE