IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Sandra Montoya, on Behalf of her Minor Child,
S.M., Rebecca Archuleta, on behalf of her
Minor Child, E.S., Bernadette Gallegos on behalf of
her Minor Child R.P., Charlene Guinn, on behalf
of her Minor Child S.V., Andrea Serna on behalf of
her Minor Child C.G., Jerry and Michelle Trujillo
on behalf of their Minor Child, G.T., Elizabeth McCall-Guinn on
behalf of her Minor Child, S.M.G., and, Rosa Contreras, on
behalf of her Minor Child M.P., and all others similarly situated,

   Plaintiffs,

 vs.               No. CV 10-651 WPJ/LFG

Española Public School District Board of Education,
Española School Board Members Joann V. Salazar,
Floyd Archuleta, Andrew J. Chavez, Leonard J. Valerio,
and Jose I. Archuleta, in their official capacities;
Superintendent Janette Archuleta, Associate Superintendent
Dorothy Sanchez, Española Valley High School Principal
Bruce Hopmeier, Española Valley High School Assistant
Principal Devanna Ortega, Española Valley High School
Assistant Principal Dolores Guzman, Carlos Vigil Middle School
Seventh Grade Principal Lewis Johnson, Carlos Vigil Middle
School Assistant Principal Dennis Gallegos, in their individual capacities;
City of Española Police Officers Brian Martinez and Danny Pacheco,
in their individual capacities; Elias Coriz and Cheryl Montoya,
individually and as owners of Big Ross, Inc. d/b/a ProSec Services;
Big Ross Security Guards Geraldine Martinez, Jason Archuleta,
Marty Valero, John Does 1-4; and, all similarly situated
Big Ross Security Guards,

   Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO STRIKE IN PART and
STRIKING SECOND AMENDED COMPLAINT**

THIS MATTER comes before the Court upon the School Defendants' Motion to Strike

1

the Second Amended Complaint, filed July 1, 2011 **(Doc. 147)**.[1]  Having considered the parties' briefs and the applicable law, I find that Defendants' motion is well-taken in part, and will be granted in that the Court will strike the Second Amended Complaint.

## I. Defendants' Motion To Strike

On April 4, 2011, the Court struck Plaintiffs' Amended Complaint based on certain pleading deficiencies.  Doc. 125.  Plaintiffs were allowed to re-file the pleading, which they did on June 7, 2011.  Doc. 140.  In the instant motion, Defendants contend that Plaintiffs have failed to comply with the Court's directives in the Order which allowed Plaintiffs to re-file the Amended Complaint.

### A. <u>Failure to Identify Plaintiffs' Claims</u>

In the Court's Order allowing Plaintiffs to re-file the Amended Complaint, Plaintiffs were required to "identify each and all Plaintiffs who are alleging that claim."  Doc. 125 at 3. Defendants contend that there is still some confusion regarding certain claims asserted by some of the Plaintiffs, and the Court agrees with this assessment.  Plaintiffs' response clears up some of the confusion, but not all.  For example, the response states that neither Plaintiff S.M. or Plaintiff M.P. are bringing Fourth Amendment excessive force claims against the Defendant Board.[2]  Incredibly, however, the "corrected" charts for both S.M. and M.P., attached by

---

[1] The School Defendants (or "Defendants" for purposes of this motion) are as follows: Defendants Española Public School District Board of Education, Joann V. Salazar, Floyd Archuleta, Andrew J. Chavez, Leonard J. Valerio, Jose I. Archuleta Janette Archuleta, Dorothy Sanchez, Bruce Hopmeier, Devanna Ortega, Dolores Guzman and Ben Gurule, Lewis Johnson, Dennis Gallegos and Dr. David Cockerham.

[2] The response states that Plaintiff S.M. "brings a claim under Count XI against Defendant Security Guard Geraldine Martinez and not Defendant Board."  Doc. 160 at 5.  It also states that Plaintiff M.P. "does not bring an excessive force claim against Defendant Board or against Defendant Johnson under Count XI."  Doc.160 at 5.

Plaintiffs to the response, still show x's next to the excessive force claim under the column for the Board.  Exs 1 & 4.[3]

The response also states that Plaintiff E.S. asserts § 1983 Equal Protection claims under Count IX against Defendant Security Guard Jason Archuleta, the Board, the Espanola Valley High School Administrators and Big Ross Security. However, the "corrected" chart for Plaintiff E.S. (Ex. 2) names no individuals under the Espanola Valley High School column, nor is there any x mark anywhere in that column. There is yet another discrepancy with regard to Plaintiff E.S.  The response states that E.S. does not seek damages against the Board for unlawful seizure under the Fourth Amendment in Count X, but does seek damages against the Board in Count XIII for municipal liability.  Doc. 160 at 4.  However, the "corrected" chart for E.S. still indicates a claim is being asserted against the Board in Count X.

According to Plaintiffs' representation in the response, Plaintiff G.T. does not allege a claim under Count X for Fourth Amendment unlawful seizure against the Board.  Doc. 160 at 4.  However, the "corrected" chart for Plaintiff G.T. (Ex. 3) still shows an x placed next to the unlawful seizure claim under the column for the Board.

These oversights appear to be the result of sloppy proofreading and are unacceptable for the level of practice that is expected when one files a case in federal court, particularly considering that Plaintiffs have been given a second opportunity to make all the necessary corrections.

---

[3] According to the chart submitted in the Second Amended Complaint, M.P. asserts § 1983 claims against the Board for violations of Procedural and Substantive Due Process, Equal Protection, and Fourth Amendment Excessive Force.  Doc. 140 at 56.  The "corrected" chart for M.P. indicates that M.P. is still asserting these same claims, despite Plaintiffs' statement in the response that M.P. is no longer asserting an excessive force claim against the Board.

B.Failure to Include Facts in Individual Counts

The Court's previous Order also required that:

Each claim or count shall include facts pertaining to each and all Plaintiffs asserting that claim. This inclusion of fact may be satisfied by referring back to the specific factual section on a particular Plaintiff.

Doc. 125 at 3.

Defendants contend that Plaintiffs have inadequately pled the facts within the individual counts. The Court has reviewed all of these contentions, and find that in this regard, the Second Amended Complaint meets the minimal requirements set forth in the Court's Order.

The factual bases for procedural due process claims for both Plaintiffs C.G. and G.T. are adequately pled within Count VII, contrary to Defendants' assertions. *See* Doc. 140, ¶¶ 394, 395. Defendants are unclear as to which school officials are implicated in Plaintiff C.G.'s allegations of substantive due process claims in Count VII. However, it is clear from the separate category of facts for this Plaintiff (Doc. 140, ¶¶ 99-127), that the school officials implicated in this claim includes Dorothy Sanchez, Janette Archuleta and Dennis Gallegos. *See* ¶¶ 109-113. While the Court suggested that reference to the specific factual section related to each Plaintiff would satisfy the Court's Order, such reference was not expressly required by the Order. Also, the identification of individual Plaintiffs within each count is an improvement over the Amended Complaint (Doc. 5) which omitted mention of any specific Plaintiff, and provides sufficient notice to Defendants of the basis for the substantive due process claim being asserted by Plaintiff C.G.

Defendants contend that the procedural due process claims being asserted by Plaintiffs S.M.G. and S.V. in Count VII of the Second Amended Complaint are unclear and contain only conclusory allegations. Defendants also seek to know whether these Plaintiffs intend to bring

4

procedural due process claims against the Board. First, the Court is satisfied that the pleading includes sufficiently specific factual assertions by Plaintiffs S.M.G. and S.V. for procedural due process claims. *See* Doc. 140, ¶¶ 394, 396, 158-184, 185-272. Second, it is clear from the heading in Count VII that *all* Plaintiffs (which would necessarily include Plaintiffs S.M.G. and S.V.) allege claims for injunctive relief against Defendant Board. Similarly, Defendants' question regarding whether Plaintiff M.P. intends to bring a substantive due process claim against the Board in Count VIII is adequately answered by reference to the heading in Count VIII which makes it clear that all Plaintiffs (necessarily including Plaintiff M.P.) are bringing claims for injunctive relief against the Board.

Thus, I find that the Second Amended Complaint meets the requirements of the Court's order with regard to inclusion of sufficient facts within the separate counts.

C.  Inclusion of New Claims, Theories or Parties in New Pleading

The Court's Order precluded Plaintiffs from including new claims, theories or parties in the re-filed Amended Complaint. Defendants contend that Plaintiffs are attempting to resurrect a previously dismissed breach of contract claims. The Court dismissed all Plaintiffs' breach of contract claims asserted against the School Defendants, on the grounds that the same legal issues governed those claims, regardless of the fact pattern. *See* Docs. 123 at 8, 124 at 2.[4] What Defendants object to in the instant motion is that Plaintiff is essentially reasserting the dismissed breach of contract claim against the School Defendants in the context of the substantive due process claim in Count VIII. The Court agrees that Count VIII includes language which is not relevant to any viable substantive due process claim, and is more than vaguely reminiscent of the

---

[4] The breach of contract claims which are now being asserted in the Second Amended Complaint are against Defendant Big Ross, and not the School Defendants.

dismissed breach of contract claim. *See* Doc. 140, ¶ 412 ("Defendant School Board has taken no efforts to ensure that the provisions of the contract between Defendant School Board and Defendant Big Ross Security are fulfilled."). Thus, this part of Count VIII violates the Court's directive to Plaintiffs concerning raising new theories or claims.

D.  John Doe Defendants 1–3

Although Defendants have not raised any issue concerning the John Doe Defendants 1–4, the Court makes an observation in that regard. John Doe 4 is mentioned in the chart pertaining to Plaintiff G.T. Doc. 140 at 36. However, John Does 1-3 are mentioned in the Second Amended Complaint, but it unclear as to where these Defendants belong in the context of specific claims or counts. Plaintiffs need to advise the Court in writing why these Defendants should not be dismissed, or advise the Court which Plaintiffs are asserting claims against these Defendants, and what those claims are.

Further, Plaintiffs are reminded that "John Doe" pleadings cannot be used to circumvent statutes of limitations, because replacing a "John Doe" with a named party "in effect constitutes a change in the party sued." *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004) (holding that plaintiff's substitution of named defendants for the original unknown "John Doe" defendants amounted to adding a new party). Thus, at some point in the litigation, Plaintiffs will be expected to substitute "John Doe" with an actual named Defendant.

**II.  Second Amended Complaint Will Be Stricken**

In its Order allowing Plaintiffs to file the Amended Complaint, the Court stated that "[w]here Plaintiffs fail to comply with any of the above provisions in the re-filed Amended Complaint, that pleading will be stricken in its entirety." Doc. 125 at 4. The foregoing discussion has identified several areas in which Plaintiffs have not complied with the Court's

6

Order. Plaintiffs have not adequately cleared up the confusion which existed in the Amended Complaint and thus, the Second Amended Complaint will be STRICKEN.

This case is confusing enough due to the number of parties, claims and the various types of state and federal claims alleged. This Court is already overburdened by an enormous case load, driven in part by border-related cases, and it cannot manage this case efficiently with constant interruptions that have nothing to do with the merits of Plaintiffs' claims. My staff has already expended a substantial portion of time piecing together a spreadsheet showing all of the parties and claims and attempting to reconcile (unsuccessfully) the numerous assertions in the Second Amended Complaint with the demonstrative charts included in the pleading. This had to be done because it was clear that the pleading which was supposed to clarify the claims and parties still could not be relied on to be an accurate portrayal of the Plaintiffs and their respective claims. The end result is a spreadsheet generated by the Court, and which is attached as **"Court's Exhibit 1,"** and depicts a complete representation of the claims being asserted by the different Plaintiffs against the different Defendants. The exhibit constitutes what the Court understands the parties and claims to be at this point, including the findings contained in this Memorandum Opinion and Order.[5]

The Court is yet again giving Plaintiffs' counsel a third opportunity to get it right. Plaintiffs' counsel is ordered to do the following:

1. review the findings included in this Memorandum Opinion and Order and respond by formal pleading to the issues on which the Court has raised a question in the category on "Failure to Identify Plaintiffs' Claims";

---

[5] Claims on the spreadsheet are further subdivided into the nature of relief, for example, claims which seek only injunctive or declaratory relief are set apart from claims requesting damages. Also, the Arabic numbers in the spreadsheets correspond to the Roman numerals representing the Counts in the Second Amended Complaint.

2. review the Second Amended Complaint, excluding the breach of contract provision identified by the Court above as not being in compliance with the Court's previous Order precluding Plaintiffs from raising new claims or theories;

3. advise the Court why the John Doe Defendants 1-3 should not be dismissed, and if not, which Plaintiffs are asserting claims against these Defendants as well as a description of those claims;

4. review the Second Amended Complaint thoroughly. If there are additional inconsistencies in the pleading, the onus is on Plaintiffs' counsel to find them, rather than on the Court or defense counsel;

5. review the Court's spreadsheet and advise the Court whether there are any errors or inconsistencies noted on the exhibit, which shall serve as the governing demonstrative exhibit for this case.

Plaintiffs' counsel shall comply with the above directives within **fifteen days (15)** of the entry of this Memorandum Opinion and Order.

Further, Plaintiffs shall re-file the Second Amended Complaint (in the form of a "Third Amended Complaint") within **thirty (30)** days of the entry of this Memorandum Opinion and Order. The re-filed pleading shall *not* include any charts or demonstrative exhibits showing claims of individual Plaintiffs. The Court's spreadsheet of claims will replace all such charts.

Finally, it is suggested that Plaintiffs' counsel undertake a thorough and painstaking review of the re-filed pleading for any other inconsistencies or deficiencies. In the event there are additional rounds of corrections or clarifications that need to be made to the future re-filed pleading (other than those mentioned here), the Court is seriously considering imposing sanctions in the form of attorney fees and costs to opposing party if that party is forced to file a motion pointing out additional deficiencies. Defendants should not have to continually file motions in order to obtain some clarity on the claims they will be expected to defend. The Court may also consider imposing sanctions under the Court's inherent authority if Court staff is required to spend additional time doing what amounts to proofreading of Plaintiffs' complaint.

*See Gonzales et al v. Surgidev Corp.*, 120 N.M. 151, 154 (1995) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123 (1991) (holding that court's inherent powers are governed by the control necessarily vested in courts to manage their own affairs in order to achieve the orderly and expeditious disposition of cases).

## Conclusion

In sum, I find and conclude that Plaintiffs' Second Amended Complaint does not fully comply with the Court's Order (Doc. 125), as described above.  Plaintiffs' counsel is ordered to comply with the above directives within the time allotted in this Order.

**THEREFORE,**

**IT IS ORDERED** that the School Defendants' Motion to Strike the Second Amended Complaint **(Doc. 147)** is hereby GRANTED IN PART with respect to the specific deficiencies noted in the Second Amended Complaint;

**IT IS FURTHER ORDERED** that Plaintiffs' Second Amended Complaint is hereby STRICKEN;

**IT IS FINALLY ORDERED** that Plaintiffs' counsel shall comply with the above directives within the times allotted in these findings.

_____
UNITED STATES DISTRICT JUDGE