# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

Sandra Montoya, on Behalf of her Minor Child,
S.M., Rebecca Archuleta, on behalf of her
Minor Child, E.S., Bernadette Gallegos on behalf of
her Minor Child R.P., Charlene Guinn, on behalf
of her Minor Child S.V., Andrea Serna on behalf of
her Minor Child C.G., Jerry and Michelle Trujillo
on behalf of their Minor Child, G.T., Elizabeth McCall-Guinn on
behalf of her Minor Child, S.M.G., and, Rosa Contreras, on
behalf of her Minor Child M.P., and all others similarly situated,

       Plaintiffs,

  vs.                                                                                No. CV 10-651 WPJ/LFG

Española Public School District Board of Education,
Española School Board Members Joann V. Salazar,
Floyd Archuleta, Andrew J. Chavez, Leonard J. Valerio,
and Jose I. Archuleta, in their official capacities;
Superintendent Janette Archuleta, Associate Superintendent
Dorothy Sanchez, Española Valley High School Principal
Bruce Hopmeier, Española Valley High School Assistant
Principal Devanna Ortega, Española Valley High School
Assistant Principal Dolores Guzman, Carlos Vigil Middle School
Seventh Grade Principal Lewis Johnson, Carlos Vigil Middle
School Assistant Principal Dennis Gallegos, in their individual capacities;
City of Española Police Officers Brian Martinez and Danny Pacheco,
in their individual capacities; Elias Coriz and Cheryl Montoya,
individually and as owners of Big Ross, Inc. d/b/a ProSec Services;
Big Ross Security Guards Geraldine Martinez, Jason Archuleta,
Marty Valero, John Does 1-4; and, all similarly situated
Big Ross Security Guards,

       Defendants.

## MEMORANDUM OPINION AND ORDER DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS COMPLAINT AGAINST DEFENDANT COCKERHAM[1]

---

[1] "Cockerham" is spelled "Crockerham" in the First Amended Complaint's caption and in the text. Plaintiffs' response spells it both ways throughout the pleading. For ease of reference, the Court will use the spelling "Cockerham."

THIS MATTER comes before the Court upon Defendant Cockerham's Motion to Dismiss the Complaint filed against him by all Plaintiffs (**Doc. 33**, filed November 19, 2010). The First Amended Complaint (Doc. 5) names Mr. Cockerham as a Defendant in his individual capacity and also in his official capacity of as Superintendent of the Espanola Schools.  Having considered the parties' briefs and the applicable law, I find that Defendant's motion is rendered moot by the filing of the Second Amended Complaint.

In the instant motion, Defendant moves to dismiss the complaint against him on the basis that the complaint fails to state a claim against him.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accept as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

The Court agrees with Defendants that the First Amended Complaint does not sufficiently allege a claim against Mr. Cockerham under the *Twombly* standard.  Plaintiffs suggest that more discovery is necessary in order to adequately respond to the motion, but more discovery is not an appropriate request.  First, the Court is not looking beyond the allegations in the complaint, and thus there is no need to convert the motion into one for summary judgment. *See Lamb v. Rizzo*, 391 F.3d 1133, 1136 (10th Cir. 2004) (When a party moves to dismiss under Rule 12(b)(6) and the district court relies upon  material from outside the complaint, the court converts the motion to dismiss into a motion for summary judgment).

Second, and more critically, the First Amended Complaint is no longer controlling.  On April 8, 2011, the Court struck the First Amended Complaint, and ordered the Plaintiffs to re-file

the Amended Complaint in order to clarify parties and issues. Parties were allowed to re-file pending motions within a certain period of time, but Mr. Cockerham's motion to dismiss was excepted from the re-filing. Doc. 125 at 5.[2]

Plaintiffs have since re-filed the Amended Complaint, pursuant to this Court's Order. The Second Amended Complaint (Doc. 140) no longer names Mr. Cockerham as a Defendant, and contains no reference to him at all in the text of that pleading. Thus, the Court assumes that Plaintiffs no longer assert claims against Mr. Cockerham. Because it appears that Plaintiffs have voluntarily dismisses Mr. Cockerham from this lawsuit, Defendant's motion to dismiss has become moot.

**THEREFORE,**

**IT IS ORDERED** that Defendant Cockerham's Motion to Dismiss the Complaint filed against him by all Plaintiffs **(Doc. 33)** is hereby DENIED AS MOOT, as described in this Order.

UNITED STATES DISTRICT JUDGE

---

[2] The Court exempted Mr. Cockerham's motion to dismiss from the re-filing order: because it did not seek "the same kind of relief as do the other motions which the Court is denying without prejudice. These motions will be ruled on by the Court in their present form. Doc. 125 at 5.