IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**Sandra Montoya, on Behalf of her Minor Child, S.M.,**

       **Plaintiffs,**

vs.                                               No.  CV 10-651 WPJ/LFG

**Española Public School District Board of Education,**

       **Defendants.**

PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION AND CONSOLIDATED MEMORANDUM TO
DISMISS CLAIMS AGAINST ELIAS CORIZ AND CHERYL MONTOYA

**I.    Defendants Elias Coriz and Cheryl Montoya are Liable for Harming Plaintiffs' Children by Creating a Dangerous School Environment**

Defendants open their Motion and Consolidated Memorandum to Dismiss Claims against Elias Coriz and Cheryl Montoya filed April 11, 2012, asserting that Plaintiffs' claims against Defendants Elias Coriz and Cheryl Montoya should be dismissed with prejudice because Plaintiffs have not pled sufficient factual allegations to establish a claim against them "as individuals."  See (Doc. 230), at pp. 1, 2, 6, 8, ("Motion to Dismiss).   On one hand Defendants concede that Plaintiffs have asserted valid claims against them from as owners and operators of Defendant ProSec Services; yet, still ask the Court to dismiss all of Plaintiffs' claims against Defendants Elias Coriz and Cheryl Montoya "as individuals." (Doc. 230) at p. 2.  The only issue Defendants directly raise is whether Defendants Elias Coriz and Cheryl Montoya can be held *personally liable* based on Plaintiffs' Third Amended Complaint. (Doc. 196) filed October 26, 2011.  Defendants Coriz and Montoya occupied paid positions with ProSec Security.  See Plaintiff's Exhibit 2, "Employer's Quarterly Federal Tax Return," Big Ross Inc (Trade Name)

1

"Prossec Services," (Bate Stamp 000014)(Schedule B: Name of Employee: Coriz, Elias & Montoya, Cheryl).

On page one of Defendants' Motion to Dismiss (Doc. 120) Defendants incorrectly assert that Plaintiffs have pled *only* the following "allegations against Defendants Elias Coriz and Cheryl Montoya, and then on page two proceed to cite the Court to the following paragraphs of Plaintiffs' Third Amended Complaint: 14, 34, 96, 97, 305, 308, 309, 310, 311, 313, 316, 331, 341, 342, 343, 344, 420, and 422. In footnote 1 Defendants purport to summarize Paragraph 34, yet Defendants ignore the factual content of Paragraph 34, and it's subparagraphs: (a-ll) which detail a myriad of misconduct on the parts of Defendants Coriz and Montoya; and, which factually support Plaintiffs' claims of false imprisonment, assault, battery, sexual assault (Count I); breach of third party beneficiary contract (Count II); and Negligence pursuant to New Mexico Common Law (Count IV) . See (Doc. 196-1) (Claims Listed & Count Legend); and Paragraphs 303-311; 312-371; and, 340-344 (Counts I, II, and IV).

## FACTUAL BACKGROUND

Plaintiffs' Third Amended Complaint Paragraph 32 introduces Defendant Elias Coriz, as a former Espanola school board member, who, in 2006, went into the security business with his wife, Defendant Montoya, to provide security services for the Espanola Public Schools. Defendants Coriz and Montoya entered into a Security Services Agreement, as ProSec Security, with Defendant Espanola Public School District, as the "Security Contractor."  See <u>Plaintiffs' Exhibit 1</u>, "Security Services Agreement," attached hereto (Bated Stamped 000001-000009). Defendants Coriz and Montoya are able to secure a lucrative security contract with the Espanola Pubic School District, year after year, in spite of their guards directly harming the very school

children they repeatedly promise to protect by renewing their contract each year. Id. The complaint does not allege a simple mistake on the part of one employee, the complaint alleges a pervasive atmosphere of misconduct, including employees actively encouraging fights and posting the results on You Tube, employees arranging drug transactions, and employees preying on the female student population. In the context of a cauldron of dysfunction, the complaint alleges quite obviously that the defendants who seek dismissal here must have known that their activity and their willful lack of oversight created an explosive setting or, if they were truly oblivious, the jury should, and is able to, impute knowledge to them. Paragraphs 34(a-ll). Plaintiffs have also alleged that the defendants are responsible under the doctrine of respondeat superior, which is in itself a sufficient basis for the defendants to remain in this lawsuit. Paragraphs 34 (a-ll), 303-311.

Defendants Coriz and Montoya have placed their financial wellbeing over the protection of the Espanola public school children.  See Plaintiffs' Exhibit 2, (Bated Stamped 000010-000019), attached hereto,  Defendants' 941 for the First Quarter of 2009 and Schedule B showing  Defendants Coriz and Montoya paid forty-one employees, including themselves, during the First Quarter of 2009, doing business as "Big Ross Inc., Trade Name: Prosec Services."   During three months of the first Quarter of 2009, Defendants Coriz and Montoya paid themselves **$22,500.00** each. Id., at (000017-000018).   In contrast, Pro Sec's next highest paid employee (perhaps a security guard) made **$8,269.26**. Id., at (000014).   The next highest paid employee (perhaps a security guard: **$6,462.50**. Id.  Many of the listed employees were paid less than $500.00.  During this quarter, Defendant Geraldine Martinez made **$4,133.33**. Id., at (000018).   Defendant Jason Archuleta made **$2,793.75**.  Id., at (000017).   The corporation, Pro Sec, is employing the defendants for some reason.  The only logical conclusion is that Coriz and

3

Montoya have a supervisory role over the security guards.  As supervisors, Plaintiffs have naturally sued Coriz and Montoya as individuals.  (Doc. 196) at Paragraphs 14, 15.

Defendants are hiring people who are willing to work for very low hourly wages and paying themselves a very high quarterly salary of $22,500.00 each.  There are many very part time employees on the payroll:  <u>Plaintiff's Exhibit 2</u>, Schedule B- Page #2-3, showing 34 of the disclosed 41 employees being paid less than $1,000.00 during the First Quarter.   Perhaps the pay structure has lead  Coriz and Montoya, as supervisors of Pro Sec, to employ convicted criminals as security guards.  (Doc. 196)(Paragraph 34(j); paraphrasing: (Defendants Cortiz and Montoya hired at least four convicted criminals as security guards in 2009).  As supervisors, Plaintiffs have alleged that Coriz and Montoya have a duty to train and supervise uniformed security guards stationed in the public schools to protect children; yet year after year there are both surveillance and cell phone videos of horrific, student on student gang violence in the hallways and classrooms of the Espanola Schools.  As supervisors, Coriz and Montoya, Plaintiffs alleged, failed to fix broken surveillance cameras and failed to fire or discipline untrained guards, sexually aggressive guards, and guards who promote and celebrate violence between students.  See Paragraphs 34(k-ll).  Plaintiffs allege that the failure to hire and train competent and qualified security guards pursuant to the contract was due to a desire to maximize their salaries under the contract.  In order to be able to pay themselves **$45,000.00** each quarter, Coriz and Montoya knowingly hired unqualified employees and failed to conduct adequate training.  <u>Id</u>.

Paragraphs 34 (a-ll) illustrate that since 2006, Defendants Coriz and Montoya have created a dangerous school environment causing Plaintiffs' injuries and endangering all public school students.  Defendants knew of Plaintiffs' injuries, the injuries of other school children (via parent complaints, surveillance or cell phone video) and have done nothing year after year to

4

improve the plight of these children. The deliberate indifference of Defendants Coriz and Montoya has caused the violence and unconstitutional conduct of their employees to escalate with impunity. (Doc 196) at Paragraph 34(a-ll); Paragraph 35-67 (Untrained and Violent Security Guard Martinez harms female student S.M.); Paragraphs 68-97(Untrained and Sexually Predatory Security Guard Jason Archuleta harms female student E.S.); Paragraphs 98-124)(Security guards promoting violence against women in schools harming female student C.G.); Paragraphs 128-157 (Security guards not trained to follow disabled children's BIP's harming G.T.); Paragraphs 184-272 (Security guards allowing bullying and violence between students to go unchecked harming S.M.G.); Paragraphs 273-302 (Security guards promoting and allowing gang violence in school (276) causing harm to R.P.). Defendants' employees, the Big Ross security guards create and re-create a violent and unsafe atmosphere at the Espanola schools causing serious injury to the very school children they should be protecting. (Doc. 196) Paragraphs 419-422.

   Despite the security contract's requirement concerning the assignment of a mandatory number of guards to the schools, both schools are chronically under-staffed by Big Ross security guards. Paragraph 34(g); and see <u>Plaintiffs' Exhibit 1 (Bate Stamp 000001-000002)</u>. Defendants Coriz and Montoya do not conduct sufficient criminal background checks and regularly hire security guards with criminal records. Paragraph 34(i). Defendants' Security Guard employees have battered, sexually battered, and harassed students; permitted and encouraged violence amongst the students; and promoted the sale of marijuana within the schools. Further, despite being aware of this misconduct Defendants have not taken any remedial measures to address the misconduct. Paragraph 34(k). Defendants' Security Guards employees openly have minor female students pose for cell phone pictures while on duty, and

5

also use video recordings to provoke and celebrate student-on-student violence.  Paragraph 34(n). Defendants' guards encourage students to do drugs with them and encourage fighting between students in areas their guards know security cameras are broken.  Paragraph 34(p) and 34(q).   This activity is, at a minimum, imputed to Coriz and Montoya due to its widespread practice and notoriety and due the complaints of parents.

Plaintiffs' parents have alleged even more specific instances of misconduct illustrating willful breach of Defendants' security contract.  For example, in October 2009, a 17-year-old Special Education student at Española Valley High School was shoved by a security guard as he was walking to class. Paragraph 34(r). This same student is regularly harassed by the same guard who has never been disciplined for the harassment. Paragraphs 34(r-u).  In January 2010, a security guard told one student at Carlos Vigil Middle School to "go into the bathroom to get his ass kicked." The security guard watched as the two students fought.  Paragraph 34(v). Plaintiffs allege that a 16-year-old Special Education student is routinely harassed by security guards at Española Valley High School and these guards have never been reprimanded. Paragraph 34(ff). Plaintiffs allege another student was physically searched by three security guards without contacting his parents or informing him of what they were looking for. Paragraph 34(gg).  When this student told his mother what happened and she complained to school personnel, this student was bullied and harassed by the three security guards in retaliation. Paragraph 34(hh).

On January 14, 2010, Defendant Martinez took Plaintiff S.M., a special education student in eighth grade at Carlos Vigil Middle School into a bathroom, after having another school employee block the doors to threaten the strip search of the 13 year old in violation of her Fourth Amendment Rights to be free from unlawful search and seizure.  This was all because the girl possessed a cell phone.  Paragraphs 35-46. The security guard responsible was never re-trained

or disciplined for causing harm to S.M., who she unlawfully detained and assaulted, or for creating a hostile and unsafe learning environment. Id.

Defendants Coriz and Montoya, d/b/a Big Ross Security created a sexually charged environment in which female students were sexually exploited by young, male security guards who lacked training and supervision. Paragraphs 68-96.   E.S., a young female Special Education student at Española Valley High School reported that she had sexual intercourse multiple times with Defendant Security Guard Jason Archuleta, a Big Ross Security Guard at Española Valley High School. Paragraph 69. Jason Archuleta groomed E.S. while performing his duties as a Security Guard. He lured her to his car where he forced her to have sexual intercourse with him. Paragraphs 68-96.

Defendants' Security Guard employees not only permit and promote violence at the schools, but they actively fraternize with the students creating an unsafe and sexualized environment. Paragraph 34(m).  The facts alleged in the complaint illustrate Defendants were made aware of the unconstitutional and sexually inappropriate practices of their employees, but did nothing to resolve it, which can be construed as a "reaffirmation" of the unconstitutional practices of their guards.  Paragraphs 303-311, 420.

In the instant case, Plaintiffs' complaint does not request the court make assumptions based upon the mere legal conclusion that Defendants had "full notice, or full opportunity to discover the incidents" and deliberately chose to be indifferent to them.  On the contrary, Plaintiffs' complaint sets forth numerous specific factual allegations to form the basis of the claim of deliberate indifference allowing the Court to infer it plausible Defendants were deliberately indifferent to the safety and constitutional rights of the Espanola public school

children and to the individual Plaintiffs for their own profit. *Artau v. Farr*, 2011-U.S. Dist LEXIS 142418, citing *Iqubal*, 129 S. Ct. at 1949.

## Standard for a 12(b)(6) Motion to Dismiss

The only case law cited in Defendants' Motion is *Twombly* and *Iqbal* and those Tenth Circuit cases that address pleading standards to survive a Rule 12(b)(6) motion. (Doc. 230) at p. 6 and 7.   When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court "assumes the truth of the plaintiff's well-pleaded factual allegations and views them in the light most favorable to the plaintiff."  See *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). A complaint survives a motion to dismiss when it "contains 'enough facts to state a claim to relief that is plausible, not merely conceivable, on its face.'" Id. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1969, 167 L. Ed. 2d 929 (2007)).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State School for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)).  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly *citing* Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

## Plaintiffs' Properly Pled Standard for Respondeat Superior

Defendants Elias Coriz and Cheryl Montoya are liable for the tortious acts of their employees as the guards inflicted harm on S.M., E.S., and G.T., and on other students while they

8

were supposed to be acting as guards. (Doc. 196) Paragraphs 303-311. An employer may be liable for the tortious acts of its employees under a *respondeat superior* theory only if the "harm is inflicted while the agent or servant is on duty, on the job, or fulfilling an employment-related mission; and the complained of act is incident to or activated by such service to the master or principal." *Douglas v. Miller*, 2012 U.S. Dist. LEXIS 45096 (W.D. Okla., Mar. 30, 2012)

In New Mexico, courts may hold employers liable under the doctrine of respondeat superior for an intentional tort committed by its employee if the wrongful acts are committed in the course and scope of his or her employment. *McCauley v. Ray*, 80 N.M. 171, 180-81, 453 P.2d 192, 201-02 (1968). An employee's action, although unauthorized, is considered to be in the scope of employment if the action (1) is the kind the employee is employed to perform; (2) occurs during a period reasonably connected to the authorized employment period; (3) occurs in an area reasonably close to the authorized area; and (4) is actuated, at least in part, by a purpose to serve the employer. *Lessard v. Coronado Paint & Decorating Ctr., Inc.*, 142 N.M. 583; 2007 NMCA 122; 168 P.3d 155.

Under the doctrine of respondeat superior, "the critical element for recovery is the employer's prior knowledge of the servant's propensities to create the specific danger resulting in damage." *N.H. v. Presbyterian Church (U.S.A.)* 1999 OK 88, 998 P.2d 592, 600 (Okla.1999).

Plaintiffs' Complaint sufficiently alleges that under theories of *respondeat superior*, Defendants Coriz and Montoya have knowledge of and ultimate responsibility for the actions of their Big Ross employees who acted as their agents and at their direction in the course of their employment with Big Ross, Inc. Plaintiffs allege Defendants Coriz and Montoya should be held liable for the following intentional torts of their employees as sufficiently alleged in the

Complaint. Big Ross Security Guards have battered, sexually battered, and harassed students; permitted and encouraged violence amongst the students; and promoted the sale of marijuana within the schools. Big Ross employees have subjected the Plaintiff children to false imprisonment, assault, and intentionally inflicted emotional distress. Big Ross employees have permitted and encouraged violence amongst the students by encouraging fights between students. Guards are known to have minor female students pose for cell phone pictures while on duty and to use video recordings to provoke and celebrate student-on-student violence. Defendants Coriz and Montoya have not disciplined or reprimanded guards for such acts. Paragraph 34(k).

While Defendants Coriz and Montoya do not seek immunity pursuant to the New Mexico Tort Claims Act, like the school in Clovis where a young asthmatic girl died, the alleged misconduct toward the students of the Espanola public schools goes far beyond a single claim of negligent supervision. Upton v. Clovis Mun.Sc. Dist. 140 N.M. at 210, 141 P.3d 1264. The New Mexico Supreme Court found in *Upton* that the school's conduct went beyond negligent supervision, because (i) the school ignored information that the plaintiffs provided to them; (ii) the school failed to warn the substitute teacher about the student's condition; and (iii) the school failed to follow through with the proper emergency procedures. See Upton v. Clovis Mun. Sch. Dist., 140 N.M. at 210, 141 P.3d at 1264. "These actions and omissions combined to create the dangerous conditions, placing Sarah in a far worse position than reasonable and expected risks of [school] life." Upton v. Clovis Mun. Sch. Dist., 140 N.M. at 210, 141 P3d at 1264 (internal quotation marks omitted).

Likewise, Defendants Coriz and Montoya ignored the information the Plaintiffs provided to them, working with the school district, to place public school children in a far worse position than the run of the mill and "expected risks of [school] life." Id. Even worse they did so to place

more money in their own pockets. Recently, the Honorable Judge Browning denied a the Los Lunas School Board Defendants' Motion to Dismiss Plaintiff's Negligence and found that the child Plaintiff C.H., satisfied rule 12(b)(6) in the matter of <u>C.H., as the parent of R.H., vs. Los Lunas Schools Board of Education,</u> et al, 11 CV 0271 JB/LAM, Memorandum Opinion and Order, (Doc. 50), filed March 23, 2012.

As here, in the Los Lunas matter: "Defendants' actions and omissions went beyond negligent supervision and created a condition with posed a threat to all the young football players on the Valencia High football team." <u>Id</u>., at p. 20. While C.H., could not "in good faith, allege that the Defendants had actual knowledge of hazing at Valencia High School." C.H., satisfied the requirements of rule 12(b)(6) to survive a motion to dismiss because C.H. alleged that "Defendants should have known that hazing occurred among New Mexico high school football teams and that they had a duty of ordinary care to protect those students." <u>Id</u>., at p. 24-25. The Court here too can reasonably infer from Plaintiffs allegations that Defendants knew or should have known about the daily violence facing school children in the Espanola public schools. (citing <u>Herrera v. Quality Pontiac,</u> 134 N.M. at 53, 73 P.3d at 1919, concerning the foreseeable danger that failing to educate the football team about hazing after the Las Vegas incident could create an environment that enables hazing: "Silence with young men – rather than coaching and mentoring --- increases the risk of hazing." <u>Id</u>., at p. 25. Just as silence with young students and silence with young and untrained security guards increases the risk of violent bullying and unconstitutional conduct in the Espanola Valley public schools. Paragraph 34(l).

There should be no question that Plaintiffs sufficiently enumerate the many instances of misconduct by Big Ross employees in the factual allegations of their Complaint. Plaintiffs have also set forth sufficient factual allegations from which the Court could reasonably infer that the

11

Big Ross employees were acting within the scope of their employment when they committed their wrongful conduct toward the Plaintiff children. Big Ross employees conducted themselves in the manner described while in uniform, at the schools, and during school hours. As Defendants Coriz and Montoya failed to discipline or monitor their employees' behavior, and as the guards lacked training, they acted in ways they believed their employers were authorizing them to. Defendants Coriz and Montoya's failure to supervise and discipline ratified the guards' misconduct as alleged by the Plaintiffs. Paragraphs 34(k-ll).

Plaintiffs sufficiently allege facts to support their claims that the Big Ross Security guards, acting at the direction of Coriz and Montoya, failed to prevent the escalation of violence within the Espanola Schools. Id. In fact, Coriz, Montoya and their employees, particularly Defendant guards, have become active participants in causing violence against students in the schools. Plaintiffs allege there is overwhelming evidence of unchecked student on student violence in the schools of which Martinez, Archuleta and other Big Ross security guards are complicit. Plaintiffs' Complaint clearly assert sufficient factual allegations to support their claim that the individual Defendants' conduct towards the Plaintiff Children rose to an egregious level allowing for an award of damages against the individual Defendants Coriz and Montoya. Paragraphs 34(k-ll).

### Standard for Negligent Hiring, Training, and Supervising

Under New Mexico law, "negligence encompasses the concepts of foreseeability of harm to the person injured and of a duty of care toward that person." Herrera v. Quality Pontiac, 134 N.M. at 48, 73 P.3d at 186 (internal quotation marks omitted). Plaintiffs have pled facts sufficient to support their claims that Defendants Coriz and Montoya owed a duty of care to the Plaintiffs, and breached this duty upon repeated intentional choices to hire unqualified

12

employees, not train these employees, and fail to monitor or discipline their security guard employees. See (Doc. 196) at Paragraphs 21b, 32, 34, 34a-l, 66, 96, 152, 156, 309, 313, 314, 316, 317.

Plaintiffs have pled that Defendants' systemic failures have harmed Plaintiffs. (Doc. 196) at Paragraphs 34 (a-ll), 97, 157.  See Lymon v. Aramark Corp., 728 F.Supp.2d 1222 (D.N.M., July 7, 2010)(Browning, J.), and Trujillo v. Salazar, No. 04-0689, 2006 WL 1228827 (D.N.M. Mar. 1, 2006)(Browning, J.).  Plaintiffs' Third Amended Complaint contains sufficient factual matter to state a claim for liability that is "plausible on its face". Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1969, 167 L. Ed. 2d 929 (2007).

In particular, Plaintiffs have alleged specific facts to support their claims of negligent hiring, training and supervision as well as liability pursuant to the doctrine of respondeat superior and breach of contract against individual Defendants' Coriz and Montoya.  Plaintiffs' have set forth factual allegations from which the Court could reasonably infer that Defendants Coriz and Montoya were aware or should have been aware that their practices in hiring and training would foreseeably result in serious harms to the Plaintiff children.  Further, they were aware or should have been aware of the intentional torts committed by their employees in the scope of their duties for Big Ross, Inc. and were deliberately indifferent.  Id.

Plaintiffs' Complaint alleges that Defendants Coriz and Montoya entered into a contract with Espanola Schools that specifically set forth their obligations and duty of care towards the students.  See Plaintiffs' Exhibit 1, "Security Services Agreement."  The contract required Defendants assign a mandatory number of licensed and trained security personnel with excellent backgrounds to the schools, and they supervise and manage guards so as to foster an

environment of support, trust and safety for the school children. The safeguards were in place as it was foreseeable that without them, the Plaintiff children would be harmed. See Paragraphs 312-371. Plaintiffs' Complaint alleges sufficient facts to support their claim that the individual Defendants breached their duty of care to the Plaintiff children. Plaintiffs' complaint alleges facts illustrating that the individual Defendants never upheld the provisions of the Big Ross Security contract. Id.

On the contrary, Plaintiffs' allege Coriz and Montoya have been negligent in hiring, training, and supervising their employees allowing for the creation of a dangerous environment in the Espanola public schools. Plaintiffs' set forth sufficient facts in support of this claim, specifically that the Defendants have not and do not conduct criminal background checks of their Big Ross employees and hire security guards with criminal records. In fact, Defendants have hired multiple security guards with criminal convictions on their records. Further, Defendants hire young and inexperienced security guards, many of whom have recently graduated from Española Valley High School. Defendants Coriz and Montoya have failed again and again to adequately train security guards at the schools, and have failed to monitor and supervise security guards in the schools. Plaintiffs' complaint sufficiently alleges facts supporting their claims that Defendants Coriz and Montoya owed a legal duty of care to the Plaintiff children; that Defendant breached that duty by hiring and managing employees who would foreseeably harm the Plaintiff children, that the Plaintiff children were in fact injured, and the Defendant's breach of duty caused the injury. Defendants put their interests in making money above their duty to keep the Plaintiff children safe and should not be permitted to escape liability for their selfish and greedy misconduct.

**WHEREFORE**, Plaintiffs respectfully request the Court deny Defendants' Motion to Dismiss Plaintiffs' Claims against Defendants Coriz, Montoya, and Martinez as Plaintiffs' Complaint is sufficiently well pled to support the claim.

Respectfully Submitted By:

**Kennedy Law Firm**

*/s/ Shannon L. Kennedy*
Shannon L. Kennedy
Joseph P. Kennedy
1000 Second Street NW
Albuquerque, New Mexico 87102
505.244.1400 fax 505.244.1406

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 30th day of April, 2012, I filed the foregoing electronically through the CM/ECF system, which all interested parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Shannon L. Kennedy*