# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

Sandra Montoya, on Behalf of her Minor Child, S.M.,
Rebecca Archuleta, on behalf of her Minor Child, E.S.,
Bernadette Gallegos on behalf of Her Minor Child, R.P.,
Charlene Guinn, on behalf of her Minor Child S.V.,
Andrea Serna on behalf of her Minor child C.G.,
Jerry and Michelle Trujillo on behalf of their Minor Child, G.T.,
 and Elizabeth McCall-Guinn on Behalf her Minor Child, S.M.G.,
and all others similarly situated,

      Plaintiffs,

    v.                                             No. 10-CV-651 WPJ/LFG

Española Public School District Board of Education,
Superintendent Janette Archuleta, Associate Superintendent
Dorothy Sanchez, Española Valley High School Assistant
Principal Devanna Ortega, Carlos Vigil Middle School
Seventh Grade Principal Lewis Johnson, Carlos Vigil Middle
School Assistant Principal Dennis Gallegos, in their individual
capacities; City of Española Police Officers Bryan Martinez and Danny
Pacheco, in their individual capacities; Elias Coriz and Cheryl Montoya,
individually and as owners of Big Ross, Inc. d/b/a ProSec Services; Big
Ross Security Guards Geraldine Martinez, Jason Archuleta, Defendant
Security Guard John Doe, in their individual capacities,

      Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS BREACH OF THIRD-PARTY BENEFICIARY CONTRACT CLAIMS BY R.P., S.V., C.G., AND S.M.G. AGAINST DEFENDANTS ELIAS CORIZ AND CHERYL MONTOYA, d/b/a BIG ROSS SECURITY

       THIS MATTER comes before the Court upon a Motion to Dismiss Breach of Third Party

Beneficiary Contract Claims by R.P., S.V., C.G., and S.M.G. against Defendants Elias Coriz and

Cheryl Montoya, d/b/a Big Ross Security **(doc. 224)**, filed on April 2, 2012.  Having considered

the parties' briefs and the applicable law, I find that Defendants' motion is well-taken and thus,

shall be **GRANTED**.

**BACKGROUND**

Plaintiffs in this case are students who were enrolled at either Española Valley High School or Carlos Vigil Middle School in northern-central New Mexico.  The Third Amended Complaint ("complaint") brought by the students' parents alleges negligence, third-party beneficiary claims of breach of contract and breach of implied contract, and violations of various rights under the New Mexico and United States Constitutions.  Plaintiffs allege that the school administration is apathetic about school safety, that Defendants have created a dangerous environment for its students, and that they have taken little or no action to prevent attacks on students by other students.  They also allege that Big Ross Security has profited economically by providing security officers who lack training and experience and engage in behavior that endangers students, faculty and staff.   The complaint (doc. 196) asserts violations of the New Mexico and United States Constitutions, federal statutory law and state common law.  Plaintiffs seek declaratory and injunctive relief, compensatory and punitive damages, and also seek to certify this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2).

**DISCUSSION**

The instant motion seeks dismissal of breach of contract claims brought by four of the students, R.P., S.V., C.G., and S.M.G. against the Defendants who provided the security for the schools: Elias Coriz and Cheryl Montoya, d/b/a Big Ross Security ("Defendants" for purposes of this motion).[1]  Defendants contend that Plaintiffs have no standing to bring third party beneficiary breach of contract claims, and as a result have failed to plead these claims with sufficient facts to meet the required legal standards under *Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

[1]  The Court has previously dismissed claims brought by other Defendants against a Plaintiff who is no longer named in the Third Amended Complaint.  (*See* doc. 123 at 19, n.6.)

(2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## I.      Legal Standards

The Constitution limits the subject matter jurisdiction of Article III courts to actual cases and controversies.  U.S. Const. art. III, § 1; *Morgan v. McCotter*, 365 F.3d 882, 887 (10th Cir. 2004) (citing *Allen v. Wright*, 468 U.S. 737, 750 (1984)).  A plaintiff must have standing to satisfy the case-or-controversy requirement.  *Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 11 (2004); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  There are three requirements to show Article III standing at an "irreducible constitutional minimum."  *Lujan*, 540 U.S. at 560.  The plaintiff must show: (1) that he or she has suffered an injury in fact; (2) that the alleged harm is fairly traceable to defendant's conduct; and (3) that a favorable ruling from the court would redress the injury.  *Essence, Inc. v. City of Fed. Heights*, 285 F.3d 1272, 1280 (10th Cir. 2002) (internal quotations omitted).

Under the first prong, an injury in fact is an "invasion of a legally protected interest" that is "distinct and palpable" and not conjectural or hypothetical.  *Id.*; *Warth v. Seldin*, 422 U.S. 490, 501 (1975).  A main focus of the standing inquiry is thus whether a plaintiff has suffered "a present or imminent injury, as opposed to a mere possibility, or even the probability, of future injury."  *Essence*, 285 F.3d at 1280.  Accordingly, a plaintiff "must show something more than simply a deprivation in the abstract."  *Morgan*, 365 F.3d at 888.  Once a defendant asserts lack of subject matter jurisdiction in a motion to dismiss, the plaintiff bears the burden of establishing that the court has the requisite subject matter jurisdiction over the dispute.  *Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006); *Lujan*, 504 U.S. at 560.

If a plaintiff's complaint fails to state a claim for which there is a plausible entitlement to relief, the Court must dismiss the complaint.  *See Twombly*, 550 U.S. at 570.  While the well-

pled factual allegations of a complaint must be accepted as true for purposes of a motion to

dismiss, neither conclusory allegations nor legal conclusions disguised as factual allegations

need be accepted as such.  *See id.* at 555–56; *see also Ridge at Red Hawk, L.L.C. v. Schneider*,

493 F.3d 1174, 1177 (10th Cir. 2007) (the mere metaphysical possibility that some plaintiff

could prove some set of facts in support of the pleaded claims is insufficient; the complaint must

give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual

support for these claims).  The burden is on the plaintiff to frame a "complaint with enough

factual matter (taken as true) to suggest" that he or she is entitled to relief.  *Twombly* at 556.

The parties dispute several issues related to the breach of contract claims: whether Article

III standing is required to proceed with these claims under this Court's supplemental jurisdiction;

and if so, whether Plaintiffs have met the requirements of standing for the breach of contract

claims to withstand dismissal.

## II.     Whether Standing is Required for Supplemental Claims Brought Under § 1367(a)

The breach of contract claim at issue is just one of several causes of action in this

lawsuit, alleged as Count II of the complaint.  It is clear that this Court has original jurisdiction

over the alleged federal constitutional claims, and that the Court has supplemental jurisdiction

over the state law claims.[2]  Plaintiffs contend that they need not pass Article III's standing

requirements for state law claims, as long as the Court has original jurisdiction over the federal

claims.  The only basis for this contention is the language in 28 U.S.C. § 1367(a) which states

---

[2] Federal district courts have "supplemental jurisdiction over all other claims that are so
related to claims in the action within such original jurisdiction that they form part of the same
case or controversy." 28 U.S.C. § 1367(a).  Plaintiff's federal claims include: Fourteenth
Amendment claims based on substantive and procedural due process; Fourth Amendment claims
for unlawful seizure and excessive force, and retaliation brought under the First Amendment.

that:

> district courts *shall have* supplemental jurisdiction over all other claims that are
> so related to claims in the action within such original jurisdiction that they form
> part of the same case or controversy under Article III of the United States
> Constitution.

*Id.* (emphasis added).   Plaintiffs essentially argue that claims for which they have no standing get a "free pass" by coming into court attached to federal claims over which the Court does have original jurisdiction.  The Court finds nothing in the language of § 1367 suggesting that it acts as an exception to the provision in the United States Constitution which limits subject matter jurisdiction to actual cases and controversies.

There is no case law which supports Plaintiff's position on this issue, and Plaintiffs would be hard-pressed to find such cases.  The language in § 1367, if anything, suggests that supplemental claims would be subject to the same case-or-controversy requirement, since those claims must "form part of the same case or controversy under Article III . . . ."  In *Jones v. Ford Motor Credit Co.*, the Second Circuit noted that the text of § 1367(a) "unambiguously extends jurisdiction to the limits of Article III."  358 F.3d 205 (2nd Cir. 2004).  This Court declines to extend its jurisdictional limits any further.  Accordingly, I find that Plaintiffs must have standing to bring the breach of contract claims in Count II in order for this Court to exercise supplemental jurisdiction over the claims.

**III.     Whether Plaintiffs are Third Party Beneficiaries of the Contract**

Defendants contend that Plaintiffs have no standing to bring breach of contract claims against Defendants because they cannot show that they are the intended beneficiaries of the contract executed between Defendants and the two schools (Española Valley High School and Carlos Vigil Middle Schools, hereinafter referred to as "Schools").

The complaint states that:

> Defendant School Board contracted with Defendants Elias Coriz and Cheryl
> Montoya, d/b/a Big Ross Security, to provide security services directly benefiting
> students, including all Plaintiffs, at Española Valley High School and Carlos Vigil
> Middle School [and]

> The contracts between Defendants School District and Big Ross Security were
> such that emotional injury and or physical injury to students were foreseeable in
> the event of a breach of this agreement

Third Am. Compl., ¶¶ 313–14.

Neither party has submitted to the Court cases that are factually analogous to the issues

being addressed here, because there is little case law on the area—and even less that is specific

to circumstances similar to the instant case.  It is a general rule of law that one who is not a party

to a contract cannot maintain suit upon it.  *Fleet Mortg. Corp. v. Schuster*, 112 N.M. 48, 49–53

(1991) (citing *Staley v. New*, 56 N.M. 756 (1952)).  Under New Mexico law:

> in order to permit a person to sue as a third-party beneficiary, there must be not
> just a desire or a purpose to confer a benefit on a third person, nor a desire to
> advance his interests. There must also be a showing of an intent that the promisor
> shall assume a direct obligation to the third party.

*Kroekel*, 1999 WL 33919792 at *16 (internal quotations omitted) (citing *Montana Bank of

Circle, N.A. v. United States*, 7 Cl. Ct. 601, 611 (Cl. Ct. 1985)); *see also Hoge v. Farmers

Market & Supply Co. of Las Cruces*, 61 N.M. 138, 143 (1956).

A third party may be a beneficiary to a contract, and may have an enforceable right

against a party to a contract.  *Fleet Mortg. Corp.*, 112 N.M. at 49.  Whether a party is a

third-party beneficiary depends on if the parties to the contract intended to benefit the third

party.  *Id.*   Such intent "must appear either from the contract itself or from some evidence that

the person claiming to be a third party beneficiary is an intended beneficiary." *Id.* (citing *Valdez

v. Cillessen & Son, Inc.*, 105 N.M. 575, 581 (1987)).

6

Defendants entered into annual contracts with the Schools from 2006 to 2009.   (*See* Doc.

238, Exs. 1-6.)  The pertinent language upon which Plaintiffs rely, and on which the issue turns,

is this:

> To promote a safe, secure learning environment with minimal impact on the look
> and feel of the educational institution. To ensure a campus free from violence,
> intimidation, drugs, gangs and other physical hazards, both seen and unseen. To
> provide a safe and secure environment which promotes learning and educational
> services which are the primary goals of the School District while maintaining a
> sense of peace, order and discipline which promotes learning and empowers
> students, faculty and staff to excel in their educational careers.

*See, e.g.*, Ex. 1, ¶ 2.

To be sure, students (as well as teachers and staff in the Schools) end up benefitting from

Defendants carrying out their duties under the contract.  The language in the contract describes

the general benefits conferred on students, teachers and staff as a result of Defendants

performing their duties under the contract, and describes the objectives behind the services they

offer and intend to provide.  However, the language in the contract cannot fairly be read to allow

these incidental beneficiaries the right to enforce the contract.  Under New Mexico law, the

Plaintiffs must be the *intended* beneficiaries of the contract in order to be considered third-party

beneficiaries.  Incidental benefits are not enough to create a third-party beneficiary status.  *See*

*Kroekel*, 1999 WL 33919792, at *17 (finding that unintended and incidental benefits to court

security officers flowing from government security contract was not enough to establish that the

court security officers were third-party beneficiaries).  In *Storts v. Hardee's Food Systems, Inc*.,

919 F.Supp. 1513, 1519 (D. Kan. 1996), the federal district court of Kansas found that the

contracting parties did not intend to create safety or "security" obligations in favor of the patrons

of a fast-food chain when a patron who was abducted from the parking lot of the restaurant sued

the restaurant owner.  The court reasoned that the contract must be read as whole rather than

focusing on isolated words or phrases and that, while restaurant patrons might enjoy a measure of safety as a result of the security contract, they were not the intended beneficiaries of the contract.[3]

The Court did come across a case from the Eastern District of Arkansas which found that the intent of parties to a contract is a question of fact. In *Weatherspoon v. University of Arkansas Bd. of Trustees*, 2009 WL 3765916, *6 (E.D. Ark. 2009), the court concluded that the provisions of the contract must be considered in order to determine whether the parties intended to benefit a third party, and thus the issue was a triable issue of fact. However, this case is not dispositive because it is not precedent, nor does it persuade the Court that the third-party beneficiary is a factual question which must be held over for further debate or deliberation. Under New Mexico law, Plaintiffs' status as third-party beneficiaries is a question of law, not fact. *Lyon Development Co. v. Business Men's Assurance Company of America*, 76 F.3d 1118 (10th Cir. 1996) (based on New Mexico law); *Boatwright v. Howard*, 102 N.M. 262, 263 (1985) (absent any ambiguity, the construction of a contract is a question of law). Factual inquiry would be necessary if the contract provisions were ambiguous, but the Court finds that the sole issue here is a legal one. *See, e.g.*, *C.R. Anthony Co. v. Loretto Mall Partners*, 1112 N.M. 504, 509 (1991) (factual issues, if any, presented by an ambiguity must be resolved by the jury).

The Schools contracted for security services, and the students, teachers and staff would enjoy the benefits of a safe and secure environment with added security, but the contract does not confer a right on either the students, teachers or staff to enforce the contract. Accordingly, I

---

[3] *See also Williams v. Utica College of Syracuse University*, 2005 WL 4862514 (N.D.N.Y. 2005) (in suit by student to recover damages allegedly stemming from an incident in which she was assaulted in her dormitory room, court found, without any discussion, that plaintiff was not third-party beneficiary of contract between college and security guard).

find that the language in the contracts between Defendants and the Schools does not indicate that Plaintiffs were intended to be third-party beneficiaries of the contract.[4]

## CONCLUSION

In sum, I find and conclude that Plaintiffs need to have standing on their breach of contract claims in order for the Court to have jurisdiction over these claims under 28 U.S.C. §1367.

I also find and conclude that the language in the contracts between Defendants and the Schools does not indicate that Plaintiffs were intended to be third-party beneficiaries.   As a result, Plaintiffs cannot assert an invasion of a legally protected interest under Article III's case-or-controversy requirement and thus cannot establish standing for these claims.  Moreover, because Plaintiffs do not have the right to enforce the contract between Defendants and the Schools, Plaintiffs cannot state a viable claim under Fed. R. Civ. P. 12(b)(6).

Last, in light of the Court's ruling that Plaintiffs are not third-party beneficiaries of the contract, and that Plaintiffs cannot show an invasion of a legally protected interest, there is no need to address further the other requirements for standing.

**THEREFORE,**

---

[4] The Court addressed a similar argument with regard to contract-related claims asserted by one of the Plaintiffs whose claims have been dismissed.  (*See* doc. 123.)  Those claims were asserted against the school defendants, who framed a defense on the basis of sovereign immunity.   In that Memorandum Opinion and Order, the Court found that the Big Ross contract did not give the students third-party beneficiary status based on either the student handbook or a general foreseeability of harm to students.  (Doc. 123 at 8.)  While the Court's holding here is premised on different grounds, the Court notes that the same kind of policy considerations are relevant.  Contracts between parties frequently benefit third parties, but this benefit alone does not create third-party beneficiary status, and "without evidence of something more as required under existing case law," (*see* doc. 123 at 8), the Court will not impose third-party beneficiary status on Plaintiffs.

   **IT IS ORDERED** that the Motion to Dismiss Breach of Third Party Beneficiary

Contract Claims by R.P., S.V., C.G., and S.M.G. against Defendants Elias Coriz and Cheryl

Montoya, d/b/a Big Ross Security (**Doc. 224**) is hereby GRANTED for reasons described in the

above Memorandum Opinion and Order.

_____
   UNITED STATES DISTRICT JUDGE