IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Sandra Montoya, on Behalf of her Minor Child, S.M.,
Rebecca Archuleta, on behalf of her Minor Child, E.S.,
Bernadette Gallegos on behalf of Her Minor Child, R.P.,
Charlene Guinn, on behalf of her Minor Child S.V.,
Andrea Serna on behalf of her Minor child C.G.,
Jerry and Michelle Trujillo on behalf of their Minor Child, G.T.,
and Elizabeth McCall-Guinn on Behalf her Minor Child, S.M.G.,
and all others similarly situated,

      Plaintiffs,

   v.                                                                                                                          No. 10-CV-651 WPJ/LFG

Española Public School District Board of Education,
Superintendent Janette Archuleta, Associate Superintendent
Dorothy Sanchez, Española Valley High School Assistant
Principal Devanna Ortega, Carlos Vigil Middle School
Seventh Grade Principal Lewis Johnson, Carlos Vigil Middle
School Assistant Principal Dennis Gallegos, in their individual
capacities; City of Española Police Officers Bryan Martinez and Danny
Pacheco, in their individual capacities; Elias Coriz and Cheryl Montoya,
individually and as owners of Big Ross, Inc. d/b/a ProSec Services; Big
Ross Security Guards Geraldine Martinez, Jason Archuleta, Defendant
Security Guard John Doe, in their individual capacities,

      Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS CLAIMS
AGAINST DEFENDANTS CORIZ AND MONTOYA
and
ORDER FOR SUPPLEMENTAL BRIEFING
REGARDING § 1983 CLAIMS AGAINST CERTAIN DEFENDANTS**

THIS MATTER comes before the Court upon a Motion to Dismiss Claims Against

Defendants Elias Coriz and Cheryl Montoya, filed May 16, 2012 (**Doc. 230**). Having considered

the parties' briefs and the applicable law, I find that Defendants' motion is granted with respect

to breach of contract claims asserted in Count II of the Third Amended Complaint against the movants; and denied as to negligence and other state tort claims asserted against the movants. The Court also concludes that supplemental briefing is necesesary on the issue of whether § 1983 claims may be asserted against Defendants Coriz/Montoya/Big Ross.

## BACKGROUND

Plaintiffs in this case are students who were enrolled at either Española Valley High School or Carlos Vigil Middle School in northern-central New Mexico.  The Third Amended Complaint (Doc. 196) brought by the students' parents seeks class certification pursuant to Fed. R. Civ. P. 23(b)(2); and alleges negligence, third-party beneficiary claims of breach of contract and breach of implied contract, and violations of various rights under the New Mexico and United States Constitutions.  Plaintiffs allege that the school administration is apathetic about school safety, that Defendants have created a dangerous environment for students, and that they have taken little or no action to prevent attacks on students by other students.

According to the complaint, Defendant School Board has contracted with Big Ross Security d/b/a ProSec Services, Inc. since 2006 to provide security services at Española Public Schools.  Big Ross Security is owned and operated by former Española Public School District Board of Education member Defendant Elias Coriz and Defendant Cheryl Montoya, Coriz's wife. Plaintiffs allege that during the relevant time period, Big Ross Security guards have failed to prevent escalating violence within the school.  They also allege that, as a result of Defendants Elias Coriz's and Cheryl Montoya's negligent hiring, training and supervision, Big Ross and their employees have become active participants in causing violence in the schools.

## DISCUSSION

In this motion, Defendants Elias Coriz and Cheryl Montoya, individually and as Owners

of Big Ross, Inc., and d/b/a ProSec Services ("Defendants" for purposes of this motion) seek dismissal with prejudice of all of Plaintiffs' claims against them as individuals.

## I.      Legal Standard

If a plaintiff's complaint fails to state a claim for which there is a plausible entitlement to relief, the Court must dismiss the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) *(quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 at 570 (2007)). While the well-pled factual allegations of a complaint must be accepted as true for purposes of a motion to dismiss, neither conclusory allegations nor legal conclusions disguised as factual allegations need be accepted as such. *See id*. at 555–56; *see also Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims). The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly* at 556.

## II.     Allegations Against Defendants

The Third Amended Complaint ("TAC") includes allegations of: negligence based on respondeat superior, (e.g., TAC ¶¶ 14 305 & 310); negligent hiring, training, disciplining, and managing of Big Ross employees (e.g., TAC ¶ 308, 341); deliberate indifference to bodily integrity and property rights to education (e.g. TAC ¶¶ 97, 344, 420); and breach of a third-party beneficiary contract (e.g., TAC ¶¶ 312-317, 340-344). Defendants contend that Plaintiffs do not plead sufficient facts to support their claims that Defendants are personally liable for the alleged actions of their employees, apart from their status as owners and operators of Defendant Big Ross d/b/a ProSec Services.

Based on the latest version of the complaint, the following Plaintiffs assert the following claims against Defendants:[1]

| | |
|---|---|
| R.P. | Count II (Breach of Contract against Big Ross) |
| S.V. | Count II (Breach of Contract against Big Ross)<br>Count IV (Negligence against Big Ross) |
| C.G. | Count II (Breach of Contract against Big Ross<br>Count IV (Negligence against Big Ross) |
| S.M.G. | Count II (Breach of Contract against Big Ross<br>Count IV (Negligence against Big Ross) |
| S.M. | Count I (False Imprisonment, Assault, against Big Ross and Geraldine Martinez)<br>Count II (Breach of Contract against Big Ross)<br>Count IV (Negligence against Big Ross)<br>Count VII (Fourteenth Amendment Substantive Due Process against Geraldine Martinez)<br>Count IX (Fourth Amendment Unlawful Seizure against Geraldine Martinez)<br>Count XI (First Amendment against Geraldine Martinez) |
| E.S. | Count I (False Imprisonment and Sexual Battery against Big Ross and Jason Archuleta)<br>Count II (Breach of Contract against Big Ross)<br>Count IV (Negligence against Big Ross)<br>Count VII (Fourteenth Amendment Substantive Due Process against Jason Archuleta)<br>Count VIII (Fourteenth Amendment Equal Protection against Jason Archuleta)<br>Count IX (Fourth Amendment Unlawful Seizure against Jason Archuleta |

---

[1] The Court found the initial complaint to suffer from pleading deficiencies and a lack of clarity, and gave Plaintiffs a chance to improve the quality of the pleading. Doc. 125. The Second Complaint had not improved to a point where the numerous Defendants would have adequate notice of the claims to be able to form a defense. The Court gave Plaintiffs a second opportunity to clear up discrepancies and inconsistencies—and even generated a chart which organized the parties and claims in the case to assist Plaintiffs in their endeavor. Doc. 187 & attachment. Thus, the TAC and its attached exhibit (Doc. 196) is the result of several mandated efforts by Plaintiffs to submit a complaint that is coherent and complete. The Court notes that Plaintiffs' exhibit modified the Court's proposed exhibit. For example, Plaintiffs appear to have dropped Count V in the Court's exhibit alleging certain state constitutional violations. The Court relies on this exhibit in referencing the claims and parties, and will assume that the exhibit attached to the TAC governs the claims and parties in this lawsuit.

      Count X (Excessive Force against Jason Archuleta)

G.T.   Count I (Assault, Battery against Big Ross and John Doe)
      Count II (Breach of Contract against Big Ross)
      Count IV (Negligence against Big Ross)
      Count VII (Fourteenth Amendment Substantive Due Process against John Doe)

## III. Whether Plaintiffs' Allegations Meet the *Iqbal/Twombly* Standard

Under the *Iqbal/Twombly* standard, a complaint requires more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Iqbal*, 129 S.Ct. at 1949. Plaintiffs' allegations generally meet this standard, with the exceptions as noted below.

### A. Breach of Contract Claims

The Court recently dismissed third-party beneficiary contract claims asserted by Plaintiffs R.P., S.V., C.G., and S.M.G. against Defendants Elias Coriz and Cheryl Montoya, d/b/a Big Ross Security (Doc. 265). The Court ruled that those Plaintiffs are not third-party beneficiaries of the contract between Defendants Coriz/Montoya/Big Ross, and could not establish standing because the Plaintiffs could not show an invasion of a legally protected interest. The other Plaintiffs, S.M., E.S., and G.T. also allege similar breach of contract claims. There is no reason that these claims should not be dismissed as a matter of law as well, for the same reasons as the breach of contract claims were dismissed for the other four Plaintiffs. None of the Plaintiffs are third-party beneficiaries to the security contract between Big Ross and the school, for reasons stated in the Court's previous Memorandum Opinion and Order. Accordingly, Count II is dismissed as to all Plaintiffs with prejudice.

### B. Tort Claims

Plaintiffs allege that Defendants Coriz and Montoya were negligent in their hiring, training, supervision, and discipline of the security guards who were Big Ross employees; and

also assert claims of respondeat superior based on the torts committed by these employees. Plaintiffs have submitted copies of wage and compensation reports for Coriz and Montoya as well as several of the security guards. Ex. 2.[2] Their position is that in seeking to maximize their profits as owners of Big Ross, Coriz and Montoya placed their financial wellbeing over the protection of the Española public school children.

It is true that most of Plaintiffs' allegations are based on the conduct of the security guards. The TAC alleges that the security guards employed by Big Ross have battered and harassed students, permitted and encouraged violence amongst the students, and promoted sale of marijuana within the schools. In New Mexico, courts may hold employers liable under the doctrine of respondeat superior for an intentional tort committed by its employee if the wrongful acts are committed in the course and scope of his or her employment. *McCauley v. Ray*, 80 N.M. 171, 180-81, 453 P.2d 192, 201-02 (1968). Thus, allegations based on the conduct of Big Ross security guards are clearly sufficient under *Iqbal/Twombly* to assert negligence claims based on the theory of respondeat superior.

However, the TAC also alleges wrongful conduct on the part of Defendants Coriz and Montoya as owners of Big Ross for failing to make sufficient background checks, and failing to

---

[2] Neither party has raised the issue of presenting to the court materials outside the pleadings, namely, the wage and compensation reports. *See Lucero v. Gunter*, 52 F.3d 874, 877 (10th Cir. 1995) (motion to dismiss pursuant to Rule 12(b)(6) is treated as a motion for summary judgment when premised on materials outside the pleadings, and the opposing party is afforded the same notice and opportunity to respond as provided in Rule 56). However, a court may consider documents referred to in the complaint "if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir.2002). Since the parties do not raise any issue about either the presenting of the documents or their authenticity (in fact, Defendants consider them "helpful in one regard. . . ," Doc. 262 at 5), the court will consider them within the context of a motion to dismiss.

supervise, train and discipline. *See, e.g., TAC,* ¶¶ 14, 34, 96. These allegations are not simply "labels and conclusions," as Defendants contend, but are factual assertions specifically describing wrongful conduct. Thus, they pass muster under the Rule 12(b)(6) standard. Nevertheless, Defendants maintain that, even assuming the truth of Plaintiffs' allegations, "liability would be attributed to Big Ross, Inc. and not to Coriz and Montoya." Doc. 262 at 6. They extend this argument to the negligence claims as well:

> . . . even assuming that Plaintiffs' allegations are true, Big Ross, Inc. and not Coriz and Montoya would be liable, whether under the theory of *respondeat superior* or for negligent hiring, training, retention, screening, supervision, etc. of Big Ross, Inc. security guards.

Doc. 262 at 5. This argument fails for two reasons. First, despite Defendants' protestations, Plaintiffs do allege that Coriz and Montoya, as well as Big Ross, committed the wrongful acts. Second, Coriz and Montoya are alleged to have committed wrongful acts which may or may not render their company liable.[3] Whether they are *financially* responsible for any liability as individuals is a different question from whether they are *legally* responsible as individuals. The question of financial liability focuses more on collection issues in the event a judgment is obtained by Plaintiffs than on the viability of claims asserted in a complaint. The only issue presently before the Court is whether the TAC sufficiently alleges wrongful acts on the part of Coriz and Montoya to withstand dismissal under Rule 12(b)(6) — and the Court finds that it does.

Defendants' liability will depend on the extent and nature of their personal involvement, and is more appropriately the subject of a summary judgment motion after discovery. For now,

---

[3] As a matter of common sense as well as law, a corporation cannot commit acts on its own, and thus requires actions of individuals to render it liable. *See* NM UJI 13-409 (corporation can act only through its officers and employees).

the Court finds that the TAC sufficiently alleges conduct on the part of Defendants Coriz and Montoya to require that they remain as named individual Defendants in this action.

C.  Supplemental Briefing Required

In reviewing the pleadings on this motion as well as the allegations in the TAC, the Court has come across what it considers to be a troublesome aspect in terms of certain legal theories asserted against these Defendants.  Plaintiffs allege "deliberate indifference" on the part of Defendants Coriz/Montoya/Big Ross to deprive Plaintiffs of their constitutional rights.  *See* e.g., ¶¶ 97, 344.  It is not clear what legal theories are behind the "deliberate indifference" assertions. While unnecessary for a negligence claim (which is asserted in ¶ 344), deliberate indifference is the required scienter level for § 1983 claims asserted against governmental entities.  It is satisfied when the entity has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm. *See Carr v. Bowen et al.*, 337 F.3d 1221 (10th Cir. 2003).

According to the claims chart attached as an exhibit to the TAC (*see* note 1, above) federal constitutional claims are not asserted against Big Ross/Coriz/Montoya, but *are* asserted by Plaintiffs S.M., E.S., and G.T. against the individual security guards Geraldine Martinez, Jason Archuleta and John Doe.  For these § 1983 claims, Plaintiffs allege that the security guards are sued in their individual capacities under § 1983, were acting as agents of the school board, and were acting under color of law.  TAC, par. 15.  In order for Big Ross' employees to qualify as state actors or agents of the school board, it must be assumed that the security guards are state actors, and that Big Ross is a "person" under § 1983.  The Court is not, however, ready to make that assumption, and presents this issue to counsel in order to assist the Court in determining whether, as a matter of law, § 1983 claims may be asserted against Defendants

8

Coriz/Montoya/Big Ross.  Because of the complexity of this case in terms of claims, parties, and legal issues, this is a threshold question which the Court prefers to resolve now, rather than have it dangling before the parties and the Court throughout the litigation of this case.

Therefore, Plaintiffs shall file a supplemental brief on this issue <u>on or before June 22, 2012</u>; Defendants shall file a responsive brief <u>14 calendar days</u> after Plaintiffs' brief is filed. Parties shall include legal support for (or opposing) the contention that Big Ross security guards were agents of a governmental entity and were acting "under color of law"; that Big Ross is a "person" under § 1983; and any other legal basis underlying Plaintiff's assertion of § 1983 claims against Defendant Big Ross d/b/a ProSec, and Defendants Coriz and Montoya, and the individual security guards.

## CONCLUSION

In sum, the Court finds and concludes that Plaintiffs' breach of contract claims asserted by Plaintiffs S.M., E.S. and G.T. against the movants will be dismissed with prejudice, since none of the Plaintiffs are third-party beneficiaries to the security contract between Big Ross and the school.

I also find and conclude that the TAC sufficiently alleges conduct on the part of Defendants Coriz and Montoya for negligence claims and to require that they remain as named individual Defendants in this action.

Finally, I am requiring counsel to submit supplemental briefs on the issue of whether § 1983 claims may be asserted against Defendants Coriz/Montoya/Big Ross, pursuant to the above stated briefing schedule.

**THEREFORE,**

**IT IS ORDERED** that the Motion to Dismiss Claims Against Defendants Elias Coriz

and Cheryl Montoya **(Doc. 230)** is hereby GRANTED IN PART AND DENIED IN PART AS FOLLOWS:

(1) the motion is GRANTED with respect to breach of contract claims asserted in Count II of the Third Amended Complaint;

(2) the motion is DENIED with respect to negligence and other state tort claims asserted against the movants;

**IT IS FURTHER ORDERED** that parties shall submit supplemental briefing on the issue of whether § 1983 claims may be asserted against Defendants Coriz/Montoya/Big Ross, pursuant to the above stated briefing schedule.

_____
UNITED STATES DISTRICT JUDGE