IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Sandra Montoya, on Behalf of her Minor Child, S.M.,
Rebecca Archuleta, on behalf of her Minor Child, E.S.,
Bernadette Gallegos on behalf of Her Minor Child, R.P.,
Charlene Guinn, on behalf of her Minor Child S.V.,
Andrea Serna on behalf of her Minor child C.G.,
Jerry and Michelle Trujillo on behalf of their Minor Child, G.T.,
and Elizabeth McCall-Guinn on Behalf her Minor Child, S.M.G.,
and all others similarly situated,

       Plaintiffs,

       v.                                                    No. 10-CV-651 WPJ/LFG

Española Public School District Board of Education,
Superintendent Janette Archuleta, Associate Superintendent
Dorothy Sanchez, Española Valley High School Assistant
Principal Devanna Ortega, Carlos Vigil Middle School
Seventh Grade Principal Lewis Johnson, Carlos Vigil Middle
School Assistant Principal Dennis Gallegos, in their individual
capacities; City of Española Police Officers Bryan Martinez and Danny
Pacheco, in their individual capacities; Elias Coriz and Cheryl Montoya,
individually and as owners of Big Ross, Inc. d/b/a ProSec Services; Big
Ross Security Guards Geraldine Martinez, Jason Archuleta, Defendant
Security Guard John Doe, in their individual capacities,

       Defendants.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS PLAINTIFFS' PUNITIVE DAMAGES CLAIMS

THIS MATTER comes before the Court upon a Motion to Dismiss Plaintiffs' Punitive Damages Claims, filed on April 14, 2012, by Defendants Elias Coriz and Cheryl Montoya, individually and as Owners of Big Ross, Inc., and Geraldine Martinez ("Defendants") (**Doc. 235**).  Having considered the parties' briefs and the applicable law, I find that Defendants' motion is not well-taken and, accordingly, is denied.

BACKGROUND

Plaintiffs in this case are students who were enrolled at either Española Valley High School or Carlos Vigil Middle School in northern-central New Mexico. The lawsuit is brought by the students' parents seeks class certification pursuant to Fed. R. Civ. P. 23(b)(2); and alleges that the school administration is apathetic about school safety, that Defendants have created a dangerous environment for its students, and that they have taken little or no action to prevent attacks on students by other students.

According to the Third Amended Complaint ("TAC," Doc. 196), Defendant School Board has contracted with Big Ross Security d/b/a ProSec Services, Inc. since 2006 to provide security services at Española Public Schools. Big Ross Security ("Big Ross") is owned and operated by former Española Public School District Board of Education member Defendant Elias Coriz and Defendant Cheryl Montoya, Coriz's wife. Plaintiffs allege that during the relevant time period, Big Ross Security guards have failed to prevent escalating violence within the school. They also allege that, as a result of Defendants Elias Coriz's and Cheryl Montoya's negligent hiring, training and supervision, Big Ross and their employees have become active participants in causing violence in the schools. Plaintiffs assert claims of negligence and violations of various rights under the New Mexico and U.S. Constitutions against the movants.

DISCUSSION

If a plaintiff's complaint fails to state a claim for which there is a plausible entitlement to relief, the Court must dismiss the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 at 570 (2007)). While the well-pled factual allegations of a complaint must be accepted as true for purposes of a motion to dismiss, neither conclusory allegations nor legal conclusions disguised as factual allegations need be

accepted as such.  *See id*. at 555–56; *see also Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims).  The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief.  *Twombly* at 556.

**I.      Allegations Against Defendants Coriz and Montoya**

The TAC alleges that Defendants Elias Coriz and Cheryl Montoya are responsible for screening potential employees, hiring, training, recruiting, disciplining, and managing all security at the schools.  Plaintiffs also allege that both Defendants, d/b/a Big Ross Security, do not uphold various contract provisions, for example, prohibiting Big Ross Security employees from fraternizing with students, providing security or assistance in safety and security related matters, and detaining persons engaging in violence, threats, harassment or other intimidating behavior. Plaintiffs assert that Defendants have not disciplined or reprimand guards for acts such as sexual battery and assault on  students and promoting the sale of drugs within the schools.

Some of the allegations against Defendants are based on sexual assaults against student E.S., a minor Hispanic female, by security guard Jason Archuleta.  According to the TAC, Archuleta used his position of authority as a security guard to "gain access" to E.S. and use her for his own sexual gratification.  He is alleged to have sexually penetrated E.S. on a number of occasions, over a period of time.  Archuleta would pick up E.S. from school, and bring her to his home where the acts occurred.  TAC, ¶¶ 71-95.  Plaintiffs lay blame on Coriz and Montoya, d/b/a Big Ross Security, in that they "created a sexually charged environment in which female students were sexually exploited by young, male security guards who lacked training and supervision" and that they were deliberately indifferent to her bodily integrity right and liberty

interests.  TAC, ¶¶ 96, 97.

## II.     Allegations Against Defendants Coriz and Montoya

Allegations concerning security guard Geraldine Martinez center around conduct related to student S.M., also a minor, female and Hispanic.  TAC, ¶ 1.  Plaintiffs allege that Martinez entered S.M.'s math class and removed her from class, led her into a bathroom which Martinez then blocked off, and told S.M. to take her bra and shirt off—threatening a strip search if she did not comply.[1]  Martinez told S.M. several times to take off her shirt, but S.M. refused.  After Martinez threatened S.M. with physically searching for her cell phone, S.M. then gave her the cell phone, after which S.M. was allowed to return to class.  TAC, ¶¶ 38-45. Taking these allegations as true, they could plausibly support a claim that Martinez acted willfully and recklessly toward the student.

## III.    Sufficiency of the TAC to State a Claim for Punitive Damages

Defendants contend that Plaintiffs have not alleged facts sufficient to state a claim for punitive damages.  Under New Mexico law, punitive damages requires a mental state which rises to a malicious, willful, reckless, wanton, or fraudulent level.  *Couch v. Astec Industries, Inc.,* 132 N.M. 631 (2002).   Malicious, willful and reckless conduct all require *intentional* actions.  *See* UJI 13-1827 NMRA.

After reviewing the various allegations in the TAC, I find that Plaintiffs have met the *Iqbal/Twombly* requirements to withstand dismissal under Fed.R.Civ.12(b)(6).

Plaintiffs contend that, as owners of Big Ross Security, Defendants Coriz and Montoya placed their financial wellbeing over the protection of the Española public school children.  They

---

[1] The allegations also state that Eva Herrera, secretary to the school counselor and not a named defendant in this lawsuit, accompanied Martinez in the conduct of removing S.M. from the classroom and bringing her into the bathroom.  Since the instant motion concerns only Martinez, references to Herrera have been omitted.

4

hired people who would work for extremely low hourly wages, but gave themselves in comparison much higher salaries.  *See* Ex. 2, att. to Doc. 255.  The TAC alleges that Defendants were aware, or should have been aware,  that Big Ross employees were not providing security, but seriously harming students.  TAC, ¶¶ 316, 357.   Also, according to the TAC, despite the mandatory number of security guards to be assigned to the schools under the contract,[2] both schools are chronically understaffed.  ¶ 34(g).  Plaintiffs assert that Coriz and Montoya conduct either insufficient background checks on the security guards they hire, or none at all (¶ 34(I)), and further, that in the spring of 2009, they hired several security guards with criminal convictions.  ¶ 34(j).

From these allegations, assumed to be true at this stage, one could infer that Coriz and Montoya's conduct was willful and reckless—at least more than mere negligence.  Whether their conduct actually rises to this level will become more clear as the facts unfold.  For now, I find that the TAC gives the Court reason to believe that Plaintiffs have a reasonable likelihood of mustering factual support for claims of culpable conduct on the part of Defendants Coriz and Montoya sufficient to support a claim for punitive damages.  *See Red Hawk*, 493 F.3d at 1177.

**THEREFORE,**

**IT IS ORDERED** that the Motion to Dismiss Plaintiffs' Punitive Damages Claims, filed by Defendants Elias Coriz and Cheryl Montoya, individually and as Owners of Big Ross, Inc., **(Doc. 235)** is hereby DENIED for reasons described in the Memorandum Opinion and Order, above.

UNITED STATES DISTRICT JUDGE

---

[2]  The schools involved in this lawsuit are both Española Valley High School and Carlos Vigil Middle School.