IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Sandra Montoya, on Behalf of her Minor Child,
S.M., et al,

       Plaintiffs,

  vs.                                        No. CV 10-651 WPJ/LFG

Española Public School District Board of Education,
et al.,

       Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS MARTINEZ AND ARCHULETA MOTIONS TO DISMISS § 1983 CLAIMS

THIS MATTER comes before the Court upon Defendant Geraldine Martinez' Motion to Dismiss Counts VII, IX and XI for Failure to State a Claim, and Motion to Assert the Defense of Qualified Immunity, filed April 26, 2012 **(Doc. 252)** and Defendant Jason Archuleta's Motion to Dismiss Plaintiffs' § 1983 Claims, filed April 26, 2012 **(Doc. 253)**.  Both of these motions are GRANTED for the following reasons.

The Court recently entered a Memorandum, Opinion and Order ruling that Defendants Geraldine Martinez, Jason Archuleta and John Doe, employed as private security guards by Big Ross Security, were not "state actors" for purposes of § 1983 claims which Plaintiffs have asserted against these Defendants  **(Doc. 324)**.

In both of the instant motions, Defendants initially contend  that Defendants Martinez and Archuleta are not state actors, and also argue that those claims should be dismissed for failure to state a claim under Fed.R.Civ.P.12(b)(6). Based on the Court previous rulings,

Plaintiffs are precluded from proceeding with their claims asserted under § 1983 against these Defendants. A party charged with violating one's rights under § 1983 must be a person "who may fairly be said to be a state actor." *Johnson v. Rodrigues*, 293 F.3d 1196, 1202 (10th Cir.2002) (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)); *Jojola v. Chavez*, 55 F.3d at 492; *Polk County v. Dodson,* 454 U.S. 312, 315 (1981) (state action requirement is a jurisdictional requisite for a § 1983 action); *Merritt v. Mackey*, 932 F.2d 1317, 1323 (9th Cir.1991) (actions filed under § 1983 require state action).

The Court need not address the qualified immunity issue because Plaintiffs have failed to allege a violation of a federal right. *See Pearson v. Callahan*, 129 S.Ct. 808, 818 (2009) (courts have discretion to determine "which of the two prongs of qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand").

**THEREFORE**,

**IT IS ORDERED** that Defendants Martinez and Archuleta's Motions to Dismiss **(Docs. 252 and 253)** are GRANTED. The Court hereby DISMISSES WITH PREJUDICE the following claims from the Third Amended Complaint:

(1) Counts VII, IX and XI asserting violations of substantive due process; Fourth Amendment unlawful seizure; and First Amendment ( respectively) by Plaintiff S.M. against Defendant Geraldine Martinez;

(2)  Counts VII, VIII and IX asserting violations of equal protection, Fourth Amendment unlawful seizure and Fourth Amendment excessive force (respectively)  by Plaintiff E.S. against Defendant Jason Archuleta;;and

(3) Count VII asserting violations of substantive due process  by Plaintiff G.T. against John Doe.

_____
UNITED STATES DISTRICT JUDGE