IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Sandra Montoya, on Behalf of her Minor Child,
S.M., *et al.*,

        Plaintiffs,

v.                                                                                                                                                        No. CV 10-651 WPJ/LFG

Española Public School District Board of Education,
*et al.*,

        Defendants.

## MEMORANDUM OPINION AND ORDER

### Introduction

THIS MATTER is before the Court on a number of Fed.R.Civ.P. 56(d) affidavits filed on July 16, 2012 [Doc. Nos. 277-1, 278-1, 279-1, 280-1, 281-1, 282-1, 283-1, 284-1, 285-1, 286-1, and 290-1 ], which were attached to Plaintiffs' responses to Defendants' motions to dismiss.[1] The Rule 56(d) affidavits, submitted by either one of two Plaintiffs' attorneys (Carolyn M. Nichols or Brendan K. Egan), generally seek additional discovery "in order to fully respond to the factual issues raised" [Doc. 277-1, at 2] in the Defendants' multiple motions to dismiss Plaintiffs' Third Amended Complaint for failure to state a claim under Rule 12(b)(6) and to assert the defense of qualified immunity. [*See, e.g.,* Doc. 241.] In deciding on the sufficiency of Plaintiffs' Rule 56(d) affidavits, the undersigned Magistrate Judge makes no indication as to whether the motions to dismiss should

---

[1] Had the Rule 56(d) affidavits requesting additional discovery been filed as separate pleadings, as is typically the case, this undersigned Magistrate Judge would have been alerted, at an earlier date, to the need to rule on the July 16, 2012 requests for additional discovery.

be converted to Rule 56 motions for summary judgment as requested by Plaintiffs. That decision remains before the Honorable William P. Johnson.

### **Procedural Background**

On July 9, 2010, multiple Plaintiffs, on behalf of their minor children, filed a complaint for injunctive and declaratory relief and for damages resulting from alleged false imprisonment, assault, battery, sexual battery, and violations of the State and Federal Constitutions. [Doc. 1.] Plaintiffs named as Defendants the Española Public School District Board of Education and numerous individuals. [Doc. 1.] On August 23, 2010, Plaintiffs amended the complaint. [Doc. 5.] On November 19, 2010, Defendants answered the amended complaint and filed separate motions to dismiss portions of the amended complaint and to assert the defense of qualified immunity. [*See* Doc. Nos. 23-34.][2]

On December 1, 2010, Defendants filed an opposed motion to stay discovery based on their requests for qualified immunity. [Doc. Nos. 42, 43, 47.] On December 22, 2010, this Court granted the motion to stay discovery pending resolution of the qualified immunity motions. [Doc. 48.] On January 10, 2011, Plaintiffs filed objections to the Order staying discovery based on their position that a request for injunctive relief made their complaint a "different animal entirely," where discovery is not stayed, as is usually the case upon the filing a motion for qualified immunity. [Doc. 49.]

On February 11, 2011, the District Court adopted the undersigned Magistrate Judge's findings in part, and set the matter for a hearing as to whether discovery should be stayed in the context of a complaint seeking injunctive relief. [Doc. 72.] Following the hearing, the District Court

---

[2]Defendants moved to dismiss the entire amended complaint as to some individual Defendants. [*See, e.g.,* Doc. 33.]

ruled that a request for a stay of discovery based on qualified immunity was not warranted when plaintiffs brought claims for injunctive relief. [Doc. 76.] Thus, the Court allowed limited discovery as long as the discovery was narrowly tailored to certain claims against defendants who were not entitled to raise the defense of qualified immunity and as to defendants against whom injunctive relief was sought. [Id.]

In so ruling, the District Court observed the following:

> Plaintiffs in this case allege that the system which is in place at the Defendant school system is either nonexistent or ineffective in securing a safe environment for the students who attend the schools. Plaintiffs are in the process of identifying the provisions of the security contract in place and formulating a permanent plan for requested injunctive relief to address those perceived problems. At this point, they seek discovery to preserve documents, including electronic documents, and interrogatories to the school district and other defendants who are not entitled to assert a qualified immunity defense. Plaintiffs' counsel represented that they are not requesting depositions at this time.

[Id. at 2.] On March 2, 2011, the undersigned Magistrate Judge issued an Order partially lifting the stay of discovery in accordance with the District Court's Order. [Doc. 79.]

By April 2011, the parties had fully briefed the multiple motions to dismiss. On April 8, 2011, the District Court issued several orders addressing the motions to dismiss. The Court granted a motion to dismiss in its entirety as to one Plaintiff, and dismissed certain claims by all Plaintiffs. [Doc. Nos. 123, 124.] The Court found pleading deficiencies in the amended Complaint and permitted Plaintiffs to file another amended complaint. [Doc. 125.] On June 7, 2011, Plaintiffs filed a Second Amended Complaint. [Doc. 140.]

In July 2011, Defendants filed multiple motions to dismiss the Second Amended Complaint under Rule 12(b)(6) and to assert qualified immunity. [*See, e.g.,* Doc. Nos. 151, 152.] On September 23, 2011, after four agreed upon extensions, Plaintiffs filed responses and attached Rule 56(d)

affidavits to those responses, asking that the Court convert the Rule 12(b)(6) motions to Rule 56 motions and to engage in additional discovery. [*See, e.g.,* Doc. 178.] On September 26, 2011, Judge Johnson issued a Memorandum Opinion and Order striking the Second Amended Complaint and allowing Plaintiffs "a third opportunity to get it right" by filing a Third Amended Complaint. [Doc. 187.] The Court further observed that some of Plaintiffs' "oversights appear to be the result of sloppy proofreading and are unacceptable for the level of practice that is expected when one files a case in federal court, particularly considering that Plaintiffs have been given a second opportunity to make all the necessary corrections."

On October 26, 2011, Plaintiffs filed the Third Amended Complaint. [Doc. 196.] On March 26, 2012, Plaintiffs filed a motion to certify class. [Doc. 221.] In mid-April 2012, Defendants again filed multiple motions to dismiss under Rule 12(b)(6) and to assert qualified immunity. The Court lists below those motions and Plaintiffs' responses, to which Plaintiffs attached Rule 56(d) affidavits that are the subject of this decision.

1. *Motion to Dismiss & Assert Qualified Immunity as to Plaintiff C.G. [Doc. 241] and Response and Rule 56(d) Affidavit [Doc. 277, Ex. 1]*;

2. *Motion to Dismiss & Assert Qualified Immunity as to Plaintiff E.S. [Doc. 242] and Response and Rule 56(d) Affidavit [Doc. 278, Ex. 1];*

3. *Motion to Dismiss & Assert Qualified Immunity as to Plaintiff G.T. [Doc. 243] and Response and Rule 56(d) Affidavit [Doc. 279, Ex. 1];*

4. *Motion to Dismiss & Assert Qualified Immunity as to Plaintiff R.P. [Doc. 244] and Response and Rule 56(d) Affidavit [Doc. 280, Ex. 1];*

5. *Motion to Dismiss & Assert Qualified Immunity as to Plaintiff S.M. [Doc. 245] and Response and Rule 56(d) Affidavit [Doc. 281, Ex. 1];*

6. *Motion to Dismiss & Assert Qualified Immunity as to Plaintiff S.M.G. [Doc. 246] and Response and Rule 56(d) Affidavit [Doc. 282, Ex. 1];*

> 7. *Motion to Dismiss & Assert Qualified Immunity as to Plaintiff S.V. [Doc. 247] and Response and Rule 56(d) Affidavit [Doc. 283, Ex. 1];*
>
> 8. *Motion to Dismiss all <u>Monell</u> Claims [Doc. 248] and Response and Rule 56(d) Affidavit [Doc. 285, Ex. 1];*
>
> 9. *Motion to Dismiss Two Counts Against Janette Archuleta and Assert Qualified Immunity [Doc. 251] and Response and Rule 56(d) Affidavit [Doc. 286, Ex. 1];*
>
> 10. *Motion to Dismiss Two Counts Against Danny Pacheco and Assert Qualified Immunity [Doc. 256] and Response and Rule 56(d) Affidavit [Doc. 290, Ex. 1]; and*
>
> 11. *Motion to Dismiss All Claims Against Brian Martinez & Assert Qualified Immunity [Doc. 257] and Response and Rule 56(d) Affidavit [Doc. 284, Ex. 1].*

A party may raise the defense of qualified immunity in a Rule 12(b)(6) motion. *See, e.g.,* Walker v. City of Orem, 451 F.3d 1139, 1146 n.5 (10th Cir. 2006) (observing that qualified immunity may be raise either in a Rule 12(b)(6) motion to dismiss or a Rule 56 motion for summary judgment). The defense of qualified immunity typically is raised at the summary judgment stage. Peterson v. Jensen, 371 F.3d 1199, 1201 (10th Cir. 2004). "In reviewing a Rule 12(b)(6) motion in the context of qualified immunity, a district court should not dismiss a complaint 'for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. (internal citations omitted).

Here, Defendants seek dismissal of the Third Amended Complaint, or portions of that Complaint for failure to state a claim under Rule 12(b)(6). They assert the defense of qualified immunity also under Rule 12(b)(6) standards, although Defendants observe that it is a plaintiff's burden to "point to particular facts that overcome the defense." [*See, e.g.,* Doc. 241, at 3.]

In response, Plaintiffs ask that the Court either deny the requests for dismissal and qualified immunity or, in the alternative, convert the motions into motions for summary judgment. For example, Plaintiffs argue that the motions to dismiss raise "numerous factual allegations and even

5

[sic?] reasons, either explicitly or implicitly," justifying some discovery so as to fully respond to the motions. [*See, e.g.,* Doc. 277, at 14-15.] Should the Court elect to convert the pleadings into motions for summary judgment, Plaintiffs request that they be allowed to conduct "limited discovery" before responding to the motions to dismiss. [*See, e.g.,* Doc. 277, at 1.] However, all parties thoroughly briefed the issues raised in the Rule 12(b)(6) motions, including the qualified immunity standard.

Should the District Court elect to review Defendants' motions under the Rule 12(b)(6), there is no need to decide the sufficiency of the Rule 56(d) affidavits. But, if the Court converts the motions to dismiss into requests brought under Rule 56, the affidavits requesting additional discovery and response time will be at issue. For the sake of expediency, the undersigned Magistrate Judge addresses the sufficiency of the Rule 56(d) affidavits, in the event that the District Court treats Defendants' motions to dismiss as ones for summary judgment under Rule 56.

## Analysis

### I. PERTINENT LEGAL STANDARD RE: RULE 56(d) AFFIDAVITS

Rule 56(d) of the Federal Rules of Civil Procedure states:

> (d) When Facts Are Unavailable to the Nonmovant. If a non-movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed.R.Civ.P. 56(d).[3]

---

[3] Rule 56(d) was previously codified at Rule 56(f). Thus, many of the cases discussing the Rule 56 affidavit refer to Rule 56(f).

In Stark-Romero v. National R.R. Passenger Co. (AMTRAK), 805 F.Supp.2d 1145, 1183 (D.N.M. 2011), the District Court explained:

> "The general principle of Rule 56(f) is that summary judgment should be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." Price v. W. Res., Inc., 232 F.3d 779, 783 (10th Cir. 2000) (internal quotation marks omitted). "Rule 56(f) does not require, however, that summary judgment not be entered until discovery is complete." Trujillo v. Bd. of Educ. of the Albuquerque Pub. Schs., . . ., 2007 WL 2461629, at *3 (D.N.M. June 5, 2007).

(internal citations omitted). In Ben Ezra, Weinstein, and Co., Inc. v. Am. Online Inc., 206 F.3d 980, 987 (10th Cir.), *cert. denied*, 531 U.S. 824 (2000), the Tenth Circuit Court of Appeals instructed:

> Fed.R.Civ.P. 56[d] requires that the party seeking to invoke its protection state with specificity how the additional material will rebut the summary judgment motion. Jensen v. Redev. Agency, 998 F.2d 1550, 1554 (10th Cir. 1993). A party may not invoke Fed.R.Civ.P. 56[d] by merely asserting that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable. Id. Rather, the party *must demonstrate precisely* how additional discovery will lead to a genuine issue of material fact. Id.

(emphasis added). The proper procedure by which to request further discovery prior to the court's ruling on a summary judgment motion, is to file a Rule 56(d) affidavit explaining "why facts precluding summary judgment cannot be presented." Campfield v. State Farm Mut. Auto. Ins. Co. 532 F.3d 1111, 1124 (10th Cir. 2008) (internal citation omitted).

To satisfy the requirements of Rule 56(d) and justify additional discovery, the Tenth Circuit Court of Appeals further explained that:

> . . . . a party seeking to defer a ruling on summary judgment under Rule 56(f) must provide an affidavit "explain[ing] why facts precluding summary judgment cannot be presented." Comm. for the First Amendment v. Campbell, 962 F.2d 1517, 1522 (10th Cir. 1992) (citation omitted). This includes identifying (1) "the probable facts not available," (2) why those facts cannot be presented currently, (3) "what steps have been taken to obtain these facts," and (4) "how

7

>additional time will enable [the party] to" obtain those facts and rebut the motion for summary judgment. Id.; *see also* Price, 232 F.3d at 783 ("Rule 56(f) does not operate automatically.  Its protections ... can be applied only if a party satisfies certain requirements.")

Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd., 616 F.3d 1086, 1096 (10th Cir. 2010). To make a sufficient showing for discovery under Rule 56(d), the movant must provide what facts are needed with specificity; vague or conclusory statements are insufficient.  *See* Trask v. Franco 446 F.3d 1036, 1041-42 (10th Cir. 2006) (discussing what is required to satisfy Rule 56(d)).  "Rule 56( [d] ) is not a license for a fishing expedition. . . . " Lewis v. Ft. Collins, 903 F.2d 752, 759 (10th Cir. 1990).

## II.     PLAINTIFFS' RULE 56(d) AFFIDAVITS

Plaintiffs' counsel Nichols signed the majority of Rule 56(d) affidavits that are attached to the responses to the motions to dismiss. [Doc. Nos. 277-284.] Attorney Egan signed the other Rule 56(d) affidavits at issue. [Doc. Nos. 285, 286, 290.] All of the affidavits, while not identical are similar.

### A.     Attorney Nichols' Affidavits

Ms. Nichols' affidavits generally state that more discovery is required to respond more fully to Defendants' motions to dismiss portions of the Third Amended Complaint and their request for qualified immunity.  Ms. Nichols avers that the affidavits are necessary because of earlier Court Orders "preventing Plaintiffs from engaging in necessary discovery." [Doc. 277-1, at 1.]

In Ms. Nichols' affidavit, she seeks to serve requests for production requesting personnel files of "Big Ross Security Guards working at Carlos Vigil Middle School during the time that Big Ross Security contracted to provide services to the School Defendants."  Counsel also requests personnel files of six individual Defendants, without limitation as to time or scope.

8

Ms. Nichols seeks to take the depositions of six individual Defendants on issues related to "pervasive violence at Espanola Public Schools," specifically as Defendants' alleged "failure to train and supervise Big Ross Security Guards, School Resource Officers, and administrators . . . ." Counsel wishes to inquire into these Defendants' "knowledge of allegations of violence between students; between security guards and students; between police officers and students; and, the schools' deliberate indifference to the constitutional rights and safety of Plaintiffs and class members." [Doc. 277-1, at ¶¶ 1, 2.] She also would inquire into "their knowledge regarding the incidents of violence described" in the Third Amended Complaint, their responses to that knowledge and "their knowledge of the contracts between Big Ross Security and the School District." [Id.]

Last, Ms. Nichols' Rule 56(d) affidavits request depositions of all of the named Defendants on the subjects listed above, "as they are the most likely to have information concerning the contracts, and the policies of the School Defendants and of more facts that support allegations against the School Defendants . . . ." [Id., at ¶ 3.]

### B.     Attorney Egan's Affidavits

Mr. Egan's affidavits are similar of those submitted by Attorney Nichols. [*See, e.g.,* Doc. 286-1.] Attorney Egan also requests production of personnel files and depositions of multiple Defendants on the same topics described in Ms. Nichols' affidavits. In Mr. Egan's affidavit, he requests depositions of all named Defendants and other individuals, *e.g.,* Gloria Champion, Ms. Flores, and Josie Velasquez. [Id., at ¶ 3.]

### C.     Discussion

As noted above, on March 2, 2011, the undersigned Magistrate Judge partially lifted the stay of discovery. [Doc. 79.] In accordance with Judge Johnson's ruling, each of the nine Plaintiffs were allowed to serve a total of 15 interrogatories and 15 requests for production on the Defendants who

are not entitled to assert a qualified immunity defense. The discovery was specifically limited to requests pertaining to the preservation of documents which may be relevant to the case and to facts related to Plaintiffs' claims for injunctive relief. [Id.] As noted in the docket, Plaintiffs served written requests for discovery on Defendants. [*See, e.g.,* Doc. Nos. 82, 87-89, 90-92.] It is unknown what discovery was requested or received, how it was or was not useful in responding to the motions to dismiss and assertions of qualified immunity, or whether Plaintiffs used all of the allotted discovery. Other than the Rule 56(d) affidavits attached to the responses to the motions to dismiss, Plaintiffs did not request additional discovery.

The Court concludes that in the event Judge Johnson converts the motions to dismiss into ones for summary judgment, all of the Rule 56(d) affidavits are deficient, fail to comply with Ben Ezra standards and are insufficient to invoke the protections of Rule 56(d). For example, Plaintiffs do not describe what discovery they obtained through earlier requests or why facts precluding summary judgment cannot be presented with the information already obtained. They do not specify what steps they took to obtain the requested information or how additional time will enable Plaintiffs to rebut the movants' alleged entitlement to qualified immunity. Plaintiffs provide no explanation as to whether these new discovery requests are related, if at all, to the claims for injunctive relief or to Defendants who are entitled to qualified immunity. Affiants fail to state what specific discovery will be elicited, and, more importantly, how that discovery will assist Plaintiffs in overcoming Defendants' *prima facie* showing of an entitlement to judgment. *See* Ben Ezra, 206 F.3d at 987.

Indeed, the Rule 56(d) affidavit requests for discovery are exceedingly broad. Plaintiffs request entire personnel files of unnamed security guards working at the Carlos Vigil Middle School during an unspecified time frame. The time frame described by Plaintiffs could be for a period of months or a period of years. There could be ten security guards or dozens of guards' files sought.

Plaintiffs do not seek specific portions of the personnel files, but rather the entire personnel files for guards and certain Defendants.

In addition, the topics of depositions are very broad. The information sought does not appear limited to claims of injunctive relief or to questions of qualified immunity. Instead, Plaintiffs seek information relating to claims of alleged failure to train and supervise guards, school resource officers and administrators, as those claims are related to allegedly causing violations of unspecified civil rights. Plaintiffs seek information in depositions concerning specific Defendants' knowledge of violence between students, between students and guards, between students and police officers and concerning allegations of "deliberate indifference to the constitutional rights and safety of Plaintiffs and class members." Essentially, such requests are limitless, or limited only to Plaintiffs' voluminous allegations of civil rights violations. The requests are not even limited to Plaintiffs themselves, although the Court has not certified a class action at this time.

Significantly, while Plaintiffs list certain personnel files they seek and certain depositions they wish to take, they do not describe how the information will rebut Defendants' position. None of the Rule 56(d) affidavits identify "probable facts not available," nor do they state "with specificity" how the additional information will rebut the summary judgment motion. The Rule 56(d) affidavits are akin to fishing expeditions and not limited at all.

In sum, Plaintiffs' Rule 56(d) affidavits fail to provide a description of the particular discovery needed, an explanation why that discovery would preclude summary judgment, and statements justifying why the discovery was not already obtained or could not be obtained. *See, e.g.,* Hackworth v. Progressive Ins. Co., 468 F.3d 722, 732-33 (10th Cir. 2006), *cert. denied*, 127 S.Ct. 2883 (2007).

As previously indicated in the Magistrate Judge's ruling on a stay of discovery, pursuant to Iqbal v. Ashcroft, 556 U.S. 662, 685-86 (2009) and Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004), the defense of qualified immunity not only protects government employees who perform discretionary functions from liability, but also from the burdens of trial, including discovery. Permitting any discovery, except the narrowly tailored discovery necessary to respond to the motions to dismiss, robs Defendants of the very benefit of the qualified immunity defense.

Earlier in this litigation, Plaintiffs convinced the Court that some discovery – limited to injunctive relief – was warranted. Plaintiffs persuaded the Court in so ruling by relying on cases determined prior to the United States Supreme Court's ruling on Iqbal, which provided that **all** discovery be stayed pending the Court's disposition of the qualified immunity defense. Here, it is clear that the current Rule 56(d) affidavits seek discovery about matters far beyond injunctive relief. Plaintiffs' Rule 56(d) affidavits do not demonstrate why they would be entitled to such expansive discovery.

## Conclusion

Should the District Court convert Defendants' motions to dismiss into motions for summary judgment under Rule 56, the Court denies the additional discovery requested by Plaintiffs' Rule 56(d) affidavits. The Rule 56(d) affidavits are deficient for the reasons described above.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge