IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Sandra Montoya, on Behalf of her Minor Child,
S.M., et al.,

    Plaintiffs,

    v.                                                No. CV 10-651 WPJ/LFG

Española Public School District Board of Education,
et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER DENYING WITHOUT PREJUDICE
SCHOOL DEFENDANTS' MOTION TO DISMISS *MONELL* CLAIMS
and
DISMISSING PLAINTIFF C.G.'S *MONELL* CLAIM
AGAINST DEFENDANT SCHOOL BOARD**

THIS MATTER comes before the Court upon a Motion to Dismiss all *Monell* claims[1] Asserted in the Third Amended Complaint, filed by Defendants Española Public School District Board of Education, Dorothy Sanchez, Devanna Ortega, Lewis Johnson, and Dennis Gallegos ("School Defendants") on April 20, 2012 **(Doc. 248)**. Having reviewed the parties' briefs and applicable law, I find that the School Defendants' motion is premature and is therefore DENIED WITHOUT PREJUDICE at this time because the motion is premature. The Court also DISMISSES WITH PREJUDICE Plaintiff C.G.'s *Monell* claim against Defendant School Board in Count 12, based on Plaintiff C.G.'s failure to assert a cognizable federal constitutional claim.

**BACKGROUND**

Plaintiffs are students who were enrolled at either Española Valley High School or Carlos Vigil Middle School in northern-central New Mexico. The Third Amended Complaint (Doc.

---

[1] *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978).

196), brought by the students' parents, seeks class certification pursuant to Fed. R. Civ. P. 23(b)(2), and alleges negligence, third-party beneficiary claims of breach of contract and breach of implied contract, and violations of various rights under the New Mexico and United States Constitutions.  Plaintiffs allege that the school administration is apathetic about school safety, and that Defendants have created a dangerous environment for students, and have taken little or no action to prevent attacks on students by other students.

## DISCUSSION

Defendants reference the Third Amended Complaint (Doc. 196) and contend that the assertions relating to municipal liability claims are insufficient under Fed.R.Civ.P. 12(b)(6) and must be dismissed.

### I.     Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for  failure to state a claim upon which relief can be granted.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

A municipality may be held liable under 42 U. S. C. § 1983 only for its own unconstitutional or illegal policies and not for the tortious acts of its employees.  *Monell v. Dept of Soc. Servs. of City of N. Y.*, 436 U. S. 658, 694 (1978); *Barney v. Pulsipher*, 143 F. 3d 1299, 1307 (10th Cir. 1998).  In order to prevail on a claim of municipal liability, a plaintiff must prove that the constitutional injury was inflicted pursuant to government policy or custom. *Monell*, 436

U. S. at 691.  In particular, a plaintiff must show the existence of a municipal custom or policy, and a direct causal link between the custom or policy and the alleged violation. *City of Canton v. Harris,* 489 U. S. 378, 385 (1989); *City of Oklahoma City v. Tuttle,* 471 U. S. 808, 823 (1985). The acts must be officially sanctioned or ordered by the final, policy-making authority.  *Pembaur v. City of Cincinnati,* 475 U. S. 469, 480-81 (1986).   Municipal liability under § 1983 attaches where "a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986).

Where a plaintiff seeks to establish municipal liability on the theory that a facially lawful municipal action has led an employee to violate plaintiff's rights, he also must demonstrate that the municipal action was taken with deliberate indifference to its known or obvious consequences.  *Bd. of County Commrs of Bryan County v. Brown,* 520 U. S. 397, 407 (1997). A causal connection between the unconstitutional act and the authorized decision makers may be established when the governing body has exercised its decision-making authority with deliberate indifference to the constitutional rights of those affected by its decisions.  *Ware v. Unified Sch. Dist. No.* 492, 902 F. 2d 815, 819 (10th Cir. 1990).  To establish deliberate indifference, plaintiff must demonstrate that the municipality was the moving force behind the injury alleged by proving a direct causal link between the municipal action and the deprivation of federal rights. *Brown,* 520 U. S. at 404.

## II. Sufficiency of Claims Asserted Against School Defendants

Each Plaintiff alleges a *Monell* claim against the Board of Education in Count XII of the Third Amended Complaint.  As a side note, the Court finds it necessary to point out that since Plaintiffs are suing the individual School Defendants in their individual capacities, Plaintiffs'

*Monell* claims asserted in Count XII are directed against the Board of Education *only*. This conclusion is based on the Third Amended Complaint and the attached chart of all claims asserted by the various Plaintiffs against the various Defendants. Doc. 196-1. Parties refer to *Monell* claims against the "School Defendants," which the Court assumes to mean the "Board of Education" which is one of the School Defendants.

Defendants contend that while ¶ 34 (subsections (a) to (pp) of the complaint purports to assert municipal liability claims under *Monell,* none of the assertions are sufficient. For example, Defendants argue that Plaintiffs rely on a breach of contract claim.[2] *See* Docs. 124, 265 & 268. Defendants also contend that some of the allegations are attempts to base *Monell* claims on vicarious liability instead of Defendants' own conduct.

A wholesale dismissal of Plaintiffs' *Monell* claims is improper and premature, based on the general arguments presented by Defendants in this motion. For example, Defendants argue that the allegations against Big Ross security guards in ¶34 cannot support a viable *Monell* claim because governmental entities cannot be vicariously liable for acts of third parties. While this is generally true, there are exceptions. A state actor can be liable for violent acts of third parties under the Fourteenth Amendment substantive due process clause where a special relationship exists between the state and the plaintiff, or where the state has created the danger.[3] Thus, a Plaintiff in this scenario can theoretically assert a viable *Monell* claim against the Board of Education based on acts of third parties without basing the claim on vicarious liability.

---

[2] *See* Docs. 124, 265 & 268 (Orders dismissing breach of contract claims based on third-party beneficiary status).

[3] The Court has previously determined that compulsory public school attendance is insufficient to create a special relationship under a substantive due process claim. *See* Doc. 330 at 6. Thus, any of the claims presented by Plaintiffs in this case would have to be based on a danger creation theory. The Court recently dismissed Plaintiff C.G.'s substantive due process claim on the basis that Plaintiff failed to sufficiently allege a substantive due process claim. *Id.*

Similarly, Defendants argue that Plaintiffs' allegations against School Defendants Ortega, Archuleta, Sanchez, and a non-defendant, Lloyd Vigil (the school psychologist, *see* Doc. 196 at ¶¶ 34(w)-(ee)) do not support a *Monell* claim because such claims cannot be based on respondeat superior. Defendants are correct that Plaintiffs' *Monell* claims against the Board of Education cannot be based on the individual School Defendants' conduct under a respondeat superior theory. Plaintiffs must show the existence of a policy or custom that is causally connected to the violation of a Plaintiff's constitutional rights, which necessarily assumes that one or more Plaintiffs successfully allege a constitutional claim. However, the other School Defendants are in another category, because Plaintiffs have asserted claims against the Defendants Ortega, Archuleta and Sanchez in their individual capacity only. *See* Doc. 196 ¶ 12. Because *Monell* claims are asserted against municipalities or entities which qualify as "persons" under § 1983, Plaintiffs' *Monell* claims—and the requirements for liability under the *Monell* standard—do not apply to these individual Defendants. Instead, liability must be premised on these individuals' own conduct which allegedly violates Plaintiffs' federal constitutional rights. The Third Amended Complaint contains 422 paragraphs, with each of the seven Plaintiffs alleging different factual scenarios against different Defendants. A general finding that the individual School Defendants are not liable to any of the Plaintiffs is inappropriate without considering the individual facts. Therefore, the Court denies this part of Defendants' request until such time as the Court considers the separate motions to dismiss focusing on individual Plaintiffs. As for Plaintiffs' assertions against non-defendant Lloyd Vigil, it is premature for the Court to determine whether evidence relating to this individual is relevant to any of Plaintiffs' claims.

Plaintiffs contend that the School Defendants were aware of a long-standing pattern of violence within the schools and created a policy or custom in deliberately failing to take

measures or steps to protect the students.[4]  In turn, the School Defendants' policy or custom has violated the students' constitutionally protected rights.  The Court must view the allegations favorably to Plaintiffs.  However, Plaintiffs' *Monell* claims cannot exist in a vacuum.  If the School Defendants' alleged conduct did not result in underlying constitutional violations (in other words, if it is later determined that Plaintiffs have failed to sufficiently assert constitutional claims), then Plaintiffs will have failed to assert viable *Monell* claims.[5]

Defendants are correct that a municipality cannot be held liable unless a constitutional or statutory violation occurred.  *See Trigalet v. City of Tulsa,* 239 F.3d 1150, 1154 (10th Cir. 2001); *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986).  The viability of municipal liability claims will therefore depend on whether any Defendant has violated the constitutional rights of any of the Plaintiffs.  However, the factual assertions differ from Plaintiff to Plaintiff and, without tying in these facts as to each Plaintiff, it is impossible to determine whether these particular *Monell* claims are viable.  The problem is that Defendant's motion categorizes the allegations in ¶ 34 without connecting them to the individual Plaintiffs.  The Court does not intend to figure out which assertions in the 42 subsections of ¶ 34 could possibly relate to each of the seven Plaintiffs, and then attempt to match all of these possibilities with the constitutional claims alleged by each Plaintiff.  Defendants have filed numerous motions to dismiss, each addressing the claims of the individual Plaintiffs. The Court will consider the viability of such claims when considering those motions.  In their separate motions to dismiss individual Plaintiffs, Defendants handily refer to the instant motion when moving to dismiss the *Monell* claims, as if the instant motion will dispense of those claims.  However, it is Defendants' burden

---

[4]  As the Court just discussed, reference to "School Defendants" in the context of a "policy or custom" in a *Monell* claim refers only to the School Board.
[5]  There are seven motions to dismiss pending as to individual Plaintiffs' claims (Docs. 242, 243, 244, 245, 246, 247 and 248).

to show the Court why a *particular* Plaintiff's municipal liability claim should be dismissed, and not assume that the Court will ferret out the specific allegations from within 42 paragraphs in the complaint in order to determine which ones may or may not connect to specific constitutional claims alleged by any of the Plaintiffs.  Thus, a wholesale dismissal of all *Monell* claims in this lawsuit is premature at this stage of the proceedings.

## II.     *Monell* Claim Asserted by Plaintiff C.G.

The Court recently dismissed Plaintiff C.G.'s substantive due process claim asserted in Count XII, granting Defendants' motion to dismiss on that ground.  *See* Doc. 330.[6]   The Court deferred ruling on Defendants' *Monell* claim, based on Defendants' reference to the instant motion.  Doc. 330 at 16.   The instant motion does not provide any more information regarding Plaintiff C.G.'s *Monell* claim, but the Court does not require any further information in order to determine whether Plaintiff C.G. has asserted a cognizable *Monell* claim.  With the dismissal of Plaintiff C.G.'s only constitutional claim, there is no possibility of a claim against the Board of Education.  *See DeAnzona v. City and County of Denver*, 222 F.3d 1229, 1236 (10th Cir. 2000) (to establish a *Monell* claim, plaintiff must show an underlying constitutional violation). Therefore, based on Plaintiff C.G.'s failure to allege an underlying constitutional claim, Plaintiff C.G.'s  *Monell* claim asserted against the School Board in Count 12 must be DISMISSED.  Further, Plaintiffs' *Monell* claims cannot be based on the School Defendants' conduct with regard to Plaintiff C.G.

---

[6]   In that Memorandum Opinion and Order, the Court also noted that compulsory public school attendance requirement cannot form the basis for a "special relationship" doctrine that can be relied on by Plaintiffs.  Doc. 330 at 6.   Thus, to the extent that any of the Plaintiffs allege a substantive due process claim based on acts by third parties, such claims will need to be proven under a "danger creation" theory.

**CONCLUSION**

In sum, I find and conclude that a wholesale dismissal of Plaintiffs' *Monell* claims is improper and premature at this time, pending the Court's determination as to whether any of the Plaintiffs have alleged a constitutional claim.

I also find and conclude that, based on the previous dismissal of Plaintiff C.G.'s sole constitutional claim of substantive due process, Plaintiff C.G.'s *Monell* claim in Count 12 is not a cognizable claim and, therefore, is dismissed. This ruling also means that Plaintiffs' *Monell* claims cannot be based on the School Defendants' conduct with regard to Plaintiff C.G.

**THEREFORE,**

**IT IS ORDERED** that the School Defendants' Motion to Dismiss All *Monell* Claims Asserted in the Third Amended Complaint **(Doc. 248)** is hereby DENIED WITHOUT PREJUDICE at this time as premature;

**IT IS FURTHER ORDERED** that Plaintiff C.G. has failed to allege a *Monell* claim against Defendant School Board, and that claim in Count 12 is hereby DISMISSED.

_____
UNITED STATES DISTRICT JUDGE