IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Sandra Montoya, on Behalf of her Minor Child,
S.M., et al.,

      Plaintiffs,

      v.        No. CV 10-651 WPJ/LFG

Española Public School District Board of Education,
et al.,

      Defendants.

**MEMORANDUM OPINION AND ORDER DISMISSING PLAINTIFFS' CLAIMS
FOR EQUITABLE RELIEF UNDER THE NEW MEXICO CONSTITUTION**

THIS MATTER comes before the Court upon a Motion to Dismiss All Plaintiffs' Claims for Equitable Relief Under the New Mexico Constitution, filed on April 20, 2012 **(Doc. 249)** by Defendants Española Public School District Board of Education, Dorothy Sanchez, Devanna Ortega, Lewis Johnson, and Dennis Gallegos ("School Defendants").

Having reviewed the parties' briefs and applicable law, I find that Defendants' motion is well-taken and shall be GRANTED.

**BACKGROUND**

Plaintiffs are students who were enrolled at either Española Valley High School or Carlos Vigil Middle School in northern-central New Mexico. The Third Amended Complaint (Doc. 196), brought by the students' parents, seeks class certification pursuant to Fed. R. Civ. P. 23(b)(2), and alleges negligence, third-party beneficiary claims of breach of contract and breach of implied contract, and violations of various rights under the New Mexico and United States Constitutions. Plaintiffs allege that the school administration is apathetic about school safety,

and that Defendants have created a dangerous environment for students, and have taken little or no action to prevent attacks on students by other students.

As Defendants note, the Court previously entered an Order dismissing with prejudice Plaintiffs' claims based on violations of the New Mexico State Constitution, Article II, § 18 (Docs 123 & 124). Subsequently, the Court granted Plaintiffs' motion to clarify the Order and found that the Court's dismissal of those claims seeking injunctive relief was premature because the parties had not specifically addressed the issue. (Doc. 145). The Court also found that Defendants' briefs "offered no legal argument concerning whether a specific waiver was necessary for claims requesting injunctive relief only." Doc. 145 at 5. In their Third Amended Complaint (Doc. 196), Plaintiffs limit their state constitutional claims to declaratory and injunctive relief. Defendants' briefing for this motion does not challenge the viability of Plaintiffs' state constitutional claims on the grounds that no waiver exists under the New Mexico Tort Claims Act, as they have previously done. *See* Doc. 123 at 9.[1] Instead, Defendants' arguments focus on the substantive merit of Plaintiff's claims, which the Court focuses on here.

## DISCUSSION

All Plaintiffs seek injunctive relief based on asserted violations of substantive due process under the New Mexico Constitution, Art. II, § 18, as well as violations of substantive due process under the United States Constitution. The question here is whether the New Mexico

---

[1] The Court assumes that Defendants have waived their argument that Plaintiffs must identify a specific waiver under the Tort Claims Act for the state constitutional claims seeking injunctive relief. *See Barreras v. State of New Mexico Corrections Dept.,* 133 N.M. 313, 319 (Ct. App. 2002). If they have, it is with good reason, since the Tort Claims Act does not bar a claim for injunctive relief. *See El Dorado Utilities, Inc. v. Eldorado Area Water & Sanitation*, 137 N.M. 217 (Ct. App. 2005); N.M.S.A. 1978 § 41-4-17(A) ("Nothing in this section shall be construed to prohibit any proceedings for mandamus, prohibition, habeas corpus, certiorari, injunction, or quo warranto.").

Constitution provides a heightened protection, such that the Court is required to analyze these claims separately.[2]

The Supreme Court of New Mexico has held that it has the power to "provide more liberty than is mandated by the United States Constitution." *State v. Gomez,* 122 N.M. 777, 932 P.2d 1 (1997). New Mexico courts have adopted what is called the "interstitial approach" to independent interpretation of provisions of the state constitution for which there are analogous provisions of the federal constitution. Under the interstitial approach, the court asks first whether the right being asserted is protected under the federal constitution. If it is, then the state constitutional claim is not reached. If it is not, then the state constitution is examined. *Gomez,* 122 N.M. 777, 932 P.2d 1 (1997). However, a state court adopting this approach may diverge from federal precedent for three reasons: a flawed federal analysis, structural differences between state and federal government, or distinctive state characteristics. *Id.* at 1359. Thus, the state constitution has been interpreted to provide broader protection where the federal analysis has been deemed flawed. *Id.*

Defendants contend that Plaintiffs' state constitutional claims should be dismissed not only because they fail the interstitial inquiry, but also because they fail to allege a claim under the *Twombly-Iqbal* standard, which requires that under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The allegations must be "enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

---

[2] The Court has already dismissed some of the federal constitutional claims alleged in the Third Amended Complaint. *See* Docs. 325, 330 & 332.

Substantive due process ensures that a state will not deprive a party of property for an arbitrary reason. *E. Spire Communications, Inc. v. Baca,* 269 F.Supp.2d 1310, 1324 (D.N.M. 2003) (citing *Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1210 (10th Cir. 2000)). The New Mexico Constitution provides in pertinent part that "[n]o person shall be deprived of life, liberty or property without due process of law; nor shall any person be denied equal protection of the laws. Equality of rights under law shall not be denied on account of the sex of any person." N.M. Const. Art. II, Sec. 18. The parallel language of the Fourteenth Amendment to the United States Constitution reads: "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const., Amend. XIV. The textual source does not suggest any difference between the state and constitutional due process provision: both prohibit a taking of property or a property right arbitrarily, or without due process. Thus, there is no structural difference between the two.

Plaintiffs contend that the School Defendants failed to comply with the administrative codes and state statutes regarding their obligation to provide education. *See* Doc. 196 at 2 ("Defendants are aware of a long-standing pattern of violence within the schools."). The Third Amended Complaint, as a whole, asserts a systemic failure to provide a safe learning environment. The problem is that Plaintiffs allege violations of substantive due process in the context of public education and adherence to state statutes and administrative codes, but there is no basis to find this protection exists as part of the state constitutional provision concerning due process, either on a structural basis or from an analytical standpoint.[3] Substantive due process is

---

[3] Article XII, § 1 of the New Mexico Constitution addresses public education ("A uniform system of free public school sufficient for the education of, and open to, all the children of school age in the state shall be established and maintained."). The Article goes on to address related issues such as compulsory attendance, structure, and funding. Plaintiffs also cite to New Mexico administrative codes which concern safety in the schools, calling for the development and implementation of policies that address bullying. N.M.Code R,§ 6.12.7.8.

4

generally accorded to matters relating to marriage, family, procreation, and the right to bodily integrity. *See Albright v. Oliver*, 510 U.S. 266 (1994) (citation omitted); *see also Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992) ("As a general matter, the Court has always been reluctant to expand the concept of substantive due process because guideposts for responsible decision-making in this unchartered area are scarce and open-ended.").

Plaintiffs do not argue that federal law is flawed. Doc. 288 at 6. Rather, they contend that New Mexico law is structurally different and has distinctive state characteristics in the area of education lacking in the federal government. While a state may not be constitutionally obligated to maintain a public school system, when it does (as they argue New Mexico does here), and when it requires attendance, these requirements give rise to certain rights of students. However, Plaintiffs' argument fails because the comparison they make is not between the federal and state substantive due process language, but between the federal substantive due process clause and an entirely different provision (Article XII, § 1) of the state constitution which addresses education, not due process. This is not a proper analysis under the interstitial approach. *See, e.g., State v. Cardenas-Alvarez*, 130 N.M. 386, 407-408 (2001) (comparing language of state and federal constitutional language to see if there are specific textual differences). There is nothing in the language of Article II, § 18 conferring due process rights in the context of education, nor is there anything in the language of either Article II or Article XII (even if the analysis permitted looking to another constitutional provision) which turns matters related to education into a fundamental right. Thus, Plaintiffs have not shown that there is a reason to warrant departure from federal precedent in the context of public education. *See ACLU of NM v. City of Albuquerque*, 139 N.M. 761, 770 (Ct. App. 2006) (the burden is on the party seeking relief under the state constitution to provide reasons for interpreting the state provisions

differently from the federal provisions when there is no established precedent); *cmp. id.* at 770 (where plaintiff failed to make the required showing for a divergence from federal precedent, court limited due process and equal protection analysis to the federal constitution, unpersuaded that the state constitution affords any greater protections); *E-Spire Communications, Inc. v. Baca*, 269 F. Supp.2d 1310, 1324 (D.N.M. 2003) (plaintiff failed to present any authority that the standard for substantive due process under the New Mexico Constitution differs from the standard for substantive due process under the United States Constitution, where plaintiff did not allege protectable property interest).  As a result, the state constitutional claim need not be reached in light of Plaintiffs' assertions of substantive due process violations under the federal constitution.

## CONCLUSION

The Court concludes that Plaintiffs have not shown that Article II, § 18 provides greater protection than its federal constitutional counterpart.  Thus, Plaintiffs' claims in Count 5 asserted as violations of the New Mexico state constitution in Article II, § 18 will be analyzed under its federal counterpart.[4]

The Court has deferred rulings on two of the Plaintiffs' state constitutional claims in Count 5.  *See* Docs 330 & 333 (regarding Plaintiff C.G.'s state constitutional claims, and Plaintiff E.S.' state constitutional claims, respectively).  Based on the foregoing discussion, and the Court's findings herein, state constitutional claims will be dismissed where Plaintiffs do not withstand dismissal on their federal due process claims.  Therefore, Count 5 in the Third Amended Complaint is hereby dismissed with regard to Plaintiff C.G. and Plaintiff E.S.

---

[4] The Court need not embark on a separate analysis regarding Defendants' argument that Plaintiffs fail to allege a claim under the *Iqbal-Twombly* standard.  Having determined that the state constitutional claim does not offer heightened protection, it follows that Plaintiffs cannot allege a separate claim under the New Mexico constitution, and that such claims must be dismissed under Fed.R.Civ.P. 12(b)(6) as well.

Finally, Plaintiffs have not shown that the state constitutional claims in Count 5 afford them greater protection that what is provided in the federal substantive due process claims asserted in Count 7. Thus, for the pending motions regarding other Plaintiffs, the state constitutional claims asserted in Count 5 will be dismissed where Plaintiffs do not withstand dismissal on their federal due process claims asserted in Count 7.

**THEREFORE,**

**IT IS ORDERED THAT** Defendants' Motion to Dismiss All Plaintiffs' Claims for Equitable Relief Under the New Mexico Constitution **(Doc. 249)** is hereby GRANTED for reasons described in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE