IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Sandra Montoya, on Behalf of her Minor Child,
S.M., et al.,

      Plaintiffs,

      v.                              No. CV 10-651 WPJ/LFG

Española Public School District Board of Education,
et al.,

      Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT PACHECO'S MOTION TO DISMISS COUNTS 7**
**AND 11 FROM THE THIRD AMENDED COMPLAINT**

THIS MATTER comes before the Court upon Defendant Pacheco's Motion to Dismiss Counts 7 and 11 of the Third Amended Complaint, filed April 30, 2012 (**Doc. 256**).[1] Having reviewed the parties' briefs and applicable law, I find that Defendant's motion is well taken and shall be granted.

**BACKGROUND**

Plaintiffs are students who were enrolled at either Española Valley High School or Carlos Vigil Middle School in northern-central New Mexico. The Third Amended Complaint, brought by the students' parents, seeks class certification pursuant to Fed. R. Civ. P. 23(b)(2), and alleges negligence, third-party beneficiary claims of breach of contract and breach of implied contract, and violations of various rights under the New Mexico and United States Constitutions.[2] Plaintiffs allege that the school administration is apathetic about school safety,

---

[1] The Court uses ordinal numbers to be consistent with the numbering system used by Plaintiffs in the claims chart attached to the Third Amended Complaint. Doc. 196, Ex. 1.

[2] The Court recently dismissed with prejudice Plaintiffs' state constitutional claims where Plaintiffs do not withstand dismissal of their federal constitutional claims. Doc. 334.

and that Defendants have created a dangerous environment for students and have taken little or no action to prevent attacks on students by other students.

The facts related to Plaintiff S.M.G. are set out in some detail in the Court's previous rulings regarding Plaintiff's claims asserted against another Defendant, Janette Archuleta. Doc. 335 at 5-7.  Plaintiff was a Plaintiff S.M.G. was a thirteen year-old male student attending Carlos Vigil Middle School. The Third Amended Complaint ("TAC") alleges that S.M.G. was the victim of repeated bullying and harassing by "bullies and gang members" during the 2009-10 school year which included, but are not limited to the following: a student repeatedly punching S.M.G. in the face and head in a classroom with the teacher absent, no substitute teacher, and no adult supervision (¶¶ 194-5); a student grabbing, shoving, and then attempting to throw S.M.G. over a ramp railing outside the school gym (¶ 218); a student grabbing S.M.G. by the neck and choking him (¶ 219); a student kneeing S.M.G. in his testicles (¶ 220).  Following one of the assaults, Plaintiff's mother, Elizabeth McCall-Guinn, came to the school to complain about the incidents.[3]  She also called the police and requested that a police report be filed.  Defendant Pacheco told her he could not file a report since he did not see the assault.  Plaintiff's father also arrived at the school, and saw Defendant leaving the school laughing with the parent of the student who assaulted S.M.G.  Defendant told Plaintiff's parents that "the father of the other student just got out of jail and it is a hard time for them."  Ms. McCall-Guinn responded, "I don't care.  The kid still knows right from wrong." Doc. 19, ¶ 238.

When Ms. McCall-Guinn called the police after a second assault to have an officer sent out to have it documented, Defendant Pacheco told her, "I can't be coming to the school for stuff like this"! Doc. 196, ¶ 264.  He then allegedly became rude and abrasive with Ms. McCall-

---

[3]  The facts set out in the Court's previous Memorandum Opinion and Order focused on the conduct of school officials, where in this motion, the facts are directed at the conduct of Defendant Pacheco.  The facts referenced are taken from the Third Amended Complaint, Doc. 196.

2

Guinn, informing her that he knew she had spoken to the Española police chief about his prior refusal to file a supplemental report. Defendant told Ms. McCall-Guinn that he did not need to interview S.M.G because he had already spoken to J.A., one of the student perpetrators, and was convinced there would be no further incidents. ¶ 266. Defendant informed Ms. McCall-Guin that he had determined that J.A. was not a gang member.

Plaintiff asserts that police have refused to press charges against J.A. because J.A.'s father is a former police officer, and his uncle is currently employed as a police officer. Doc. 196, ¶ 240. Plaintiff also alleges that police have refused to press charges against the student who kneed S.M.G. in the testicles, but arrested this student subsequently for attacking another student while repeatedly calling him "faggot." Doc. 196, ¶ 239.

The TAC alleges that S.M.G. is the victim of documented and escalating violence, which police, security, and school staff have taken little or no action to prevent. Doc. 196, at ¶¶ 268-271. S.M.G. frequently does not report the extent of the abuse he suffers at school because he is afraid of retaliation. S.M.G. now has pent up aggression and suffers from anxiety and emotional distress as a result of the above-described abuse. S.M.G. continues to be a straight "A" student.

## DISCUSSION

Plaintiffs' Third Amended Complaint (Doc. 196) asserts twelve causes of action against various defendants, but the only claims brought against Defendant Pacheco are asserted in the facts relating to Plaintiff S.M.G. (¶¶ 184-272), and brought as violations of Fourteenth Amendment Substantive Due Process (Count 7) and First Amendment Retaliation (Count 11).

**I.      Legal Standard**

Plaintiffs request that the Court deny the motion to dismiss, and in the alternative, to convert the motion into a summary judgment motion and allow Plaintiffs an opportunity to conduct limited discovery pursuant to Fed.R.Civ.P. 56(d). The alternative requested by Plaintiff

is denied.  The Court has already found Plaintiffs' Rule 56(d) affidavit to be deficient.  *See* Docs. 326 & 328.   In addition, the Court finds there is no need to convert this motion into a summary judgment motion, thereby rendering Plaintiffs' alternative request moot.

Defendants raise the defense of qualified immunity.  Qualified immunity shields government officials performing discretionary functions from liability for civil damages insofar as  their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Once a defendant pleads qualified immunity, the burden shifts to the plaintiff to show both that the defendant's alleged conduct violated the law and that that law was clearly established when the alleged violation occurred. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).  A right is clearly established "if [t]he contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.*  The challenged action need not have been previously declared unlawful, but its unlawfulness must be evident in light of existing law. *Beedle vs. Wilson*, 422 F.3d 1059 (10th Cir. 2005).  This is generally accomplished when there is controlling authority on point or when the clearly established weight of authority from other courts supports plaintiff's interpretation of the law.  *Id*.

The Court applies the same standard in evaluating the merits of a motion to dismiss in qualified immunity cases as to dismissal motions generally: a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A court must accept as true all well pleaded facts, as distinguished from conclusory allegations, and those facts must be viewed in the light most favorable to the non-moving party. *Shero v. City of Grove, Okl*., 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Twombly*, 550 U.S. 544).  The complaint must plead sufficient facts, taken as true, to provide plausible grounds that

discovery will reveal evidence to support the plaintiff's allegations. *Id.*

## II.     Substantive Due Process Claim

Plaintiff asserts that Defendant was "complicit in creating a dangerous environment at the schools." Doc. 290 at 2.    The TAC includes various details about Defendant Pacheco's employment past, including the fact that Defendant was fired or forced to resign from other law enforcement positions; that he has at least two federal civil rights judgments against him; and that he was investigated for allegations of bribery and intimidation of a witness.  Doc. 196 at 4. While these facts certainly call into question the wisdom of the City of Espanola employing Defendant Pacheco in a law enforcement capacity, they are not particularly germane to Plaintiff's substantive due process claim.

The due process clause does not transform every tort committed by a state actor into a constitutional violation. *DeShaney v. Winnebago County Dep't of Soc. Serv.*, 489 U.S. 189, 196-97 (1989).  Rather, a substantive due process claim must be predicated on "reckless or intentional injury-causing state action which "shocks the conscience." *Uhlrig v. Harder*, 64 F.3d 567, 572 (10th Cir.1995), *cert. denied*, 516 U.S. 1118 (1996).   In addition, state actors like Defendant Pacheco are liable only for their own acts, and not for the violent acts of third parties. *See Liebson v. New Mexico Corrections Dep't*, 73 F.3d 274, 276 (10th Cir. 1996).   *See* Doc. 330 at 5, & 335 at 8.

Plaintiff's substantive due process claims are premised on the danger-creation theory. Doc.290 at 9.   The "danger creation" theory provides that a state may be liable for an individual's safety "if it created the danger that harmed the individual." *Id*. (quoting *Uhlrig v. Harder*, 64 F.3d 567, 572 (10th Cir. 1995)); *DeShaney*, 489 U.S. at 199-200.  Plaintiff contends that Defendant Pacheco created a danger to S.M.G. in failing to investigate and file a police

report ("supplemental report"), thereby increasing Plaintiff's vulnerability to danger because of Pacheco's personal relationship with the assailant J.A. Doc. 196, ¶¶ 238-240, 242-244, 257-267. More than once in this case, the Court has previously undertaken an analysis of a substantive due process claim alleged against a state actor that was based on a third-party's actions. *See* Docs. 330, 333 and 335.   Applying that analysis to the facts in the instant motion, a claim based on the danger creation theory requires allegations of an affirmative act by Defendant Pacheco that put Plaintiff S.M.G. in danger. *Graham v. Independent School Dist. No. I-89*, 22 F.3d 991 (10th Cir. 1994); *Gray v. University of Colorado Hosp. Authority*, 672 F.3d 909, 916 (10th Cir. 2012). Based on the allegations in the TAC, and taking these allegations as true, the only affirmative act committed by Defendant Pacheco was his unwillingness to file a police report.   This does not "shock the conscience" by any means.  Pacheco had no role in punishing or disciplining the student perpetrators, nor was he in a position to do so.   Further, Pacheco's involvement (by failing a supplemental report) was requested by S.M.G.'s mother *after* the incidents took place. There are no facts suggesting a connection between the assaults and Defendant's declining to take police reports.   The allegations in the TAC indicate that Officer Pacheco did not file a supplemental report regarding an incident where J.A. kneed S.M.G. in the testicles; and that Plaintiff was shoved on two later occasions by another student (not J.A.).  The only subsequent contact between S.M.G. and J.A. was three weeks after Officer Pacheco declined to take a report, and that encounter did not involve any physical contact. Doc. 196, ¶ 261 (J.A. asking S.M.G. if another student had hit him).

Accepting the allegations in the TAC as true, there are no facts which suggest that Defendant Pacheco's actions in failing to take supplemental reports had an effect in causing, prolonging or exacerbating the assaults on S.M.G. by bullies and gang members.  Plaintiff urges the Court to consider the important of context in making a plausibility determination under the

*Iqbal-Twombly* standard.  *See Gee v. Pacheco*, 627 F.3d 1178 (10th Cir. 2010).   However, *Gee* does not modify the legal standard for a substantive due process claim, and under that standard, Plaintiffs have not alleged a claim for relief that is plausible on its face.

Accordingly, the Court finds that Defendant Pacheco is entitled to dismissal of this claim.

### III.     First Amendment Retaliation Claim

Plaintiff S.M.G.'s First Amendment retaliation claims are set forth in Doc. 196, ¶¶ 402-09.   Plaintiff claims that Defendant Pacheco retaliated against him because he exercised his right to free speech.

Generally speaking, government action "which chills constitutionally protected speech or expression contravenes the First Amendment."  Wolford v. Lasater, 78 F.3d 484, 488 (10th Cir. 1996).    The pertinent legal standard for a First Amendment claim in a non-employment context is set out as follows in *Worrell v. Henry*, 219 F.3d 1197 (10th Cir. 2000), *cert. denied*, 533 U.S. 916 (2001), showing that (1) plaintiff was engaged in constitutionally protected activity; (2) defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.  *Worrell,* 219 at 1212.

The Court makes no finding here as to whether Plaintiff S.M.G. engaged in protected activity.  First, it was S.M.G.'s mother, and not S.M.G., who had any contact at all with Defendant Pacheco.  Second, Ms. McCall-Guin's request to Defendant to file a police report on her son's assault is not protected activity.  Even assuming that Plaintiff's claim satisfies the first *Worrell* prong, he fails on the others.  Plaintiff contends that Pacheco retaliated against S.M.G. when S.M.G.'s mother asked him to file a report by declining to do so.   This does not constitute retaliation under the First Amendment.   First, the Court is not convinced that *inaction* is an

7

adverse action. Second, even if it could be, Plaintiff's First Amendment rights were not violated. Denying someone the ability to report physical assaults is an infringement of protected speech. *See Seamons v. Snow*, 84 F.3d 1226, 1238 (10th Cir.1996), *cited in Meyer v. Bd. of County Com'rs of Harper County, Okla.*, 482 F.3d 1232, 1243 (10th Cir. 2007) ("filing a criminal complaint with law enforcement officials constitutes an exercise of the First Amendment right" to petition the government for the redress of grievances). However, there are no facts at all which infer that Defendant Pacheco acted in a way that prevented or discouraged Ms. McCall-Guin from filing her own reports—which she did.

## CONCLUSION

In sum, the Court finds and concludes that Defendant Pacheco is entitled to dismissal of Plaintiff S.M.G.'s substantive due process claim in Count 7 and Plaintiff S.M.G.'s First Amendment retaliation claim in Count 11.

**THEREFORE,**

**IT IS ORDERED** that Defendant Pacheco's Motion to Dismiss Counts 7 and 11 of the Third Amended Complaint **(Doc. 256)** is hereby GRANTED for reasons described in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE