## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

Sandra Montoya, on Behalf of her Minor Child,
S.M., et al.,

      Plaintiffs,

v.                                                                          No. CV 10-651 WPJ/LFG

Española Public School District Board of Education,
et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT BRIAN MARTINEZ' MOTION TO DISMISS COUNTS 9 AND 10 OF THIRD AMENDED COMPLAINT ON CLAIMS ASSERTED BY PLAINTIFF G.T.

THIS MATTER comes before the Court upon Defendant Brian Martinez' Motion to Dismiss Third Amended Complaint and for Qualified Immunity, filed April 30, 2012 (**Doc. 257**). Having reviewed the parties' briefs and applicable law, I find that Defendant's motion is well-taken and shall be granted.

## BACKGROUND

Plaintiffs are students who were enrolled at either Española Valley High School or Carlos Vigil Middle School in northern-central New Mexico. The Third Amended Complaint (Doc. 196), brought by the students' parents, seeks class certification pursuant to Fed. R. Civ. P. 23(b)(2), and alleges negligence, third-party beneficiary claims of breach of contract and breach of implied contract, and violations of various rights under the New Mexico and United States Constitutions. Plaintiffs allege that the school administration is apathetic about school safety, and that Defendants have created a dangerous environment for students, and have taken little or no action to prevent attacks on students by other students.

A.      Alleged Facts Relevant to Plaintiff G.T.

        Plaintiff G.T. is the only Plaintiff asserting claims against Defendant Martinez

("Defendant"), alleging claims of Fourth Amendment unlawful seizure and excessive force,

Counts 9 and 10, respectively.[1]  Defendant contends that Plaintiff has failed to allege sufficient

facts to support these claims.  Plaintiff G.T. was a seventeen year-old girl who was in Special

Education classes at Española Valley High School ("Española").  The facts, according to the

Third Amended Complaint (Doc. 196) are as follows.

132.    In December 2009, G.T. got into a fight with another girl at Española Valley High
School.

133.    Security Guards separated the girls. When G.T. began to walk away, Defendant Security
Guard John Doe carried her to the school's Teen Center.

134.    Once at the Teen Center, Defendant John Doe held G.T.'s arms behind her back causing
G.T. extreme pain.

135.    As G.T. attempted to relieve the pain and pressure, Defendant John Doe applied even
more pressure to her arms, causing extreme pain and distress to G.T.

136.    Defendant Assistant Principal Devanna Ortega insisted that law enforcement arrest G.T.

137.    Defendant Police Officer Bryan Martinez arrived at the Teen Center and restrained G.T.
on the floor.

138.    G.T.'s parents were called to the school.

139.    G.T.'s parents asked Defendant Bryan Martinez if he knew that G.T. had a Behavioral
Intervention Plan (BIP).

140.    Defendant Bryan Martinez told the parents, "None of that matters to us. What is that?
What is her disability?"

141.    G.T.'s parents explained that G.T. suffers from ADHD and defiant opposition disorder.

142.    Defendant Bryan Martinez waited for instructions from a Juvenile Probation and Parole

---

[1]   Defendant alleges in the motion that Plaintiffs E.S. and E.M., as well as G.T., fail to assert sufficient facts to
withstand dismissal under Rule 12(b)(6).  However, Plaintiff correctly points out that the Third Amended Complaint
does not indicate that Plaintiffs E.S. and E.M. allege claims against Defendant Brian Martinez.  *See* Doc. 284 at 3,
and Third Amended Complaint, Doc. 196, Ex. 1.

Officer ("JPPO").

143.     Based on the information provided by these Defendants, the JPPO's office told Defendant Bryan Martinez to arrest G.T.

144.     Defendant Bryan Martinez handcuffed G.T. and took her to the police station.

145.     The police took G.T. to the Española hospital for a physical exam and then took her to the Santa Fe County Detention Center.

Doc. 196.

Plaintiff exhorts the Court to "consider the context and full scope of the Third Amended complaint" in considering the motion.  Doc. 284 at 3.   However, in determining whether G.T.'s Fourth Amendment rights were violated, the only relevant facts are those concerning G.T.  *See U.S. v. Raines*, 362 U.S. 17, 22 (1960); *Cotner v. Campbell*, 795 F.2d 900, 902 (10th Cir. 1986) (in an action under § 1983, "a litigant may only assert his own constitutional rights or immunities").  Therefore, in determining whether Plaintiff G.T. has asserted a Fourth Amendment claim against Defendant Martinez, while the Court considers the facts favorably to Plaintiff, facts which concern other Defendants or other Plaintiffs are not relevant here.

B.     Legal Standard

Plaintiff also requests that the Court deny the motion to dismiss, and in the alternative, convert the motion into a summary judgment motion and allow Plaintiff an opportunity to conduct limited discovery pursuant to Fed.R.Civ.P. 56(d).   The alternative requested by Plaintiff is denied.  The Court has already found Plaintiff's Rule 56(d) affidavit to be deficient.  *See* Docs. 326 & 328.   In addition, the Court finds there is no need to convert this motion into a summary judgment motion, thereby rendering Plaintiff's alternative request moot.

Defendants raise the defense of qualified immunity.  Qualified immunity shields government officials performing discretionary functions from liability for civil damages insofar

3

as  their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Once a defendant pleads qualified immunity, the burden shifts to the plaintiff to show both that the defendant's alleged conduct violated the law and that that law was clearly established when the alleged violation occurred.  *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).   A right is clearly established "if [t]he contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.*  The challenged action need not have been previously declared unlawful, but its unlawfulness must be evident in light of existing law.  *Beedle vs. Wilson*, 422 F.3d 1059 (10th Cir. 2005).  This is generally accomplished when there is controlling authority on point or when the clearly established weight of authority from other courts supports plaintiff's interpretation of the law.  *Id.*

The Court applies the same standard in evaluating the merits of a motion to dismiss in qualified immunity cases as to dismissal motions generally: a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A court must accept as true all well pleaded facts, as distinguished from conclusory allegations, and those facts must be viewed in the light most favorable to the non-moving party. *Shero v. City of Grove, Okl.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Twombly*, 550 U.S. 544).   The complaint must plead sufficient facts, taken as true, to provide plausible grounds that discovery will reveal evidence to support the plaintiff's allegations.  *Id.*

## DISCUSSION

### I.    Unlawful Seizure

Defendant does not dispute that a seizure took place (Doc. 318 at 2), but disputes only

that the seizure was unlawful because a lawful seizure does not violate the Fourth Amendment.

With limited exceptions, a search or seizure requires either a warrant or probable cause. *Pacheco v. Hopmeier*, 770 F.Supp.2d 1174, 1182 (D.N.M.,2011).   The United States Supreme Court has held that while the Fourth Amendment applies to searches conducted by public school officials on school grounds, the special circumstances of the public school environment justify departure from the probable cause requirement. *See New Jersey v. T.L.O.*, 469 U.S. 325, 333, 341 (1985).  *T.L.O.* established that as applied to school administrators, the legality of a search should depend on the reasonableness, under all circumstances, of the search.   It established a two-part test: (1) whether the officers initially had justification for the search; and (2) whether the scope of the search was reasonably related to the circumstances that initially justified the interference. *Id.*   The Tenth Circuit applies the *T.L.O.* standard not just to searches, but also to seizures by school administrators on school grounds.  *Pacheco,* 770 F.Supp.2d at 1183 (citations omitted).  Thus, in this Circuit, a seizure made by a school administrator on school grounds must be both (1) initially justified and (2) reasonably related in scope to the circumstances that justified the initial seizure.  *Id.*

However, in *Jones v. Hunt,* the Tenth Circuit held that relevant Fourth Amendment standard is not the *T.L.O.* standard where a joint police officer-school administrator seizure is not for the purpose of maintaining order on school property.  410 F.3d 1221, 1228 (10th Cir. 2005). In *Jones,* the Tenth Circuit made clear that there is no justification for easing the usual requirement of probable cause and instead applying the *T.L.O.* reasonableness standard when the police are involved in a seizure that is not designed to maintain school order or security. *Pacheco,* 770 F.Supp.2d at 1183.    In addition, even where a defendant officer's initial conduct was governed by the *T.L.O.* standard, once an officer removes a person from his home or other

5

place in which he is entitled to be (such as a school) and transports that person to the police station for investigative purposes, the line is crossed and the probable cause standard applies. *Pacheco,* 770 F.Supp.2d at 1184.   The decision of the United States Supreme Court in *T.L.O.* and of the Tenth Circuit in *Jones* were clearly established at the time of the underlying incident involving Plaintiff G.T.

The Third Amended Complaint ("complaint") alleges that Defendant removed G.T. from the school after handcuffing her.   Thus, regardless of whether *T.L.O.* was the correct standard to apply initially, G.T.'s removal from the school by Defendant requires that the Court apply the Fourth Amendment probable cause standard in looking at Defendant's conduct.   The existence of probable cause for the arrest means that the seizure was lawful, in which case Defendant would be entitled to dismissal on this claim.

Based on Plaintiff's own facts, G.T.'s conduct was disruptive enough to require intervention by not only the Assistant Principal Ortega, but also the JPPO.   Also based on Plaintiff's own facts, Defendant was instructed by the JPPO's office to arrest G.T.   Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense.   *Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995), cited in *Oliver v. Woods* et al, 209 F.3d 1179, 1186 (10th Cir. 2000) (§ 1983 claim for illegal seizure, reversing district court's decision and granting qualified immunity to police officers).   In this case, Assistant Principal Ortega notified law enforcement of the incident, and insisted that the arrest be made.   Defendant arrived at the Teen Center when Plaintiff had already been restrained, and had not observed the incidents which led to that point.   Defendant's conduct in handcuffing Plaintiff and taking her to the police station, based on the information and

instruction given by the JPPO, was reasonable in those circumstances and under clearly established law.

Plaintiff's references to the lack of parental consent for the arrest, as well as references to a "Behavioral Intervention Plan" ("BIP"), presumably to deal with G.T.'s defiant opposition disorder, has no place in a Fourth Amendment analysis.  Defendant was not required to ask either whether G.T. might have a BIP in place, or whether G.T.'s parents approved of the arrest, as long as he otherwise had probable cause.[2]  In this case, the information Defendant received from individuals who were in authority and were competent to provide him with sufficient information to establish the existence of probable cause.

Alternatively, the Court finds that Defendant is entitled to qualified immunity because the law was not clearly established on the general facts of this case.  A clearly established right is one whose contours "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).  The relevant law need not be exactly corresponding, just that the law represents a "reasonable application of existing law" to the circumstances of the case.  *Johnson v. Martin,* 195 F.3d 1208, 1216 (10th Cir. 1999).   What is important is that the specific conduct at issue is unlawful and that the unlawfulness of the alleged action must have been apparent.  *Jones,* 415 F.3d 1221.  Here, having arrived at the school after the incident occurred, Defendant found G.T. being restrained by a "John Doe" security guard and was told by the assistant principal that law enforcement needed to arrest Plaintiff.  Defendant did not act immediately on those instructions, but waited for further instructions from a Juvenile Probation and Parole Officer before

---

[2]   Plaintiff offers no case law which indicates that it was clearly established law at the time that a police officer needs parental consent before arresting a minor, regardless of whether probable cause exists.  *Cmp., Pacheco,* 770 F.Supp.2d at 1192 (court did not answer the question because there was a dispute of fact as to whether consent existed).

handcuffing G.T. and taking her to the police station.  The law was not clearly established that a reasonable officer was violating a student's Fourth Amendment rights by continuing to restrain her and taking her into custody after finding her already restrained, and having received instructions from a juvenile probation and parole officer to arrest the student.

Plaintiff argues that the law *was* in fact clearly established, based on *Jones v. Hunt,* but the Court finds the facts in those cases to be worlds apart.  In *Jones,* the police officer harassed the student at her high school for several hours, and then threatened to arrest her.  The facts in *Pacheco,* on which Plaintiff also relies, are also distinguishable.  In *Pacheco,* two police officers went to the student's high school and arranged for the school principal to call him out of class. The police cornered the student and demanded that he accompany them to the police station for questioning.   In the instant case, the incident was not police-initiated.  Defendant arrived after Plaintiff had already been involved in a fight and been restrained by other individuals, and acted only after receiving information from a school official and the Juvenile Probation and Parole Officer.

Further, while Plaintiff urges the Court to view facts from the eyes of a "vulnerable, seventeen-year-old girl" (Doc. 284 at 9), this is not the appropriate vantage point for a qualified immunity inquiry.  Plaintiff is correct that the *facts* must be viewed favorably to Plaintiff, and the Court has done exactly that in considering only the facts as alleged by Plaintiff and assuming them to be true.  However, in a qualified immunity inquiry, the question is not how Plaintiff *felt* based on those facts, but whether Defendant's actions were reasonable in light of the law that existed at the time.

Therefore, Defendant is entitled to qualified immunity.  The possibility of misconduct is not sufficient to allege a Fourth Amendment violation under *Iqbal.*   Further, the Court finds that

the law was not clearly established such that Defendant would have known that, under the facts alleged by Plaintiff, he was violating her constitutional rights.

## II.     Excessive Force

Plaintiff's excessive force claim also cannot withstand dismissal.  Plaintiff alleges that the school security guards broke up the fight and restrained her, causing her pain.   When Defendant arrived on the scene, Plaintiff was already restrained.  Thus, the excessive force claim appears to center around being handcuffed by Defendant. An unduly tight handcuffing can constitute excessive force where a plaintiff alleges some actual injury from the handcuffing and alleges that an officer ignored a plaintiff's timely complaints (or was otherwise made aware) that the handcuffs were too tight.  *Fisher v. City of Las Cruces,* 584 F.3d 888 (10th Cir. 2009) citing *Cortez v. McCauley,* 478 F.3d 1108, 1129 (10th Cir. 2007).  Thus, a plaintiff must show both that the force used was more than reasonably necessary and some actual injury caused by the unreasonable seizure that is not de minimis, be it physical or emotional.  *Id.*

No such facts are alleged in the complaint.  Plaintiff's response contends that the situation involved excessive force because G.T. is a young girl "surrounded by adults, detained painfully by a security guard, and against the floor for a considerable amount of time by [Defendant]."   Doc. 284 at 11.   These are not "facts" which make out a claim of excessive force under Tenth Circuit precedent.  *See, e.g., Lyons v. City of Xenia*, 417 F.3d 565, 576 (6th Cir.2005) (finding a plaintiff did not make out excessive force claim where the plaintiff failed to complain to the officers that the handcuffing caused her pain), *cited in Fisher,* 584 F.3d at 896. The facts as alleged are insufficient, as a matter of law, to support an excessive force claim if the use of handcuffs is otherwise justified.  *Cortez v. McCauley,*  478 F.3d at 1129.

Accordingly, Defendant is entitled to dismissal on this claim as well.

**CONCLUSION**

In sum, I find and conclude that Defendant Brian Martinez is entitled to dismissal on Plaintiff G.T.'s Fourth Amendment unlawful arrest claim in Count 9.   The facts alleged by Plaintiff are not sufficient to allege a Fourth Amendment violation under *Iqbal.*   Further, the Court finds that the law was not clearly established such that Defendant would have known that, under the facts alleged by Plaintiff, he was violating her constitutional rights.

I also find and conclude that Plaintiff G.T. does not allege a viable excessive force claim under clearly established Tenth Circuit precedent, and thus Defendant is entitled to dismissal on Count 10 as well.

**THEREFORE,**

**IT IS ORDERED** that Defendant Brian Martinez' Motion to Dismiss Third Amended Complaint and for Qualified Immunity, filed April 30, 2012 **(Doc. 257).**

_____
UNITED STATES DISTRICT JUDGE