IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Sandra Montoya, on Behalf of her Minor Child,
S.M., et al.,

    Plaintiffs,

v.     No. CV 10-651 WPJ/LFG

Española Public School District Board of Education,
et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING SCHOOL DEFENDANTS'
MOTION TO DISMISS PLAINTIFF S.V.'S CLAIMS IN THIRD AMENDED
COMPLAINT REGARDING PLAINTIFF'S FOURTEENTH AMENDMENT
SUBSTANTIVE DUE PROCESS CLAIM AND *MONELL* CLAIM,
and
DENYING SCHOOL DEFENDANTS' MOTION TO DISMISS ON PLAINTIFF S.V.'S
NEGLIGENCE CLAIM IN COUNT 3 BROUGHT UNDER THE NEW MEXICO TORT
CLAIMS ACT**

THIS MATTER comes before the Court upon a Motion to Dismiss the Third Amended Complaint Filed by Plaintiff S.V., filed on April 20, 2012 by Defendants Española Public School District Board of Education, Dorothy Sanchez, Devanna Ortega, Lewis Johnson, and Dennis Gallegos ("School Defendants" or "Defendants"), **(Doc. 247)**.  Having reviewed the parties' briefs and applicable law, the Court grants Defendants' motion with regard to Plaintiff's substantive due process claim brought in Count 7, and the municipal liability claim (*Monell*) claim in Count 12; but denies Defendants' motion on Plaintiff's negligence claim in Count 3 brought under the New Mexico Tort Claims Act.

## BACKGROUND

Plaintiffs are students who were enrolled at either Española Valley High School or Carlos Vigil Middle School in north-central New Mexico.  The Third Amended Complaint (Doc. 196), brought by the students' parents, seeks class certification pursuant to Fed. R. Civ. P.  23(b)(2),

and alleges negligence, third-party beneficiary claims of breach of contract and breach of implied contract, and violations of various rights under the New Mexico and United States Constitutions. Plaintiffs allege that the school administration is apathetic about school safety, and that Defendants have created a dangerous environment for students, and have taken little or no action to prevent attacks on students by other students.

Plaintiff S.V. alleges claims of §1983 Fourteenth Amendment substantive due process in Count 7 against the Española Public School District Board of Education ("Board of Education"), Associate Superintendent Dorothy Sanchez, and Carlos Vigil Middle School Assistant Principal Dennis Gallegos;[1] a municipal liability claim against the Board of Education in Count 12; claims for equitable relief against the Board of Education under the New Mexico State Constitution in Count 5; and negligence claims in Count 3 brought under the New Mexico Tort Claim Act, NMSA 1978 §§ 41-4-1, et seq.

A.  Alleged Facts Relevant to Plaintiff S.V.

The relevant facts are set forth in the Third Amended Complaint ("TAC"), ¶¶ 159-183. In February 2010, Plaintiff S.V. was, at the time the complaint was filed, a 13 year-old female student who transferred from a private school in Española to Carlos Vigil Middle School to participate in varsity golf. The TAC alleges that several girls at the school started harassing S.V. In March of 2010, one of these girls shoved S.V., and S.V. turned around and hit the girl in self-defense. The attacker was suspended, but continued to attend school. The following month, in April, two female students attempted to block S.V. from entering her math class. S.V. told the teacher, Mr. Anthony Salazar, that the other students were threatening her, and Mr. Salazar told Plaintiff to sit down. Again in April three female students attacked S.V. outside of this same

---

[1] The Third Amended Complaint (Doc. 196) includes a chart (Ex. 1) which represents an accurate representation of each Plaintiff's claims asserted against each Defendant in this case.

math class; this attack was recorded with a student's cell phone. The Española police arrived at the school in response to this incident, but Defendant Assistant Principal Dennis Gallegos only reported two of the three girls to the police. According to the TAC, the third unreported girl instigated the fight.

Plaintiff's mother, Charlene Guinn, confronted Defendant Gallegos with the video showing S.V. being attacked by three other female students. Ms. Guinn asked Defendant Gallegos for the report of the incident, but he did not have one. Ms. Guinn then asked for a complaint form, but Defendant Gallegos told her he did not have one and that he had never seen one before. Ms. Guinn then went to speak to the Española Police Department, which decided to include the third student in the report after Ms. Guinn provided the police with that student's contact information. That student was suspended for three days. However, despite being suspended, the third student remained at school and tried, along with another student, to push S.V. down a stairwell. Ms. Guinn never was given an answer as to why the student was suspended only for three days, when the school's official code of conduct calls for a suspension of five to ten days if the student is hindering the education process.

Ms. Guinn submitted a complaint form regarding the incidents after receiving one from Defendant Associate Superintendent Dorothy Sanchez. Defendant Sanchez told Ms. Guinn she would deal with the incident but would not speak to Ms. Guinn about Defendant Gallegos' failure to discipline the student attackers. Since Ms. Guinn submitted the complaint form, Defendant Gallegos threated that S.V. may not be eligible to remain on the varsity golf team.

Prior to the assault, S.V. maintained average grades. S.V. continues to be bullied and is now afraid to go to school.

B.  Legal Standard

Defendants raise the defense of qualified immunity. Qualified immunity shields government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Once a defendant pleads qualified immunity, the burden shifts to the plaintiff to show both that the defendant's alleged conduct violated the law and that that law was clearly established when the alleged violation occurred. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). A right is clearly established "if [t]he contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* The challenged action need not have been previously declared unlawful, but its unlawfulness must be evident in light of existing law. *Beedle vs. Wilson*, 422 F.3d 1059 (10th Cir. 2005). This is generally accomplished when there is controlling authority on point or when the clearly established weight of authority from other courts supports plaintiff's interpretation of the law. *Id*.

The Court applies the same standard in evaluating the merits of a motion to dismiss in qualified immunity cases as to dismissal motions generally: a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court must accept as true all well pleaded facts, as distinguished from conclusory allegations, and those facts must be viewed in the light most favorable to the non-moving party. *Shero v. City of Grove, Okl.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Twombly*, 550 U.S. 544). The complaint must plead sufficient facts, taken as true, to provide plausible grounds that discovery will reveal evidence to support the plaintiff's allegations. *Id.*

Plaintiff requests that the Court deny the motion to dismiss, and in the alternative, convert the motion into a summary judgment motion and allow Plaintiff an opportunity to conduct limited discovery pursuant to Fed.R.Civ.P. 56(d).   The alternative requested by Plaintiff is denied.  The Court has already found Plaintiff's Rule 56(d) affidavit to be deficient.  *See* Docs. 326 & 328.   In addition, the Court finds there is no need to convert this motion into a summary judgment motion, thereby rendering Plaintiff's alternative request moot.

## DISCUSSION

In this motion, Defendants move for dismissal of S.V.'s negligence claims in Count 3, brought pursuant to the New Mexico Tort Claim Act, NMSA 1978 §§ 41-4-1 et seq ("NMTCA"), and Plaintiff's substantive due process claims and municipal liability claims. Defendants also claim that the Court has dismissed Plaintiffs' claim of breach of contract claim in Count 2 and for equitable damages under the New Mexico Constitution in Count 5. However, according to the claims chart (Doc. 196, Ex. 1), Plaintiff S.V. does not assert a breach of contract claim against the School Defendants, and in a previous Memorandum Opinion and Order, the Court dismissed claims for equitable relief under the state constitution which were asserted by other Plaintiffs.  *See* Doc. 334.   In that Order, the Court ruled that the state constitutional claims for all Plaintiffs would be dismissed where the federal constitutional claims were dismissed.  *Id.* at 7 (finding that Plaintiffs failed to show that the state constitutional claims in Count 5 afford greater protection than what is provided in the federal constitutional claims). Therefore, the Court need not address those claims here, but will instead limit the discussion to Plaintiff S.V.'s Fourteenth Amendment substantive due process claim in Count 7, the municipal liability claim in Count 12, and the negligence claim in Count 3.  Plaintiff also asserts a common-law negligence claim in Count 4 against Defendant Big Ross, which is not relevant to the parties' briefs and so the Court does not address here.

5

I.      **Fourteenth Amendment Substantive Due Process Claim**

The Court has addressed § 1983 substantive due process claims alleged by other Plaintiffs in this case, and thus there is no need to reiterate either the framework or the basis for the Court's analysis for this claim.  *See* Docs. 333 at 9-12;  335 at 8-9; 339 at 10-15; and 340 at 5-8.    Similar to other Plaintiffs alleging a substantive due process claim, Plaintiff S.V. alleges this claim under a danger creation theory only (Doc. 283 at 13) and correctly does not assert the claim under a special relationship theory (*see, e.g.,*  Docs. 333 at 10; 340 at 6, noting that compulsory education laws do not provide a basis for a special relationship theory).

As the Court previously noted, the Tenth Circuit has held that a school's alleged failure to take action designed to ensure the student's safety "in the face of known dangers" does not create a basis for liability under the danger creation theory.  *Graham v. Independent School Dist. No. I-89*, 22 F.3d 991 (10th Cir. 1994).   Even the foreseeability of harm cannot create an affirmative duty to protect without the existence of a custodial relationship, or without an affirmative act on the part of the school officials which puts the student in danger.  *Id*. at 994; *see also Gray v. University of Colorado Hosp. Authority*, 672 F.3d 909, 916 (10th Cir. 2012).   Thus, in order to sufficiently allege that Defendants violated her substantive due process rights, Plaintiff G.T. must allege facts consistent with affirmative conduct taken by Defendants that put her in danger.

The Court agrees with Defendants that Plaintiff fails to allege such affirmative action, but rather alleges "active inaction" (as coined by Defendants, see Doc. 247 at 9).    Plaintiff alleges that the Defendants "increased S.V.'s vulnerability to danger" specifically by "by their *failure* to take any steps to protect" Plaintiff.  Doc. 283 at 15.   Plaintiff also alleges that Defendants inadequately addressed the situation when S.V. was attacked by allowing the attackers back onto to the campus with little or no repercussions.  TAC, ¶ 326.   These assertions fail to sufficiently allege a plausible substantive due process claim; at best, S.V. alleges a negligent failure to act,

6

which does not square with the minimal pleading requirements to support a claim brought under a danger creation theory. As Defendants note, the allegations in Count 7 do not add anything to S.V.'s claim because it is pled in the aggregate. Count 7 alleges a Fourteenth Amendment substantive due process claim by *all* Plaintiffs against several Defendants, but Plaintiff S.V. cannot premise violations of her own civil rights upon the rights of others. *See Dohaish v. Tooley,* 670 F.2d 934, 936 (10th Cir. 1982); *Trujillo v. Bd. of Cty. Commissioners,* 768 F.2d 1186, 1187 (10th Cir. 1985).

In ruling on other Plaintiffs' substantive due process claims, the Court has used the case, *Armijo by and Through Chavez v. Wagon Mound Public Schools* (*"Wagon Mound"*) for comparison. In that case, the school officials took several affirmative actions which led to the very unfortunate situation where the student committed suicide: school officials (1) suspended the student/plaintiff from school, which caused him to become distraught and to threaten violence; (2) drove the suicidal student to his home; and (3) left him alone with access to firearms. *See* 159 F.3d 1253, 1261 (10th Cir. 1998). Plaintiff S.V. asserts no facts which begin to approach the kind of affirmative conduct that occurred in *Wagon Mound.*

Accordingly, Defendants are entitled to dismissal of Plaintiff S.V.'s substantive due process claim brought in Count 7. This dismissal includes Plaintiff's requests for injunctive relief under Count 7, as well as for injunctive relief requested in the state constitutional claims in Count 5.

## II.     Municipal Liability Claim (*Monell* Claim)

In Count 12, Plaintiff S.V. asserts *Monell* claims based on violations of her Fourteenth Amendment claim. It is well-established that a municipality may be held liable under 42 U.S.C. § 1983 only for its own unconstitutional or illegal policies and not for the tortious acts of its employees. *Monell v. Dept of Soc. Servs. of City of N. Y.*, 436 U. S. at 694 (1978); *Barney v.*

*Pulsipher*, 143 F. 3d 1299, 1307 (10th Cir. 1998). Plaintiff has failed to sufficiently allege a constitutional claim against the Defendants, and therefore cannot allege *Monell* claims based on that claim.

Further, Plaintiff S.V. does not allege any claims against any other state actor which essentially precludes Plaintiff from asserting any further *Monell* claims in this case. Because Plaintiff has failed to allege an underlying constitutional claim, her *Monell* claims must also be dismissed. *Butler v. City of Prairie Village*, 172 F.3d 736, 747 (10th Cir.1999) ( municipal liability may not be imposed on an entity defendant where individual defendants are found to have committed no constitutional violation); *DeAnzona v. City and County of Denver*, 222 F.3d 1229, 1236 (10th Cir. 2000) (to establish a *Monell* claim, plaintiff must show an underlying constitutional violation).

**III.    Negligence Claim**

Defendants seek dismissal of Plaintiff's negligence claim in Count 3, brought pursuant to the New Mexico Tort Claims Act ("Tort Claims Act"), contending that S.V. has failed to identify a waiver of immunity in NMSA 1978, § 41-4-6. That section waives governmental immunity for claims of "bodily injury, wrongful death or property damaged caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building, public park, machinery, equipment or furnishings." NMSA 1978, § 41-4-6. The waiver in this section applies if the negligent "operation or maintenance" creates a dangerous condition that threatens the general public or a class of users of the facility at issue. *Espinoza v. Town of Taos*, 120 N.M. 680, 683 (1995). Defendants claim that Plaintiff has failed to identify a waiver of sovereign immunity under the Tort Claims Act because § 41-4-6 does not encompass the type of injuries claimed by Plaintiff. Specifically, Defendants argue that S.V. has not suffered a "bodily injury" as required by the plain language of § 41-4-6, but has suffered only severe

8

psychological injuries.

Here, the Court must disagree with Defendants, at least for the time being. The Tort Claims Act does not specifically define bodily injury, but the Court finds that Plaintiff S.V.'s allegations come within the waiver of immunity in § 41-4-6 when considered under the *Iqbal-Twombly* standard. Further, the scope of § 41-4-6 has been read broadly by New Mexico courts to protect private citizens from the consequences of dangerous conditions created by public employees in the "operation and maintenance" of public facilities. *Bober v. N.M. State Fair,* 111 N.M. 644, 653 (1991). At this point, it is difficult to know the extent and exact nature of S.V.'s injuries, but Plaintiff does allege that she was "attacked," "assaulted" and that another student attempted to push her down a stairwell. For now, these allegations allege a plausible claim under the Tort Claims Act.[2]

Also, it is important to note that allegations of negligent supervision do not provide a waiver of immunity under the Tort Claims Act. *See Encinias v. Whitener Law Firm, P.A.*, 294 P.3d 1245, 1249 -1250 (N.M.App.,2012) (claim brought under 41-4-6 alleging negligent supervision must be directly tied to the operation and maintenance of the building and "must be of a kind which makes the premises dangerous, or potentially so, to the affected public, the consumers of the service[,] or the users of the building" to waive immunity). Here, however, Plaintiff S.V. alleges more than negligent supervision. The kind of conduct alleged by Plaintiff is negligence on a scale that amounts to turning a blind eye to the student-on-student violence, which is almost equally ignored by the security guards hired to protect the students. In Count 3, Plaintiff S.V. alleges that school officials knew that she was attacked, that she was threatened, and that she feared for her safety. She further asserts that, in the face of this knowledge, these

---

[2] *See* Doc. 333 at 6-8 (Court's ruling that plaintiff who suffered sexual assault and resulting in injuries that were psychological in nature as a result of the assault sufficiently alleged claim under § 41-4-6.

individuals failed to take measures to address the situation and attempting to make sure such incidents did not occur again. The Court finds that Plaintiff S.V.'s negligence claim under Count 3 brought under the Tort Claims Act does survive a Rule 12(b)(6) analysis.

## CONCLUSION

In sum, I find and conclude that Defendants are entitled to **dismissal of Plaintiff S.V.'s substantive due process claim** brought in Count 7. This dismissal includes Plaintiff's requests for injunctive relief under Count 7, as well as for injunctive relief requested in the state constitutional claims in Count 5.

I also find and conclude that because Plaintiff has failed to allege an underlying constitutional claim, **her *Monell* claim in Count 12 must also be dismissed.**

Finally, I find and conclude that Plaintiff S.V.'s **negligence claim in Count 3 brought under the Tort Claims Act does survive a Rule 12(b)(6) analysis**, and therefore Defendants' motion is denied on this basis.

**THEREFORE,**

**IT IS ORDERED** that the School Defendants' Motion to Dismiss the Third Amended Complaint Filed by Plaintiff S.V. **(Doc. 247)** is hereby GRANTED IN PART and DENIED IN PART in that:

- Defendants' motion is hereby GRANTED on Plaintiff S.V.'s Fourteenth Amendment substantive due process claim in Count 7 which in turn results in the DISMISSAL of Plaintiff's claims for injunctive relief in Count 7 as well as for injunctive relief requested in the state constitutional claims in Count 5;

- Defendants' motion is hereby GRANTED with regard to Plaintiff S.V.'s municipal liability (*Monell)* claim in Count 12;

- Defendants' motion is hereby DENIED on Plaintiff S.V.'s negligence claim in Count 3 brought under the New Mexico Tort Claims Act.

_____
UNITED STATES DISTRICT JUDGE