IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Sandra Montoya, on Behalf of her Minor Child,
S.M., et al.,

    Plaintiffs,

v.                                                      No. CV 10-651 WPJ/LFG

Española Public School District Board of Education,
et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING SCHOOL DEFENDANTS' MOTION TO DISMISS PLAINTIFF S.M.G.'S CLAIMS IN THIRD AMENDED COMPLAINT REGARDING
PLAINTIFF'S FOURTEENTH AMENDMENT SUBSTASNTIVE DUE PROCESS CLAIM AND *MONELL* CLAIM, and FIRST AMENDMENT RETALIATION CLAIM**

THIS MATTER comes before the Court upon a Motion to Dismiss Third Amended Complaint filed by Plaintiff S.M.G., filed by Defendants Española Public School District Board of Education, Dorothy Sanchez, Devanna Ortega, Lewis Johnson, and Dennis Gallegos ("School Defendants" or "Defendants"), **(Doc. 246)**. Having reviewed the parties' briefs and applicable law, the Court grants Defendants' motion in that the following claims asserted by Plaintiff S.M.G. shall be dismissed: (1) Fourteenth Amendment substantive due process claim in Count 7 (including claims for injunctive relief); (2) violation of state constitutional claims in Count 5; (3) First Amendment retaliation claims in Count 11; and (4) *Monell* claim in Count 12.

## BACKGROUND

Plaintiffs are students who were enrolled at either Española Valley High School or Carlos Vigil Middle School in north-central New Mexico. The Third Amended Complaint (Doc. 196), brought by the students' parents, seeks class certification pursuant to Fed. R. Civ. P. 23(b)(2),

and alleges negligence, third-party beneficiary claims of breach of contract and breach of implied contract, and violations of various rights under the New Mexico and United States Constitutions. Plaintiffs allege that the school administration is apathetic about school safety, and that Defendants have created a dangerous environment for students, and have taken little or no action to prevent attacks on students by other students.

Plaintiff S.M.G. alleges claims of §1983 Fourteenth Amendment substantive due process in Count 7 against the Española Public School District Board of Education ("Board of Education") and the School Defendants;[1] a municipal liability claim against the Board of Education in Count 12; claims for equitable relief against the Board of Education under the New Mexico State Constitution in Count 5; First Amendment Retaliation claims in Count 11; and a negligence claim against the School Board in Count 3 brought under the New Mexico Tort Claim Act, NMSA 1978 §§ 41-4-1, et seq.

A.  Facts Relevant to Plaintiff S.M.G., Third Amended Complaint ("TAC") at §§ 184-272

The Court has twice before set out the facts relevant to Plaintiff S.M.G.: in findings related to Plaintiff's claims asserted against Janette Archuleta, the Española School Superintendent and against Defendant Danny Pacheco, a police officer who was contacted by Plaintiff's mother, Ms. Elizabeth McCall-Guinn, after one of the assaults. *See* Doc. 335 at 5-6 & Doc. 337 at 2-3. At the time relevant to this lawsuit and to the School Defendants, S.M.G. was a thirteen year-old male student attending Carlos Vigil Middle School. The essence of S.M.G.'s allegations is that he is continuously bullied, assaulted, and battered by other students at Carlos Vigil Middle School as a result of School Defendants' deliberate indifference to his physical safety and well-being. Other students have assaulted, battered, and/or seriously bullied

---

[1] The Third Amended Complaint (Doc. 196) includes a chart (Ex. 1) which represents an accurate representation of each Plaintiff's claims asserted against each Defendant in this case.

S.M.G. on at least twelve different occasions that are documented in the Complaint, including as examples: student repeatedly punched S.M.G. in the face and head in a classroom with the teacher absent, no substitute teacher, and no adult supervision (¶¶ 194-95); a student grabbed, shoved, and then attempted to throw S.M.G. over a ramp railing outside the school gym (¶ 218); a student grabbed S.M.G. by the neck and choked him (¶ 219); a student kneed S.M.G. in his testicles (¶ 220). Additionally, "S.M.G. frequently does not report the extent of the abuse he suffers at school because he is afraid of retaliation." Doc. 196, at ¶ 268.

B.   Legal Standard

Defendants raise the defense of qualified immunity. Qualified immunity shields government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Once a defendant pleads qualified immunity, the burden shifts to the plaintiff to show both that the defendant's alleged conduct violated the law and that that law was clearly established when the alleged violation occurred. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). A right is clearly established "if [t]he contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* The challenged action need not have been previously declared unlawful, but its unlawfulness must be evident in light of existing law. *Beedle vs. Wilson*, 422 F.3d 1059 (10th Cir. 2005). This is generally accomplished when there is controlling authority on point or when the clearly established weight of authority from other courts supports plaintiff's interpretation of the law. *Id.*

The Court applies the same standard in evaluating the merits of a motion to dismiss in qualified immunity cases as to dismissal motions generally: a complaint must contain sufficient

factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court must accept as true all well pleaded facts, as distinguished from conclusory allegations, and those facts must be viewed in the light most favorable to the non-moving party. *Shero v. City of Grove, Okl.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Twombly*, 550 U.S. 544). The complaint must plead sufficient facts, taken as true, to provide plausible grounds that discovery will reveal evidence to support the plaintiff's allegations. *Id.*

Plaintiff requests that the Court deny the motion to dismiss, and in the alternative, convert the motion into a summary judgment motion and allow Plaintiff an opportunity to conduct limited discovery pursuant to Fed.R.Civ.P. 56(d). The alternative requested by Plaintiff is denied. The Court has already found Plaintiff's Rule 56(d) affidavit to be deficient. *See* Docs. 326 & 328. In addition, the Court finds there is no need to convert this motion into a summary judgment motion, thereby rendering Plaintiff's alternative request moot.

## DISCUSSION

Defendants seek dismissal of Plaintiff's Fourteenth Amendment substantive due process claim in Count 7; the First Amendment Retaliation claim in Count 11, the *Monell* claim in Count 12.[2] Defendants filed a separate motion regarding the state constitution claims in Count 5 (Doc. 249), on which the Court has already ruled. In that Memorandum Opinion and Order, the Court ruled that the state constitutional claims for all Plaintiffs would be dismissed where the federal constitutional claims were dismissed. Doc. 334 at 7 (finding that Plaintiffs failed to show that the state constitutional claims in Count 5 afford greater protection than what is provided in the federal constitutional claims). Therefore, Plaintiff's claims of violations of the New Mexico state constitution will be dismissed on the dismissal of Plaintiff's federal claim.

---

[2] *See Monell v. Dept of Soc. Servs. of City of N. Y.*, 436 U. S. at 694 (1978).

In Count 3, Plaintiff alleges a negligence claim brought pursuant to the New Mexico Tort Claims Act against the Board of Education, which is not addressed by Defendants, and thus will not be considered by the Court.

## I. Fourteenth Amendment Substantive Due Process Claim

In Count 7 of the TAC, Plaintiff S.M.G. alleges a § 1983 substantive due process claim, based on a danger creation theory. Doc. 282 at 10. The Court has set forth the law on this claim sufficiently in other Memorandum Opinions and Orders. *See, e.g.,* Docs. 333 at 9-12; 335 at 8-9; 339 at 10-15; and 340 at 5-8, 341 at 6-7. In addition, the Court has already addressed S.M.G.'s substantive due process claim asserted against Defendant Janette Archuleta (Doc. 335) and Defendant Pacheco (Doc. 337). The Court dismissed Plaintiff's substantive due process claims against both these Defendants.

The Tenth Circuit has held that a school's alleged failure to take action designed to ensure the student's safety "in the face of known dangers" does not create a basis for liability under the danger creation theory. *Graham v. Independent School Dist. No. I-89*, 22 F.3d 991 (10th Cir. 1994). Even the foreseeability of harm cannot create an affirmative duty to protect without the existence of a custodial relationship, or without an affirmative act on the part of the school officials which puts the student in danger. *Id*. at 994; *see also Gray v. University of Colorado Hosp. Authority*, 672 F.3d 909, 916 (10th Cir. 2012). Thus, in order to sufficiently allege that Defendants violated his substantive due process rights, Plaintiff S.M.G. must allege facts consistent with affirmative conduct taken by Defendants that put him in danger.

The Court dismissed S.M.SG.'s substantive due process claims against Defendant Janette Archuleta and Defendant Pacheco because Plaintiff failed to allege facts consistent with affirmative conduct that put Plaintiffs in danger. The TAC does not allege such facts.

Plaintiff's claim against the School Defendants fares no better. The Court again uses as an example for comparison, *Armijo by and Through Chavez v. Wagon Mound Public Schools* (*"Wagon Mound"*). In *Wagon Mound,* the school officials took several affirmative actions which led to the very unfortunate situation where the student committed suicide: school officials (1) suspended the student/plaintiff from school, which caused him to become distraught and to threaten violence; (2) drove the suicidal student to his home; and (3) left him alone with access to firearms. *See* 159 F.3d 1253, 1261 (10th Cir. 1998).

Plaintiff S.M.G. asserts no facts which plausibly can be viewed as affirmative conduct on the part of the School Defendants. The conduct of Defendants here, as asserted by S.M.G., is similar to the conduct of Defendant Janette Archuleta (*see* Doc. 335 at 9-10): unresponsive to the concerns of Plaintiff's mother, and taking inadequate measures to discipline the attackers. For example, S.M.G. alleges that Defendant Gallegos suspended the boys responsible for attacking S.M.G. for one day, and only after Plaintiff's mother insisted that the boys be held accountable for instigating the attack. TAC, § 202. Plaintiff also asserts a lack of communication among the School Defendants concerning the attacks. Middle School Principal Lewis Johnson knew nothing about the repeated attacks against S.M.G., despite Ms. McCall-Guin's visits to school officials about the matter. TAC, ¶ 246. At one point, Defendant Lewis brought S.M.G. into his office and asked Plaintiff what he wanted him to do. S.M.G. told Defendant Lewis, "Nothing. I just want him [one of the attackers] to leave me alone and I don't want it to get worse." TAC, ¶ 248. Defendant Lewis then advised Plaintiff's mother, Ms. McCall-Guinn, that he could not impose any discipline on the student attacker because S.M.G. did not want any discipline imposed. TAC, ¶ 249. In addition, the facts alleged in Count 7 are pled in the aggregate with regard to other Plaintiffs and other Defendants. Plaintiff S.M.G. claims that, in failing to

respond to parental complaints, some combination of "Defendants School Board and Administrators" "actively resisted attempts by parents and students who seek to file complaints" and "refused to adequately discipline offending security guards who are demonstrably unable to work with children in a safe and effective manner." TAC, ¶ 363. This is conduct which constitutes *inaction*, or a *failure* to adequately respond or address S.M.G.'s situation or the concerns of Plaintiff's mother, rather than affirmative conduct which forms the basis of a substantive due process claim under a danger creation theory.

Accordingly, the School Defendants are entitled to dismissal of Plaintiff S.M.G.'s Fourteenth Amendment substantive due process claim in Count 7. This dismissal includes Plaintiff's requests for injunctive relief under Count 7, as well as for injunctive relief requested in the state constitutional claims in Count 5.

## II.   First Amendment Retaliation Claim

Plaintiff S.M.G.'s First Amendment retaliation claims are set forth in Doc. 196, ¶¶ 402-09. Defendants seek dismissal of this claim because S.M.G. fails to allege that he was engaged in constitutionally protected activity, and also fails to sufficiently allege a retaliatory act.

Generally speaking, government action "which chills constitutionally protected speech or expression contravenes the First Amendment." *Wolford v. Lasater*, 78 F.3d 484, 488 (10th Cir. 1996). The pertinent legal standard for a First Amendment claim in a non-employment context is set out as follows in *Worrell v. Henry*, 219 F.3d 1197 (10th Cir. 2000), cert. denied, 533 U.S. 916 (2001), showing that (1) plaintiff was engaged in constitutionally protected activity; (2) defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected

conduct.  *Worrell*, 219 at 1212.

The Court makes no findings as to whether Plaintiff engaged in protected speech, because Plaintiff fails to allege any retaliatory conduct by the School Defendants.  Plaintiff S.M.G. asserts that he did not report the extent of the abuse because "he is afraid of retaliation."  TAC, ¶ 268.  This does not sufficiently allege an "adverse action" by the Defendants.   Also, as Defendants note, S.M.G. does not plead that he suffered retaliation from any of the School Defendants, but rather from other students.  *See ¶* 224 (student J.A. approached S.M.G. in the hallway "and told him that he was going to kick his ass because he reported the bullying to school officials").   Allegations of threats of retaliation by other students do not constitute "retaliation" by the School Defendants.

"Any form of official retaliation for exercising one's freedom of speech, including prosecution, threatened prosecution, bad faith investigation, and legal harassment, constitutes an infringement of that freedom."  *Smith v. Plati*, 258 F.3d 1167, 1176 (10th Cir. 2001).   In the response brief, Plaintiff ventures to argue that certain conduct is "retaliation" taken by the School Defendants:  Defendant Gallegos told Ms. McCall-Guinn that he would "deal with it as soon as I can" (TAC, ¶ 223); S.M.G. was told by a school employee (not a School Defendant) to "go home with his mom" after Ms. McCall-Guinn asked why it was her son's responsibility to avoid his attackers (TAC, ¶223).   While Plaintiff may choose to characterize these events as retaliatory, the Court disagrees.  They are not "adverse actions" simply because Plaintiff found them to be unpleasant.   The TAC alleges that the School Defendants were not addressing the concerns of either S.M.G. or his mother, or taking action to curb the repeated harassment by other students.  This conduct describes someone who is not doing their job or taking action where action needs to be taken, rather than a form of official retaliation under the relevant legal standard.

Therefore, the Court finds that Plaintiff does not assert a plausible First Amendment claim under the *Iqbal-Twombly* standard, and Defendants are entitled to dismissal of this claim.

### III.     *Monell*  Claim

In Count 12, Plaintiff S.M.G. asserts a *Monell* claim based on violations of his Fourteenth Amendment claim.   It is well-established that a municipality may be held liable under 42 U.S.C. § 1983 only for its own unconstitutional or illegal policies and not for the tortious acts of its employees.  *Monell v. Dept of Soc. Servs. of City of N. Y.*, 436 U. S. at 694 (1978); *Barney v. Pulsipher*, 143 F. 3d 1299, 1307 (10th Cir. 1998).  Plaintiff has failed to sufficiently allege a constitutional claim against the Defendants, and therefore cannot allege a *Monell* claim based on that claim.

Further, Plaintiff does not allege any claims against any other state actor which essentially precludes Plaintiff from asserting any further *Monell* claims in this case.   Because Plaintiff has failed to allege an underlying constitutional claim, his *Monell* claim must also be dismissed.  *Butler v. City of Prairie Village*, 172 F.3d 736, 747 (10th Cir.1999) (municipal liability may not be imposed on an entity defendant where individual defendants are found to have committed no constitutional violation); *DeAnzona v. City and County of Denver*, 222 F.3d 1229, 1236 (10th Cir. 2000) (to establish a *Monell* claim, plaintiff must show an underlying constitutional violation).

### CONCLUSION

In sum, the Court finds and concludes that Defendants are entitled to dismissal of Plaintiff S.M.G.'s substantive due process claim brought in Count 7.  This dismissal includes Plaintiff's requests for injunctive relief under Count 7, as well as for injunctive relief requested in the state constitutional claims in Count 5.

The Court also finds and concludes that Plaintiff does not assert a plausible First Amendment claim under the *Iqbal-Twombly* standard, and that Defendants are entitled to dismissal of Count 11 as well.

Finally, the Court finds and concludes that because Plaintiff has failed to allege an underlying constitutional claim, his *Monell* claim in Count 12 must also be dismissed.

**THEREFORE,**

**IT IS ORDERED** that the School Defendants' Motion to Dismiss Third Amended Complaint filed by Plaintiff S.M.G. **(Doc. 246)** is hereby GRANTED for reasons described in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE