IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Sandra Montoya, on Behalf of her Minor Child,
S.M., et al.,

    Plaintiffs,

v.                                                                              No. CV 10-651 WPJ/LFG

Española Public School District Board of Education,
et al.,

    Defendants.

## ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION PURSUANT TO 28 U.S.C. § 1367
## and
## ADDRESSING REMAINING MATTERS PRIOR TO DISMISSAL OF CASE

THIS MATTER comes before the Court sua sponte. Plaintiffs are students who were enrolled at either Española Valley High School or Carlos Vigil Middle School in north-central New Mexico. The Third Amended Complaint (Doc. 196), brought by the students' parents, seeks class certification pursuant to Fed. R. Civ. P. 23(b)(2), and alleges negligence, third-party beneficiary claims of breach of contract and breach of implied contract, and violations of various rights under the New Mexico and United States Constitutions. Plaintiffs allege that the school administration is apathetic about school safety, and that Defendants have created a dangerous environment for students, and have taken little or no action to prevent attacks on students by other students. Plaintiffs' allegations are disturbing and if true, point to serious problems with the Española public schools. However, Plaintiffs' remedy lies not with claims under federal law, but rather with claims under state law.

I.    **Exercise of Supplemental Jurisdiction Declined**

The Court has addressed numerous motions to dismiss in this case filed by various Defendants. By virtue of the Court's rulings in those motions, all of Plaintiffs' federal claims have been dismissed with prejudice.[1] Most of the Plaintiffs have also asserted negligence claims against certain Defendants, under both common law and the New Mexico Tort Claims Act. Pursuant to 28 U.S.C. § 1367, the Court hereby declines to exercise supplemental jurisdiction over the remaining state law claims in this lawsuit. *See Smith v. City of Enid ex rel. Enid City Comm'n,* 149 F.3d 1151, 1156 (10th Cir.1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims) (citing 28 U.S.C. §1367(c)(3)). In making this determination, the Court notes that a resolution of some of these negligence claims will depend on issues of state law that are not clear, or are complex. For example, for some of the Plaintiffs, there is a question of whether the alleged injuries and physical manifestations of psychological injuries come within the "bodily injury" requirement in §41-4-6 of the New Mexico Tort Claims Act. *See, e.g.,* Docs. 333, 341 & 343. Thus, the Court's decision comes within all three bases to decline supplemental jurisdiction, under 28 U.S.C. §1367(c) (1), (2) and (3). The Court also notes that the provision allows a tolling of any applicable statute of limitations for claims that are dismissed. *See* 28 U.S.C. §1367(d).

II.   **Motion for Class Certification**

Plaintiffs have filed a Motion to Certify Class (Doc. 221). With the dismissal of Plaintiffs' federal claims, there is no need for the Court to rule on this motion and, accordingly, it is DENIED as MOOT.

---

[1] *See* Docs. 123, 124, 265, 268, 269, 324, 325, 330, 332, 333, 334, 335, 337, 338, 339, 340, 341, 342 & 343.

**III.    Requests for Injunctive Relief**

In ruling on Plaintiffs' requests for injunctive relief in Count 7, based on alleged violations of Fourteenth Amendment substantive due process, the Court noted that the dismissal of the substantive due process claim for failure to state a claim under Fed.R.Civ. P. 12(b)(6) also required the dismissal of Plaintiffs' requests for injunctive relief for Count 7.  Where the Court has overlooked specifically stating such in any of the Memorandum Opinion and Orders, the Court hereby finds that all of Plaintiffs' requests for injunctive relief under Count 7 of the Third Amended Complaint are dismissed, based on the dismissal with prejudice of the federal claims.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE